AARON J. MOSS (SBN 190625)
AMoss@ggfirm.com
JOSHUA M. GELLER (SBN 295412)
JGeller@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone: 310-553-3610
Facsimile: 310-553-0687

Attorneys for Defendant Riot Games, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARC WOLSTENHOLME,

Plaintiff,

v.

RIOT GAMES, INC.,

Defendant.

Case No. 2:25-cv-00053-FMO-BFM

*Hon. Fernando M. Olguin*

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(B)(6) OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT PURSUANT TO FRCP 12(E); MEMORANDUM OF POINTS AND AUTHORITIES**

Date: February 13, 2025
Time: 10:00 a.m.
Crtrm: 6D

[Declaration of Joshua Geller and [Proposed] Order filed concurrently herewith]

Complaint filed: October 31, 2024

Notice of Removal filed: January 3, 2025

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on February 13, 2025 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 6D of the above-entitled Court, located at 350 W. 1st Street, 6th Floor, Los Angeles, CA 90012, Defendant Riot Games, Inc. ("Riot") will, and hereby does, move to dismiss the Complaint filed by Plaintiff Marc Wolstenholme ("Wolstenholme") for failure to state a claim pursuant to Fed. R. Civ. Pro. 12(b)(6) or, in the alternative, for a more definite statement pursuant to Fed. R. Civ. Pro. 12(e). The Complaint filed by Plaintiff Marc Wolstenholme does not contain any allegations of fact regarding the claims being asserted or any narrative statement at all and so fails to meet the pleading standards of Fed. R. Civ. Pro 8. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Joshua Geller, any reply papers that may be filed, and on such further oral or documentary evidence as may be presented at or before the hearing on this matter.

The motion is made following a conference between counsel and Wolstenholme, who is representing himself pro se, pursuant to Local Rule 7-3, which took place on December 31, 2024, and through further correspondence and a telephonic conference on January 9, 2025.

DATED: January 10, 2025

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: */s/ Joshua M. Geller*
AARON J. MOSS (SBN 190625)
JOSHUA M. GELLER (SBN 295412)
Attorneys for Defendant
Riot Games, Inc.

## TABLE OF CONTENTS


| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | LEGAL STANDARD | 2 |
| III. | THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM. | 3 |
| IV. | IN THE ALTERNATIVE, WOLSTENHOLME SHOULD FILE A MORE DEFINITE STATEMENT OF HIS CLAIMS. | 5 |


GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104 (9th Cir. 2000) .......... 2, 5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......... 2, 1, 2

*Aviles v. City of Long Beach*, No. 22109684MEMFADS, 2022 WL 2965396 (C.D. Cal. Mar. 9, 2022) .......... 6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .......... 2, 1, 2

*Conta v. City of Huntington Beach*, No. 821CV01897JLSKES, 2022 WL 3574439 (C.D. Cal. June 22, 2022) .......... 2, 5

*Kaotica IP Corp v. Iconic Mars Corp.*, No. 21-CV-433-CAB-DEB, 2021 WL 3726006 (S.D. Cal. Aug. 23, 2021) .......... 3

*Khan v. Google, LLC, et al.*, No. 2:22-CV-02333-MEMF-AS, 2024 WL 5220884 (C.D. Cal. Dec. 24, 2024) .......... 6

*KhazaI v. Grover*, No. 222CV00100HDVKSX, 2023 WL 8244330 (C.D. Cal. Nov. 15, 2023) .......... 6

*Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001) .......... 2

*Phillips v. Cnty. of Riverside*, No. 519CV01518VAPMAA, 2019 WL 7940686 (C.D. Cal. Aug. 20, 2019) .......... 3

*Robinson v. Sharrieff*, No. 2:22CV00806 CAS, 2024 WL 3742705 (C.D. Cal. Aug. 9, 2024) .......... 3

*Somers v. Apple, Inc.*, 729 F.3d 953 (9th Cir. 2013) .......... 2

**STATUTES**

17 U.S.C. § 501 .......... 1, 3

**OTHER AUTHORITIES**

Fed. R. Civ. Pro 8 .......... 2, 1, 3, 5

Fed. R. Civ. Pro. 12(b)(6) .......... 2, 2

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

## TABLE OF AUTHORITIES
(continued)

**Page**

Fed. R. Civ. Pro. 12(e) .......... 2, 2, 5

Local Rule 7-3 .......... 2

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff Marc Wolstenholme ("Wolstenholme"), who is representing himself *pro se*, has not filed any statement of the nature of his claims. Instead, he initiated this action in the Superior Court for the County of Los Angeles (the "Superior Court") by filing a judicial council form typically used for initiating contract disputes. On that form, he stated that his principal cause of action was for: "Copyright Infringement (17 U.S.C. § 501)," and that he is also bringing claims for vicarious copyright infringement, unfair competition, and intentional infliction of emotional distress. But he has not filed any pleadings with the Superior Court, or with this Court after removal, identifying any facts that form the basis for those claims.

