AARON J. MOSS (SBN 190625)
AMoss@ggfirm.com
JOSHUA M. GELLER (SBN 295412)
JGeller@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone: 310-553-3610
Facsimile: 310-553-0687

Attorneys for Defendant Riot Games, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MARC WOLSTENHOLME, | Case No. 2:25-cv-00053-FMO-BFM |
|---|---|
| Plaintiff, | *Hon. Fernando M. Olguin* |
| v. | **DECLARATION OF JOSHUA M. GELLER IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(B)(6) OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT PURSUANT TO FRCP 12(E)** |
| RIOT GAMES, INC., | |
| Defendant. | Date: February 13, 2025<br>Time: 10:00 a.m.<br>Crtrm: 6D |
| | [Notice of Motion and Motion to Dismiss and [Proposed] Order filed concurrently herewith] |

# DECLARATION OF JOSHUA M. GELLER

I, Joshua M. Geller, declare:

1. I am an attorney duly licensed to practice in all the courts of the State of California and I am counsel of Greenberg Glusker Fields Claman & Machtinger LLP, attorneys of record for Defendant Riot Games, Inc. ("Riot"). The facts set forth herein are of my own personal knowledge and if sworn I could and would testify competently thereto under oath. I submit this declaration in support of Riot's Motion to Dismiss the Complaint filed by Plaintiff Marc Wolstenholme ("Wolstenholme") for failure to state a claim pursuant to Fed. R. Civ. Pro. 12(b)(6) or, in the alternative, for a more definite statement pursuant to Fed. R. Civ. Pro. 12(e).

2. Over the past several weeks, Wolstenholme has emailed me various correspondence that he titles "Complaints" for copyright infringement, vicarious copyright infringement, unfair competition claims, and intentional infliction of emotional distress. Some of these are included in the body of his emails, and some are included in attachments. Each version sent has differed from each other.

3. On December 5, 2024, Wolstenholme effectuated service of a Summons and Complaint on Riot. After service, I checked the docket for the Los Angeles Superior Court action, Case No. 24-STCV-28643 (the "Superior Court Action") and confirmed that the only version of the Complaint on file is the document that was included with Riot's Notice of Removal, Exhibit A. Since that time, I have repeatedly checked the Superior Court docket to confirm whether any other version of the Complaint had been filed, and none have as of today.

4. On December 17, 2024, I emailed Wolstenholme and stated: "I wanted to let you know that it appears the full Complaint you served on us has not yet been filed with the Court. Based on the docket, the only document on file is the attached short-form Complaint—not the longer, narrative version you emailed to us." I included a screenshot of the Superior Court docket and encouraged Wolstenholme

to "check with the Court clerk to ensure everything is in order and that your full Complaint is on file in the Court's records." A true and correct copy of that email is attached as **Exhibit A**.

5. On December 17, 2024, Wolstenholme responded to my email. He stated: "You're right, I did file an earlier version of the long form in October 2024 but then had to convert it to the proper short forms to have the cases approved and sealed. I needed the cases filed within three years for the statute of limitations. . . . I plan to snowball my complaints for many reasons, one being because of the wider damage and implications of these complaints and because of the vulnerabilities of myself and of others used by Riot to hide IP theft, mainly children." Wolstenholme continued by stating: "The complaint I served on you dated 04/12/2024 is an update of the long complaint. I'll be wanting to update it further and I'll present evidence with it. I'll be converting the complaints, motions, answers, declarations, briefs and evidence to plead paper, as that's how you do things in America." A true and correct copy of that email response is attached as **Exhibit B**.

6. Since December 17, Wolstenholme has continued to send emails to me that he identifies as "Complaints," but these do not appear on any Court docket and do not appear to have been filed.

7. On December 31, 2024, I emailed Wolstenholme and informed him that Riot planned to remove his case from Los Angeles Superior Court to this Court because he had alleged claims for copyright infringement, which are subject to this Court's exclusive jurisdiction. I also informed him that Riot intended to file the instant motion to dismiss or for more definite statement. I stated: "As you know, the complaint you filed in Los Angeles Superior Court is only a 'short form' complaint which does not contain any details about your allegations. The various longer versions of your complaint that you have emailed us have not been officially filed with the Court, and therefore they are not pleadings in the case that may be relied upon. Accordingly, you have not complied with the pleading standard of

Federal Rule of Civil Procedure 8(a), which requires, among other things, a legally sufficient statement of your claims." I stated that my email was intended to be a meet and confer pursuant to Local Rules 7-3. A true and correct copy of that correspondence is attached as **Exhibit C**.

8. On January 1, 2025, Wolstenholme responded to me and stated, among other things: "As I understand it, the long form didn't need to be filed in the final form till after the litigation discovery plan? I can file the long form . . . ." A true and correct copy of that response is attached as **Exhibit D**.

9. Wolstenholme has still not filed any longer, narrative version of his Complaint. After more correspondence, I met and conferred telephonically with Wolstenholme on January 9, 2025. I reiterated the basis for the instant motion. Wolstenholme informed me, among other things, that a filing he submitted to the Superior Court had been rejected, and that he intended to file a further complaint. However, as of today, he has not done so.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 10th day of January, 2025 at Los Angeles, California.

                                                      */s/ Joshua M. Geller*
                                                        Joshua M. Geller