1  AARON J. MOSS (SBN 190625)
   AMoss@ggfirm.com
2  JOSHUA M. GELLER (SBN 295412)
   JGeller@ggfirm.com
3  GREENBERG GLUSKER FIELDS CLAMAN &
   MACHTINGER LLP
4  2049 Century Park East, Suite 2600
   Los Angeles, California  90067
5  Telephone:  310-553-3610
   Facsimile:  310-553-0687
6
7  Attorneys for Defendant Riot Games, Inc.

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  MARC WOLSTENHOLME,                    Case No. 2:25-cv-00053-FMO-BFM

12              Plaintiff,                *Hon. Fernando M. Olguin*

13        v.                             **NOTICE OF MOTION AND
                                         MOTION TO DISMISS FIRST
14  RIOT GAMES, INC.,                    AMENDED COMPLAINT
                                         PURSUANT TO FRCP 12(B)(6);
15              Defendant.               MEMORANDUM OF POINTS AND
                                         AUTHORITIES**

16
                                         Date:     February 27, 2025
17                                       Time:     10:00 a.m.
                                         Crtrm:    6D
18

19                                       [Declaration of Joshua Geller and
                                         [Proposed] Order filed concurrently
20                                       herewith]

21                                       Complaint filed: October 31, 2024

22                                       Notice of Removal filed: January 3, 2025

23                                       FAC filed: January 13, 2025

24

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on February 27, 2025 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 6D of the above-entitled Court, located at 350 W. 1st Street, 6th Floor, Los Angeles, CA 90012, Defendant Riot Games, Inc. ("Riot") will, and hereby does, move to dismiss Plaintiff Marc Wolstenholme's ("Wolstenholme") First Amended Complaint ("FAC") with prejudice for failure to state a claim pursuant to Fed. R. Civ. Pro. 12(b)(6).  The FAC filed by Wolstenholme does not allege a plausible claim for relief as to any of its four causes of action.  As to its two copyright claims, it fails to plausibly allege (i) that Wolstenholme has registered copyright or is otherwise excepted from the registration requirement, (ii) that Riot had access to Wolstenholme's purported work(s), or (iii) that Riot unlawfully appropriated any protected expression in Wolstenholme's purported work(s).  As to its unfair competition claim, that claim is preempted by the Copyright Act.  As to its claim for intentional infliction of emotional distress, the claim is time-barred and barred by the litigation privilege, and the alleged conduct is not sufficiently extreme and outrageous to state the claim as a matter of law.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Joshua Geller, any reply papers that may be filed, and on such further oral or documentary evidence as may be presented at or before the hearing on this matter.

The motion is made following a conference between counsel and Wolstenholme, who is representing himself *pro se*, pursuant to Local Rule 7-3, which took place by email correspondence on January 16 and 18, and a further telephonic conference on January 20, 2025.

//

//

//

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1    DATED:  January 27, 2025          GREENBERG GLUSKER FIELDS
                                       CLAMAN & MACHTINGER LLP
2

3

4                                      By:    /s/ Joshua M. Geller
                                           AARON J. MOSS (SBN 190625)
5                                          JOSHUA M. GELLER (SBN 295412)
                                           Attorneys for Defendant
6                                          Riot Games, Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

74677-00029/5406323.7                    3                NOTICE OF MOTION AND
                                                          MOTION TO DISMISS FAC

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ..................................................................................... 1

II.  LEGAL STANDARD .............................................................................. 1

III. PROCEDURAL BACKGROUND .......................................................... 2

IV.  THE FAC FAILS TO STATE A CLAIM FOR DIRECT
     COPYRIGHT INFRINGEMENT. ........................................................... 4

     A.   Wolstenholme Fails to Allege Compliance with the Copyright
          Act's Registration Requirement ................................................. 4

     B.   Wolstenholme Fails to Plausibly Allege Access. ........................ 6

     C.   Wolstenholme Fails to Plausibly Allege Copying of Protected
          Expression. .................................................................................. 7

V.   THE FAC FAILS TO STATE A CLAIM FOR VICARIOUS
     COPYRIGHT INFRINGEMENT. ........................................................... 9

VI.  THE FAC FAILS TO STATE A CLAIM FOR UNFAIR
     COMPETITION UNDER CAL. BUS. CODE § 17200. ........................ 10

VII. THE FAC FAILS TO STATE A CLAIM FOR INTENTIONAL
     INFLICTION OF EMOTIONAL DISTRESS. ........................................ 11

