# Exhibit B

| | |
|---|---|
| **From:** | Geller, Joshua |
| **Sent:** | Thursday, January 16, 2025 11:21 AM |
| **To:** | Marc Wolstenholme |
| **Cc:** | Moss, Aaron |
| **Subject:** | Rule 7-3 Meet and Confer, Case 2:25-cv-00053-FMO-BFM |
| **Attachments:** | Activity in Case 2:25-cv-00053-FMO-BFM Marc Wolstenholme v. Riot Games, Inc. Amended Complaint; Activity in Case 2:25-cv-00053-FMO-BFM Marc Wolstenholme v. Riot Games, Inc. Text Only Scheduling Notice |

Mr. Wolstenholme,

We have received a copy of your Amended Complaint, which was filed with the federal court on January 13. A copy of the Notice of Electronic Filing is attached for your reference. In light of the Amended Complaint, Riot's original motion to dismiss is moot (see attached order from the Court).

Riot intends to move to dismiss this Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. As to your two copyright claims, you have not alleged a plausible claim for relief, including because you have not included any factual allegations regarding what protected expression of your work has been infringed by Riot and have not included sufficient allegations regarding access (i.e., how you contend Riot received a copy of your work), among other deficiencies. As to your two state law claims, they fail to state a claim for relief for a few reasons. Your claim for unfair competition is preempted by the U.S. Copyright Act. Your claim for intentional infliction of emotional distress, as far as we understand it, is time barred (outside the statute of limitations), barred by the litigation privilege, and otherwise fails to allege a plausible claim for relief.

I am happy to discuss these issues further in a telephone call. Please note that our deadline to file our motion to dismiss is January 27. Please let me know if you would like a further phone call to discuss, and if so, please provide your availability to do so.

Regarding the other issues you've raised in your recent emails, I will respond in a separate email.

Sincerely,
Josh Geller