# Exhibit C

| | |
|---|---|
| **From:** | Geller, Joshua |
| **Sent:** | Saturday, January 18, 2025 9:16 AM |
| **To:** | Marc Wolstenholme |
| **Cc:** | Moss, Aaron |
| **Subject:** | RE: Rule 7-3 Meet and Confer, Case 2:25-cv-00053-FMO-BFM |

Mr. Wolstenholme,

I'm glad you've started receiving mail from the federal district court. I understand that it takes some time for that to reach you, which is why we've been sending you email copies of the filings as they come in. We'll continue to do that.

I'm available to speak Monday. I suggest 5 pm GMT (9 am PT) at the following dial-in, but please let me know if you prefer a different time.
**Dial in**: 213 338 8477
**Conference ID**: 875 004 4670

For a meeting agenda, I will be prepared to discuss Riot's anticipated motion to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). To reiterate, the legal bases for the motion is as follows:

<u>Copyright claims</u>
- The Amended Complaint fails to allege facts sufficient to state a plausible claim as to each element of copyright infringement. It fails to meet the pleading standards under the U.S. Supreme Court cases of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).
    - The Amended Complaint does not allege that your work has been registered with the United States Copyright Office, nor does it allege any basis for why it would be exempted from the registration requirement. This failure bars your claims. *See* 17 U.S.C. 411(a); *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 299 (2019); see also *Kiely v. Universal Music Grp.*, 2020 WL 4037161, at *4 (C.D. Cal. Mar. 5, 2020)
    - The Amended Complaint does not plausibly allege access by Riot. Access must be established either by showing that the plaintiff's work has been widely disseminated or by establishing a chain of events linking the plaintiff's work and the defendant's access. The Amended Complaint does not explain how those responsible for creating *Arcane* purportedly obtained your work, or what the connection is between the entities you allegedly submitted your work to and Riot. *See Loomis v. Cornish*, 836 F.3d 991, 997 (9th Cir. 2016); *Fillmore v. Blumhouse Prods., LLC*, 771 F. App'x 756 (9th Cir. 2019).
    - The Amended Complaint does not plausibly allege copying of protected expression. It is a plaintiff's burden to allege sufficient facts to satisfy the "extrinsic test" in the Ninth Circuit and show the specific *protectable* elements of the copyrighted work that are unlawfully appropriated by defendant's work. *See generally Funky Films, Inc. v. Time Warner Ent. Co., L.P.*, 462 F.3d 1072, 1077 (9th Cir. 2006). Failure to allege those details necessitates dismissal. *See, e.g.*, *Esplanade Prods., Inc. v. Walt Disney Co.*, No. CV1702185MWFJCX, 2017 WL 5635024, at *10 (C.D. Cal. July 11, 2017).

<u>Unfair Competition claim</u>
- The Amended Complaint's claim for unfair competition due to misappropriation of plaintiff's copyrighted work is preempted by the U.S. Copyright Act. *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1213 (9th Cir. 1998). In other words, the federal Copyright Act bars a plaintiff from bringing a state law claim (like the unfair competition claim) based on conduct that is within the scope of the Copyright Act. A claim for copyright infringement is the sole available remedy.

<u>Intentional Infliction of Emotional Distress ("IIED") claim</u>
- The Amended Complaint's claim for IIED is barred by the two-year statute of limitations. Based on your correspondence, the conduct at issue is Mr. Moss's letter to you in 2021. That is outside the statute of

- limitations. *Cantu v. Resolution Trust Corp.*, 4 Cal. App. 4th 857, 888 (1992); *Soliman v. CVS RX Servs., Inc.*, 570 F. App'x 710, 711–12 (9th Cir. 2014) (affirming dismissal of IIED claim as untimely).
- The Amended Complaint's claim for IIED is barred by the litigation privilege. The conduct that forms the basis for the claim (Mr. Moss's response to your demand letter) was conduct done in anticipation of litigation and is privileged (i.e., not subject to tort claims). *Blanchard v. DIRECTV, Inc.*, 123 Cal. App. 4th 903, 919 (2004)
- The Amended Complaint does not plausible allege conduct that is sufficiently extreme and outrageous to state an IIED claim. *Moncada v. W. Coast Quartz Corp.*, 221 Cal. App. 4th 768, 780 (2013). Actions taken in good faith to assert or defend legal rights are not actionable under California law. *Cantu v. Resolution Trust Corp.*, 4 Cal. App. 4th 857, 888 (1992).

We do not believe the above deficiencies can be corrected and will be seeking an order dismissing your complaint with prejudice (i.e., permanently). I look forward to speaking with you about these issues further on Monday.

Sincerely,
Josh Geller


**From:** Marc Wolstenholme <marc@mwwolf-fiction.co.uk>
**Sent:** Friday, January 17, 2025 6:05 AM
**To:** Geller, Joshua <jgeller@greenbergglusker.com>
**Subject:** Re: Rule 7-3 Meet and Confer, Case 2:25-cv-00053-FMO-BFM


Afternoon Josh,

I suppose it's good morning to you over in Sunny LA.

This afternoon I received a bunch of mial from the court which I am required to sign and send back. Some of them are already out of date.

The court will have to understand that I'm on the other side of the world and doing my best. I believe they will as all of the US court Clark's have been supportive, pleasant and understanding.

I can call you for a Rule 7-3 Meet and Confer, Next week now as it's Friday already. I guess Monday would be good. Tuesdays are not good as I see my daughter on Tuesdays. Any week day thereafter is also fine.

I would ask that you draft a meeting agenda, og what we plan to speak about, and I can send you a list of my concerns and requests, so then it's noted for the court's reference.

Many Thanks,

Marc Wolstenholme



On Thu, 16 Jan 2025 at 19:20, Geller, Joshua <jgeller@greenbergglusker.com> wrote:

> Mr. Wolstenholme,

2

We have received a copy of your Amended Complaint, which was filed with the federal court on January 13. A copy of the Notice of Electronic Filing is attached for your reference. In light of the Amended Complaint, Riot's original motion to dismiss is moot (see attached order from the Court).

Riot intends to move to dismiss this Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. As to your two copyright claims, you have not alleged a plausible claim for relief, including because you have not included any factual allegations regarding what protected expression of your work has been infringed by Riot and have not included sufficient allegations regarding access (i.e., how you contend Riot received a copy of your work), among other deficiencies. As to your two state law claims, they fail to state a claim for relief for a few reasons. Your claim for unfair competition is preempted by the U.S. Copyright Act. Your claim for intentional infliction of emotional distress, as far as we understand it, is time barred (outside the statute of limitations), barred by the litigation privilege, and otherwise fails to allege a plausible claim for relief.

I am happy to discuss these issues further in a telephone call. Please note that our deadline to file our motion to dismiss is January 27. Please let me know if you would like a further phone call to discuss, and if so, please provide your availability to do so.

Regarding the other issues you've raised in your recent emails, I will respond in a separate email.

Sincerely,

Josh Geller