This is not simply a case in which a plaintiff has filed an insufficiently detailed complaint. Instead, Wolstenholme has failed to file *any* narrative statement of his claims. He has filed only a state court form akin to a civil cover sheet, but nothing else. When counsel for Defendant Riot Games, Inc. ("Riot") pointed out this defect, Wolstenholme acknowledged that he had not filed what he calls his "long complaint" and would "check in with the court . . . to ask them if they need the long complaint right away." Declaration of Joshua Geller ("Geller Decl."), ¶ 5, Exh. B. Wolstenholme has still not filed any other complaint, although he has communicated his intention to "update it further" and "snowball my complaints" with additional allegations. *Id.* ¶¶ 5–6, Exh. B. Riot cannot reasonably prepare a response to this action until Wolstenholme complies with the obligations of Federal Rule of Civil Procedure 8 and files the required "a short and plain statement" of his claims consistent with the applicable pleading standards under *Twombly* and *Iqbal*. Accordingly, this Court should dismiss this action for failure to state a claim or, in the alternative, order a more definite statement.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 8 requires a plaintiff to provide "fair notice of what the claim is and the grounds on which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quotation and alteration omitted). Although a plaintiff need not provide "detailed factual allegations," he must provide "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

A motion to dismiss under FRCP 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under FRCP 12(b)(6) "is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678.

When a complaint is "so vague or ambiguous that the party cannot reasonably prepare a response," a defendant may move for a more definite statement. FRCP 12(e). "An order granting the motion is appropriate when the responding party cannot ascertain the substance of the asserted claim." *Conta v. City of Huntington Beach*, No. 821CV01897JLSKES, 2022 WL 3574439, at *2 (C.D. Cal. June 22, 2022).

While pleadings filed by *pro se* litigants are often interpreted liberally, "a *pro se* litigant is not excused from knowing the most basic pleading requirements." *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107–08 (9th Cir. 2000), *as amended on denial of reh'g* (Nov. 1, 2000).

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

## III. THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.

Wolstenholme has not complied with the most basic requirement of FRCP 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2). Instead, he has simply filed a form document identifying several causes of action that he intends to bring, but without any narrative statement whatsoever. Threadbare complaints that do not specify the factual basis for the stated claims are routinely dismissed for failure to state a claim. *E.g.*, *Robinson v. Sharrieff*, No. 2:22CV00806 CAS (ADSX), 2024 WL 3742705, at *2 (C.D. Cal. Aug. 9, 2024) (dismissing complaint for failure to meet FRCP 8 requirement because it merely listed the claims but did "not specify the nature" of the claims); *Phillips v. Cnty. of Riverside*, No. 519CV01518VAPMAA, 2019 WL 7940686, at *1 (C.D. Cal. Aug. 20, 2019) (dismissing unintelligible complaint that consisted of "'naked assertion[s]' devoid of 'further factual enhancement'"); *Kaotica IP Corp v. Iconic Mars Corp.*, No. 21-CV-433-CAB-DEB, 2021 WL 3726006, at *2 (S.D. Cal. Aug. 23, 2021) (dismissing claim that contained "no factual allegations whatsoever").

Here, the only Complaint that Wolstenholme filed is contained on a Superior Court Judicial Counsel Form PLD-C-001 (the "Form Complaint"). *See* Dkt. No. 1, Exh. A (copy of Complaint submitted with Notice of Removal). The form states that it is for a "contract" action, but in Section 8 of the form, Wolstenholme identified his causes of action as: "Copyright Infringement: Specify as 'Copyright Infringement (17 U.S.C. § 501).'" The form also states as "other allegations" "Vicarious Copyright Infringement, Unfair Competition, and Intentional Infliction of Emotional Distress." The Form Complaint does not include *any* other description of the nature of his claims.

Because it does not contain any factual narrative at all, it fails to state any of the purported claims. As to the two copyright infringement claims (direct and

vicarious), Wolstenholme does not identify a specific work, allege that he owns the copyright in that work, identify any infringing act by Riot, or state what relief is sought. As to the unfair competition claim, he does not allege what the wrongful conduct was nor how it damaged Wolstenholme. And the intentional infliction of emotional distress claim does not identify what conduct is being complained of. There is no statement of the claims at all.

Based on email correspondence and a telephonic conference between Riot's counsel and Wolstenholme, Riot understands that Wolstenholme *intends* to file a narrative complaint. Wolstenholme has emailed to Riot's counsel several versions of a lengthier document that he denominated "Complaints" for copyright infringement, vicarious copyright infringement, unfair competition claims, and intentional infliction of emotional distress. Geller Decl., ¶ 2. However, upon checking the Superior Court docket, Riot's counsel confirmed that none of these narrative document had been filed, and only the Form Complaint had been filed. *Id.* ¶¶ 2–3, 6.