     A.   The IIED Claim is Barred by the Two-Year Statute of
          Limitations. ................................................................................ 11

     B.   The IIED Claim is Barred by the Litigation Privilege. ............. 12

     C.   The Conduct Alleged is Not Sufficiently Outrageous to State a
          Claim for IIED. ........................................................................... 13

VIII. CONCLUSION ..................................................................................... 13

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Al-Bustani v. Alger*,
No. C22-5238JLR, 2023 WL 3120747 (W.D. Wash. Apr. 27, 2023) ................. 9

*Am. Ass'n of Naturopathic Physicians v. Hayhurst*,
227 F.3d 1104 (9th Cir. 2000) .................................................................. 2

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................... 2

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................... 2

*Blanchard v. DIRECTV, Inc.*,
123 Cal. App. 4th 903 (2004) ................................................................. 12

*Cantu v. Resolution Trust Corp.*,
4 Cal. App. 4th 857 (1992) ............................................................... 11, 13

*Carlini v. Paramount Pictures Corp.*,
2021 WL 911684 (C.D. Cal. Feb. 2, 2021) ............................................... 6

*DigitAlb, Sh.a v. Setplex, LLC*,
284 F. Supp. 3d 547 (S.D.N.Y. 2018) ...................................................... 5

*Esplanade Prods., Inc. v. Walt Disney Co.*,
2017 WL 5635024 (C.D. Cal. July 11, 2017) ....................................... 8, 9

*Evans v. McCoy-Harris*,
2019 WL 1002512 (C.D. Cal. January 4, 2019) ........................................ 8

*Fillmore v. Blumhouse Prods.*,
LLC, 2017 WL 4708018 (C.D. Cal. Jul. 7, 2017) .................................... 6

*Izmo, Inc. v. Roadster, Inc.*,
2019 WL 2359228 (N.D. Cal. June 4, 2019) ............................................ 5

*Kiely v. Universal Music Grp.*,
2020 WL 4037161 (C.D. Cal. Mar. 5, 2020) ............................................ 5

*Kodadek v. MTV Networks, Inc.*,
152 F.3d 1209 (9th Cir. 1998) ................................................................. 10

*Loomis v. Cornish*,
836 F.3d 991 (9th Cir. 2016) ............................................................... 6, 7

*Luvdarts, LLC v. AT & T Mobility, LLC*,
710 F.3d 1068 (9th Cir. 2013) ................................................................ 10

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

ii

# TABLE OF AUTHORITIES
(continued)

**Page**

*Malibu Textiles, Inc. v. Label Lane Int'l, Inc.,*
  922 F.3d 946 (9th Cir. 2019) ................................................................... 4

*Meta-Film Assocs., Inc. v. MCA, Inc.,*
  586 F. Supp. 1346 (C.D. Cal. May 14, 1984) ......................................... 6

*Moncada v. W. Coast Quartz Corp.,*
  221 Cal. App. 4th 768 (2013) ............................................................... 13

*Navarro v. Block,*
  250 F.3d 729 (9th Cir. 2001) ................................................................. 2

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n,*
  494 F.3d 788 (9th Cir. 2007) ................................................................. 9

*Plotnik v. Meihaus,*
  208 Cal. App. 4th 1590 (2012) ............................................................. 13

*Rentmeester v. Nike, Inc.,*
  883 F.3d 1111 (9th Cir. 2018) ............................................................... 4

*Royal 4 Sys., Inc. v. RLI Ins. Co.,*
  No. CV 22-05732-RSWL-RAO, 2022 WL 19263327 (C.D. Cal. Dec. 9,
  2022) ..................................................................................................... 11

*Schkeiban v. Cameron,*
  2012 WL 12895722 (C.D. Cal. May 10, 2012) ...................................... 6

*Silberg v. Anderson,*
  50 Cal. 3d 205 (1990) .......................................................................... 12

*Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin,*
  952 F.3d 1051 (9th Cir. 2020) ............................................................... 4

*Soliman v. CVS RX Servs., Inc.,*
  570 F. App'x 710 (9th Cir. 2014) ......................................................... 11

*Somers v. Apple, Inc.,*
  729 F.3d 953 (9th Cir. 2013) ................................................................. 2

*United States v. Ritchie,*
  342 F.3d 903 (9th Cir. 2003) ............................................................... 11

*Washington v. ViacomCBS, Inc.,*
  2020 WL 5823568 (C.D. Cal. Aug. 20, 2020) ....................................... 6

*Washoutpan.com, LLC v. HD Supply Constr. Supply Ltd.,*
  2019 WL 9050859 (C.D. Cal. Aug. 5, 2019) ......................................... 6