On December 17, 2024, Riot's counsel emailed Wolstenholme informing him that the narrative complaint he had previously emailed had "not yet been filed with the [Superior] Court," and noting that the only document filed was the Form Complaint. Geller Decl., ¶ 4, Exh. A.

Wolstenholme responded by email confirming that only the Form Complaint had been filed. He further stated that a version of the complaint he had emailed on December 5 was "an update of the long complaint" and that he would "be wanting to update it further . . . and convert[] the complaints, motions, answers, declarations, briefs and evidence to plead paper." Geller Decl., ¶ 5, Exh. B. Wolstenholme then stated: "I plan to snowball my complaints for many reasons, one being because of the wider damage and implications of these complaints and because of the vulnerabilities of myself and of others used by Riot to hide IP theft,

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

mainly children."[1] *Id.* Wolstenholme has subsequently continued to email other documents to Riot's counsel that he titles "complaints," which all differ from one another. Geller Decl., ¶ 6. None of these have been filed. *Id.*

After further email correspondence with Wolstenholme, Riot's counsel spoke to him telephonically on January 9, 2025. Geller Decl., ¶ 9. Wolstenholme stated that at least one attempted filing had been rejected by the Los Angeles Superior Court Clerk, and that he intended to file a further complaint. *Id.*

It appears from these communications that Wolstenholme intends to file further documents alleging claims against Riot. But he has not done so. Pleading requirements are not a mere formality—the pleadings set out what is at issue in the case, and what the permissible scope of discovery will be. Wolstenholme must set out his claims in a single articulable, readily identifiable pleading. Riot cannot be expected to defend itself against a moving target of scattershot allegations emailed haphazardly to it. The Federal Rules dictate that a plaintiff must file a short and plain statement of the claim, and Wolstenholme's *pro se* status does not excuse him from that obligation. *Am. Ass'n of Naturopathic Physicians*, 227 F.3d at 1107–08.

## IV. IN THE ALTERNATIVE, WOLSTENHOLME SHOULD FILE A MORE DEFINITE STATEMENT OF HIS CLAIMS.

While dismissal is the appropriate remedy for a complaint that fails to comply with the basic requirements of FRCP 8(a), the Court may alternatively order Wolstenholme to provide a more definite statement of his claims under FRCP 12(e). Wolstenholme's Form Complaint is "so vague and ambiguous" that Riot cannot reasonably prepare a response. *See, e.g.*, *Conta v. City of Huntington Beach*, No. 821CV01897JLSKES, 2022 WL 3574439, at *2 (C.D. Cal. June 22, 2022) ("An order granting the motion is appropriate when the responding party cannot ascertain the substance of the asserted claim.").

[1] Wolstenholme has sent numerous emails to Riot and its counsel concerning various perceived conspiracies. Whatever it is Wolstenholme claims, Riot denies.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

For the same reasons that Wolstenholme's Form Complaint fails to allege sufficient facts to state a claim, so too does it "fail[] to specify the allegations in a manner that provides sufficient notice" of the nature of the claims. *KhazaI v. Grover*, No. 222CV00100HDVKSX, 2023 WL 8244330, at *3 (C.D. Cal. Nov. 15, 2023) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002)).

*Every* factual detail is absent from Wolstenholme's Complaint. This includes, as to his copyright claims, absolutely required allegations like ownership of a valid copyright or what conduct by Riot he believes infringes his rights. *See, e.g.*, *Khan v. Google, LLC, et al.*, No. 2:22-CV-02333-MEMF-AS, 2024 WL 5220884, at *6 (C.D. Cal. Dec. 24, 2024) (granting motion for more definite statement where plaintiff "has not established ownership of a valid copyright" and "the pleadings as to the copyright material are too vague for the Court to determine what (if anything) was stolen, and by whom"); *see also Aviles v. City of Long Beach*, No. 22109684MEMFADS, 2022 WL 2965396, at *5 (C.D. Cal. Mar. 9, 2022) (granting motion for more definite statement where the "legal theory underlying [the claim] is indiscernible from either the title of the claim or from the supporting allegations"). Accordingly, if the Court declines to dismiss Wolstenholme's complaint for failure to state a claim, Riot respectfully requests that Wolstenholme be ordered to provide a more definite statement of his claims.

DATED: January 10, 2025

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: */s/ Joshua M. Geller*
AARON J. MOSS (SBN 190625)
JOSHUA M. GELLER (SBN 295412)
Attorneys for Defendant
Riot Games, Inc.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Riot Games, Inc., certifies that this Memorandum of Points and Authorities contains 1,860 words in compliance with the word limit of Local Rule 11-6.1.

DATED: January 10, 2025

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: *<u>/s/ Joshua M. Geller</u>*
AARON J. MOSS (SBN 190625)
JOSHUA M. GELLER (SBN 295412)
Attorneys for Defendant
Riot Games, Inc.