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

NOTICE OF MOTION AND MOTION
TO DISMISS AMENDED COMPLAINT

# TABLE OF AUTHORITIES
(continued)

**Page**

*Zella v. E.W. Scripps Co.*,
    529 F. Supp. 2d 1124 (C.D. Cal. 2007)................................................................7

**STATUTES**

17 U.S.C. § 101....................................................................................................5

17 U.S.C. § 102(a)(1) .......................................................................................10

17 U.S.C. § 103.................................................................................................10

17 U.S.C. § 301(a) ...........................................................................................10

17 U.S.C. § 411(a) ..............................................................................................5

17 U.S.C. § 505..................................................................................................1

Cal. Civ. Code § 47(b) ......................................................................................12

Cal. Civ. Prod. Code § 335.1 ...........................................................................11

**OTHER AUTHORITIES**

Fed. R. Civ. Pro. 12(b)(6)...........................................................................2, 2, 3

Fed. R. Civ. Pro. 12(e) ........................................................................................3

Local Rule 7-3 ..............................................................................................2, 3

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Marc Wolstenholme ("Wolstenholme"), who is representing himself *pro se*, has not adequately alleged any of his purported claims for relief.  His First Amended Complaint ("FAC") is a perfunctory recitation of the elements of four claims: direct copyright infringement, vicarious copyright infringement, unfair competition, and intentional infliction of emotional distress.  Dkt. No. 11.  What little he does allege establishes that these claims cannot proceed as a matter of law.

First, the two copyright claims lack any allegation of what copyrighted work Wolstenholme owns, how Defendant Riot Games, Inc. ("Riot") purportedly gained access to the work, and how Riot purportedly copied its protected expression.  Based on correspondence Riot has received from Wolstenholme, it is clear Wolstenholme has no viable copyright claims because he does not have a registered copyright and is alleging (at best) similarities in unprotected ideas.  He therefore cannot avoid scrutiny of his defective claims by pleading vague legal conclusions.

Second, the state law claims for unfair competition and intentional infliction of emotional distress are barred as a matter of law.  The first is facially preempted by the Copyright Act, as Wolstenholme alleges nothing more than misappropriation of copyrighted material.  The second is barred on numerous grounds, as Wolstenholme simply alleges that a letter sent by Riot's counsel in response to Wolstenholme's demand in 2021 caused him severe emotional distress by alerting him to the fact that frivolous claims may expose him to liability for Riot's attorney's fees.  *See* 17 U.S.C. § 505.  Such a claim is barred by the statute of limitations and litigation privilege and fails to allege tortious conduct.

Wolstenholme cannot state any claim for relief and his FAC should be dismissed with prejudice.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 8 requires a plaintiff to provide

"fair notice of what the claim is and the grounds on which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quotation and alteration omitted). Although a plaintiff need not provide "detailed factual allegations," he must provide "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

A motion to dismiss under FRCP 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under FRCP 12(b)(6) "is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678.

While pleadings filed by *pro se* litigants are often interpreted liberally, "a *pro se* litigant is not excused from knowing the most basic pleading requirements." *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107–08 (9th Cir. 2000), *as amended on denial of reh'g* (Nov. 1, 2000).

### III.    PROCEDURAL BACKGROUND

On October 31, 2024, Wolstenholme filed a complaint for copyright infringement, unfair competition, and intentional infliction of emotional distress in the Superior Court for the County of Los Angeles. Dkt. No. 1, Exh. A. Because federal courts have exclusive jurisdiction over copyright actions, Riot removed this action on January 3, 2025. Dkt. No. 1. The initial complaint consisted of a state-court form document, akin to a Civil Cover Sheet, with no narrative statement of Wolstenholme's claims. Dkt. No. 1, Exh. A. Riot informed Wolstenholme of this defect, and when he failed to file an amended complaint, Riot filed a motion to

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

dismiss under FRCP 12(b)(6) or, in the alternative, for a more definite statement under FRCP 12(e). Dkt. No. 7. Wolstenholme filed a First Amended Complaint ("FAC") on January 13, 2025. Dkt. No. 11.

The allegations in the FAC are scarce. As best Riot can tell, Wolstenholme is alleging that Riot's animated television series *Arcane* infringes Wolstenholme's manuscript "Bloodborg: The Harvest," which he claims was created sometime between 2018–2019.[1]

On January 16, 2025, Riot's counsel sent Wolstenholme a meet and confer letter detailing the legal basis for the instant motion to dismiss the First Amended Complaint. Declaration of Joshua Geller ("Geller Decl."), ¶ 3, Exh. B. The parties exchanged further emails about the basis for this motion and had a telephonic meet and confer on January 20, 2025 pursuant to L.R. 7-3. Geller Decl., ¶¶ 4–6, Exh. C.

After filing his First Amended Complaint on January 13, Wolstenholme has filed various additional documents. Because he is representing himself *pro* se, many of these filings were not electronically served on Riot until several days after they were initially filed. On January 16, he filed a document entitled "Declaration of Marc Wolstenholme Overview of Character Evidence," which was electronically served on January 20. Dkt. No. 13. On January 17, he filed a document purporting to be a preemptive opposition to Riot's motion to dismiss the FAC (i.e., a preemptive opposition to the instant motion), which was served on January 22. Dkt. No. 16. And on January 20, he filed a "motion in limine to admit evidence," which he improperly noticed for hearing on February 13 (only 24 days' notice), and which was served on Riot on January 22. Dkt. No. 17. Each of these filings

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

---

[1] As Riot informed Wolstenholme when he first raised these claims in 2021, Riot's television series had been under development for <u>six years</u> prior to its release in 2021 (long before Wolstenholme wrote his "manuscript") and there is no evidence that Riot or anyone affiliated with creating the program ever received a copy of his manuscript. *See* Geller Decl., Exh. A. While the idea that Riot's Emmy-award winning television series was copied from an unpublished manuscript drafted years after *Arcane*'s development that was never even sent to Riot is so implausible and frivolous as to necessitate dismissal in its own right, the factual infirmities of Wolstenholme's FAC are not the subject of this motion.

1  contains material outside of Wolstenholme's FAC and are thus not the subject of

2  this motion.  To the extent any of these materials are proffers of allegations

3  Wolstenholme could make in a further amendment to the operative pleading, they

4  are immaterial, because—for the reasons discussed further below—the defects with

5  the FAC cannot be cured by amendment.

6  **IV.    THE FAC FAILS TO STATE A CLAIM FOR DIRECT COPYRIGHT**

7      **INFRINGEMENT.**

8      "To state a claim for copyright infringement, [Wolstenholme] must plausibly

9  allege two things: (1) that [he] owns a valid copyright in [the works], and (2) that

10  [Defendants] copied protected aspects of [Wolstenholme's works]." *Rentmeester v.*

11  *Nike, Inc.*, 883 F.3d 1111, 1116-17 (9th Cir. 2018) (citations omitted). The second

12  prong has two distinct components: "copying" and "unlawful appropriation."

13  *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1064

14  (9th Cir. 2020).  "In the absence of direct evidence of copying, . . . the plaintiff can

15  attempt to prove it circumstantially by showing that the defendant had access to the

16  plaintiff's work and that the two works share similarities probative of copying." *Id.*

17  (internal quotations and citation omitted).  To prove unlawful appropriation, the

18  Ninth Circuit uses a two-part test consisting of a subjective intrinsic test and an

19  objective extrinsic test to determine whether the defendant's work is substantially

20  similar to the plaintiff's copyrighted work.  *Id.*  "Both tests must be satisfied for the

21  works to be deemed substantially similar." *Id.*

22      A.    Wolstenholme Fails to Allege Compliance with the Copyright Act's

23          Registration Requirement.

24      "To plead ownership, [Wolstenholme] must plausibly allege [he] owns a

25  valid copyright registration for [his] work." *Malibu Textiles, Inc. v. Label Lane*

26  *Int'l, Inc.*, 922 F.3d 946, 951 (9th Cir. 2019).  A valid copyright registration is a

27  precondition for commencing an infringement action because the Copyright Act

28  provides that "no civil action for infringement of the copyright in any United States

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1    work shall be instituted until preregistration or registration of the copyright claim

2    has been made in accordance with this title." 17 U.S.C. § 411(a).

3         In *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, the Supreme

4    Court held that "registration occurs, and a copyright claimant may commence an

5    infringement suit, when the Copyright Office registers a copyright." 586 U.S. 296,

6    299 (2019). The Court clarified that "registration is akin to an administrative

7    exhaustion requirement that the owner must satisfy before suing to enforce

8    ownership rights." *Id.* at 301. Here, Wolstenholme's FAC does not say whether or

9    not the work is registered with the United States Copyright Office. *See Kiely v.*

10   *Universal Music Grp.*, 2020 WL 4037161, at *4 (C.D. Cal. Mar. 5, 2020)

11   (copyright claim fails because plaintiff "failed to allege that he owns a copyright

12   registration or that an exception to the rule applies").

13        Nor does Wolstenholme allege why he would be exempt from that

14   registration requirement, for example, by alleging sufficient facts showing that the

15   allegedly infringed work is not a United States work. *DigitAlb, Sh.a v. Setplex,*

16   *LLC*, 284 F. Supp. 3d 547, 556 (S.D.N.Y. 2018) ("[S]hould [Wolstenholme] seek to

17   rely on the § 411 registration exemption, [he] must allege that the works are not

18   United States works within the meaning of § 101.") (citations omitted).

19   Importantly, a work that is first published abroad and in the United States

20   simultaneously is deemed to be "United States work" for purposes of the

21   registration requirement. See 17 U.S.C. § 101 (defining "United States work").

22        Insofar as Wolstenholme's work is subject to section 411's registration

23   requirement and such requirement has not been satisfied, Wolstenholme cannot

24   cure this defect by now obtaining registrations and further amending. "[P]ermitting

25   amendment to cure a claimant's failure to register its copyright before suing would

26   undermine the objectives animating the Supreme Court's decision in *Fourth*

27   *Estate*," and is contrary to 17 U.S.C. § 411(a)'s requirement that registration be

28   made *before* instituting the action. *Izmo, Inc. v. Roadster, Inc.*, 2019 WL 2359228,

at *2 (N.D. Cal. June 4, 2019); *see also Washoutpan.com, LLC v. HD Supply Constr. Supply Ltd.*, 2019 WL 9050859, at *2 (C.D. Cal. Aug. 5, 2019) (plaintiff who filed suit before obtaining a copyright could not "cure that defect by amending the complaint after the Copyright Office completed registration of the copyright."). This defect therefore requires dismissal of this action with prejudice.

        B.     <u>Wolstenholme Fails to Plausibly Allege Access.</u>

      In order to properly plead access in a copyright case, a plaintiff must sufficiently allege "a reasonable possibility, not merely a bare possibility, that an alleged infringer had the chance to view the protected work." *Loomis v. Cornish*, 836 F.3d 991, 995 (9th Cir. 2016) (internal quotation marks and citation omitted). Access "may not be inferred through mere speculation or conjecture." *Three Boys Music*, 212 F.3d at 482. Courts within the Central District routinely dismiss copyright infringement cases at the pleading stage where a plaintiff's access allegations are merely speculative. *See Washington v. ViacomCBS, Inc.*, 2020 WL 5823568, at *3 (C.D. Cal. Aug. 20, 2020); *Carlini v. Paramount Pictures Corp.*, 2021 WL 911684, at *7 (C.D. Cal. Feb. 2, 2021); *Fillmore v. Blumhouse Prods., LLC*, 2017 WL 4708018, at *4 (C.D. Cal. Jul. 7, 2017); *Schkeiban v. Cameron*, 2012 WL 12895722, at *1-*2 (C.D. Cal. May 10, 2012).

      Wolstenholme's allegations of "access" in the FAC are paper thin. He alleges in a single sentence that he submitted his manuscript "to Riot Forge, Curtis Brown Group, and others in 2020." Dkt. No. 11, ¶ 10. He does not allege who any of those entities are, nor what their relationship is to Riot or to the people actually involved in creating the animated series *Arcane*. Without those factual allegations, Wolstenholme falls far short of showing the requisite nexus between "the individual who possesses knowledge of a plaintiff's work and the creator of the allegedly infringing work." *Meta-Film Assocs., Inc. v. MCA, Inc.*, 586 F. Supp. 1346, 1356-59 (C.D. Cal. May 14, 1984). Notably, "[b]are corporate receipt . . . without any allegation of a nexus between the recipients and the alleged infringers,

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

is insufficient to raise a triable issue of access." *Loomis*, 836 F.3d at 995-96 (a plaintiff "cannot create a triable issue of access merely by showing 'bare corporate receipt' of her work by an individual who shares a common employer with the alleged copier"). Wolstenholme was required to specifically identify how he believes that anyone involved in creating *Arcane* could have come into contact with his manuscript. Because he failed to do so, he fails to state a claim for copyright infringement.

C.    Wolstenholme Fails to Plausibly Allege Copying of Protected Expression.

Wolstenholme's claim for copyright infringement is also defective because he fails to adequately allege that "the works at issue are substantially similar in their protected elements." *Zella v. E.W. Scripps Co.,* 529 F. Supp. 2d 1124, 1133 (C.D. Cal. 2007), citing *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002). Wolstenholme has not attached a copy of his manuscript to the FAC, nor has he described in the FAC any protectible expression in the manuscript that he contends was copied in *Arcane*. Wolstenholme does not identify a single supposed similarity.[2]

Instead, Wolstenholme's FAC rests entirely on the legal conclusion that "that characters, plotlines, thematic elements, and narrative structure in ARCANE mirror those found in 'Bloodborg: The Harvest'" and that "the official music video 'Blood Sweat & Tears' by Riot Games, featuring Sheryl Lee Ralph, derives directly from elements of 'Bloodborg: The Harvest.'" Dkt. No. 11, ¶¶ 12–13. These legal conclusions are not even adequate recitations of the second element of a copyright

---

[2] Wolstenholme has repeatedly emailed (and may have attempted to file) long lists of what he claims are similarities between the works. These documents are nearly impossible to follow and have not, in any event, been filed as a pleading in this case. If Wolstenholme were given leave to amend and sets out these perceived similarities in a Second Amended Complaint, Riot anticipates that that amended complaint will be subject to a motion to dismiss on numerous grounds, including that the alleged similarities involve uncopyrightable ideas or similarities that are so generic that they cannot support a claim for copyright infringement. But that will be the subject of a future motion, should it become necessary.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

infringement claim—copying of protected expression.  Rather, Wolstenholme appears to believe that Riot's animated television series *Arcane* (and a related music video) "mirrors" or "derives" from elements of his manuscript, suggesting that any similarities may be seriously attenuated.

Although it is unclear what Wolstenholme means by these conclusory statements, they do not suffice to state a claim for copyright infringement.  *See Esplanade Prods., Inc. v. Walt Disney Co.*, 2017 WL 5635024, at *5 (C.D. Cal. July 11, 2017)* (dismissing complaint where plaintiff did not attach the allegedly infringed work, ruling that "the Complaint is filled with conclusory allegations that are not factually specific enough to support Esplanade's claims"); *Evans v. McCoy-Harris*, 2019 WL 1002512, at *3 (C.D. Cal. January 4, 2019)* (dismissing complaint where plaintiff did not attach allegedly infringed screenplay, did not allege the protectable elements of the infringed works, and made "no effort to compare the copyrightable elements" of the two works").

*Esplanade* is particularly instructive.  There, as here, the plaintiff failed to attach the allegedly infringed screenplay to his complaint. 2017 WL 5635024, at *1. However, unlike Plaintiff here, the plaintiff in *Esplanade* at least attempted to summarize and describe the allegedly infringed elements, including plot similarities ("[t]he Complaint alleges that" both works "'involve a small, cute, furry female animal, who is an outsider…dismissed by the other more dominant animals because of her species, and she strives to overcome that societal prejudice'"); character analysis (the protagonists in both works "present an odd pair"); and character design (including specific images submitted as part of the complaint).  *Id.* at *5-*9. Notwithstanding the presence of allegations substantially more detailed than those alleged by Wolstenholme here, the court in *Esplanade* nevertheless granted the defendant's motion to dismiss.  *Id.* at *1.  The court held that "the Complaint describes the alleged similarities at such a high level of generality that it is *impossible* for the Court to evaluate whether the alleged copying was sufficiently

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

NOTICE OF MOTION AND MOTION TO DISMISS FAC

specific to be protectable or merely a series of unprotectable *scénes-á-faire*.  The allegations thus *fail to state a plausible claim*."  *Id.* (Emphasis added).

In sum, Wolstenholme fails to adequately allege any specific elements of alleged infringement in the Complaint.  His vague, conclusory, and unsupported allegation that Riot's work "mirrors" elements in his manuscript cannot state a claim for copyright infringement as a matter of law.

## V.    THE FAC FAILS TO STATE A CLAIM FOR VICARIOUS COPYRIGHT INFRINGEMENT.

Wolstenholme also alleges a cause of action for "vicarious copyright infringement."  Dkt. No. 11, ¶ 20–23. "To state a claim for vicarious copyright infringement, a plaintiff must allege that the defendant has (1) the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 802 (9th Cir. 2007).  "A plaintiff must therefore plausibly plead the predicate claim for direct infringement in order to survive a motion to dismiss his vicarious infringement claim." *Al-Bustani v. Alger*, No. C22-5238JLR, 2023 WL 3120747, at *2 (W.D. Wash. Apr. 27, 2023) (citing *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005)).

Wolstenholme has not alleged any predicate claim for direct infringement. As discussed above, Wolstenholme has not alleged compliance with the Copyright Act's registration requirement or any copying of protected expression and therefore cannot state a claim for direct infringement as to anyone. *See supra* Part IV.A, IV.C.  In addition, Wolstenholme does not even attempt to allege the specific elements of vicarious liability.  The FAC alleges the legal conclusions that Riot "benefited financially from the unauthorized use of Plaintiff's copyright material through partnerships with Netflix, Fortiche Productions SAS, and others," but does not specify how.  Dkt. No. 11, ¶ 21.  It then states that "Defendant had the ability to control and supervise the infringing conduct but failed to prevent it," again without

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

any factual allegations as to how. *Id.* ¶ 22.  These bare legal conclusions cannot sustain a claim for vicarious copyright infringement.  *See, e.g.*, *Luvdarts, LLC v. AT & T Mobility, LLC*, 710 F.3d 1068, 1072 (9th Cir. 2013).  Like the direction infringement claim, this claim must be dismissed with prejudice.

## VI.    THE FAC FAILS TO STATE A CLAIM FOR UNFAIR COMPETITION UNDER CAL. BUS. CODE § 17200.

Wolstenholme's state law claim for unfair competition is preempted by the Copyright Act.  "A state law cause of action is preempted by the Copyright Act if two elements are present.  First, the rights that a plaintiff asserts under state law must be 'rights that are equivalent' to those protected by the Copyright Act. 17 U.S.C. § 301(a).  Second, the work involved must fall within the 'subject matter'" of the Copyright Act as set forth in 17 U.S.C. §§ 102 and 103.  *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998).

Wolstenholme alleges that Riot engaged in "unlawful and unfair business practices by misappropriating Plaintiff's copyrighted material for commercial gain."  Dkt. No. 11, ¶ 25.  Other than this single sentence, Wolstenholme does not allege any other conduct as the basis for his unfair competition claim under California law.  In addition, the cause of action incorporates by reference all previous allegations of the complaint, including those supporting his claim for copyright infringement.  Because Wolstenholme's "complaint expressly bases his unfair competition claim on rights granted by the Copyright Act," it satisfies the first prong of the preemption analysis.  *Kodadek*, 152 F.3d at 1213.  As to the second prong, Wolstenholme alleges infringement of a "literary work."  Dkt. No. 11, ¶ 9.  Literary works fall within the scope of the Copyright Act.  17 U.S.C. § 102(a)(1).  "Thus, both prongs of the preemption analysis are met, and [Wolstenholme's] unfair competition claim is preempted."  *Kodadek*, 152 F.3d at 1213.  Because this claim fails as a matter of law, it should be dismissed with prejudice.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

## VII.  THE FAC FAILS TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

Wolstenholme alleges that he suffered emotional distress when Riot's "legal representatives responded [to his initial demand in November 2021] with threats of extensive legal fees." Dkt. No. 11, ¶¶ 15, 29–31.  His claim for intentional infliction of emotional distress ("IIED") fails for three independent reasons.  First, it is barred by California's two-year statute of limitations because the alleged conduct occurred in 2021, but Plaintiff filed this suit in late 2024.  Second, the claim is barred by California's litigation privilege because the conduct arises from pre-litigation correspondence in connection with contemplated litigation.  Third, the conduct alleged—a routine legal communication—does not meet the high standard for "outrageous conduct" under California law.  For these reasons, the IIED claim should be dismissed with prejudice.

### A.    The IIED Claim is Barred by the Two-Year Statute of Limitations.

Under California law, claims for intentional infliction of emotional distress are subject to a two-year statute of limitations. *Cal. Civ. Proc. Code* § 335.1.  The statute of limitations begins to run when the plaintiff suffers severe emotional distress as a result of the defendant's allegedly outrageous conduct. *Cantu v. Resolution Trust Corp.*, 4 Cal. App. 4th 857, 888 (1992); *Soliman v. CVS RX Servs., Inc.*, 570 F. App'x 710, 711–12 (9th Cir. 2014) (affirming dismissal of IIED claim as untimely).

Here, Wolstenholme alleges that Riot's "legal representatives threatened Plaintiff with excessive legal fees and dismissal of his claims." Dkt. No. 11, ¶ 29.  While Wolstenholme does not attach the correspondence at issue to his FAC, the Court may consider it as incorporated by reference because the correspondence is referenced in the FAC and "forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see, e.g.*, *Royal 4 Sys., Inc. v. RLI Ins. Co.*, No. CV 22-05732-RSWL-RAO, 2022 WL 19263327, at *4 (C.D. Cal. Dec. 9,

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1  2022) (incorporating by reference letters that were "referenced in the Complaint"

2  and formed the basis for the plaintiff's claims).  The pre-litigation correspondence

3  to which Wolstenholme refers was sent on November 28, 2021.  Geller Decl., ¶ 3,

4  Exh. A.  Wolstenholme claims that this letter caused him severe emotional distress

5  and exacerbated his PTSD.  Dkt. No. 11, ¶ 29.  However, Wolstenholme did not file

6  this lawsuit until late 2024—nearly three years after the alleged conduct.  *See* Dkt.

7  No. 11, Exh. A (original complaint filed in October 2024).  Because the statute of

8  limitations expired in 2023, Wolstenholme's IIED claim is time-barred and must be

9  dismissed with prejudice.

10           B.      The IIED Claim is Barred by the Litigation Privilege.

11          The California litigation privilege provides an absolute bar to tort claims

12  arising from communications made in connection with judicial proceedings.  Cal.

13  Civ. Code § 47(b).  The privilege applies to communications "(1) made in judicial

14  or quasi-judicial proceedings; (2) by litigants or other participants authorized by

15  law; (3) to achieve the objects of the litigation; and (4) that have some connection

16  or logical relation to the action."  *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990).

17          The privilege applies broadly to pre-litigation communications, including

18  correspondence made in anticipation of litigation.  *Blanchard v. DIRECTV, Inc.*,

19  123 Cal. App. 4th 903, 919 (2004) (privilege protects letters "threatening litigation

20  and outlining legal positions").  Here, Wolstenholme challenges a letter sent by

21  Riot's counsel that set forth Riot's legal position and warned of the potential legal

22  consequences of pursuing frivolous claims.  Geller Decl., ¶ 3, Exh. A.  Because the

23  letter was made in anticipation of litigation, it is absolutely protected under the

24  litigation privilege.  Wolstenholme's IIED claim, therefore, is barred as a matter of

25  law and must be dismissed.

26  //

27  //

28  //

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

C.   The Conduct Alleged is Not Sufficiently Outrageous to State a Claim for IIED.

To state a claim for intentional infliction of emotional distress, Wolstenholme must allege: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Plotnik v. Meihaus*, 208 Cal. App. 4th 1590, 1609 (2012). Conduct is considered "outrageous" only if it is "so extreme as to exceed all bounds of that usually tolerated in a civilized society." *Moncada v. W. Coast Quartz Corp.*, 221 Cal. App. 4th 768, 780 (2013). Actions taken in good faith to assert or defend legal rights are not actionable under California law. *Cantu v. Resolution Trust Corp.*, 4 Cal. App. 4th 857, 888 (1992).

Here, Wolstenholme's IIED claim is based on a pre-litigation letter from Riot's counsel that communicated Riot's legal position and warned Plaintiff of potential liability should he proceed with a frivolous claim. Such correspondence, even if it caused Wolstenholme distress, does not rise to the level of "outrageous conduct" as a matter of law. Courts have consistently held that even a "callous disregard" for a plaintiff's well-being does not meet this standard—and a letter factually stating the legal consequences of pursuing a frivolous claim does not even approach that level. *Moncada*, 221 Cal. App. 4th at 780. Because Wolstenholme has not alleged conduct that exceeds "all bounds of that usually tolerated in a civilized society," his IIED claim fails as a matter of law.

## VIII. CONCLUSION

For the foregoing reasons, Riot respectfully requests that the Court dismiss the FAC with prejudice.

//

//

1    DATED:  January 27, 2025           GREENBERG GLUSKER FIELDS
                                        CLAMAN & MACHTINGER LLP
2

3
                                        By:    /s/ Joshua M. Geller
4                                             AARON J. MOSS (SBN 190625)
                                              JOSHUA M. GELLER (SBN 295412)
5                                             Attorneys for Defendant
                                              Riot Games, Inc.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Riot Games, Inc., certifies that this Memorandum of Points and Authorities contains 4,280 words in compliance with the word limit of Local Rule 11-6.1.


DATED:  January 27, 2025                    GREENBERG GLUSKER FIELDS
                                            CLAMAN & MACHTINGER LLP


                                            By:   */s/ Joshua M. Geller*
                                            AARON J. MOSS (SBN 190625)
                                            JOSHUA M. GELLER (SBN 295412)
                                            Attorneys for Defendant
                                            Riot Games, Inc.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067