1  AARON J. MOSS (SBN 190625)
   AMoss@ggfirm.com
2  JOSHUA M. GELLER (SBN 295412)
   JGeller@ggfirm.com
3  GREENBERG GLUSKER FIELDS CLAMAN &
   MACHTINGER LLP
4  2049 Century Park East, Suite 2600
   Los Angeles, California 90067
5  Telephone:  310-553-3610
   Facsimile:  310-553-0687
6
7  Attorneys for Defendant Riot Games, Inc.

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11  MARC WOLSTENHOLME,                    Case No. 2:25-cv-00053-FMO-BFM

12              Plaintiff,                *Hon. Fernando M. Olguin*

13       v.                               **DEFENDANT RIOT GAMES, INC.'S
                                          OPPOSITION TO PLAINTIFF
14  RIOT GAMES, INC.,                     MARC WOLSTENHOLME'S
                                          MOTION FOR LEAVE TO FILE A
15              Defendant.                SECOND AMENDED COMPLAINT**

16                                        Date:   February 27, 2025
                                          Time:   10:00 a.m.
17                                        Crtrm:  6D

18                                        [Opposition to Motion in Limine to Admit
                                          Evidence; Request for Judicial Notice; and
19                                        Declaration of Aaron J. Moss in Support
                                          of Request for Judicial Notice Filed
20                                        Concurrently Herewith]

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP**
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...................................................................................5

II.   PROCEDURAL BACKGROUND ............................................................6

III.  ARGUMENT ........................................................................................7

    A.   Wolstenholme's Failure to Comply with the Registration Requirement is Not Curable.........................................................8

    B.   Wolstenholme Fails to Plausibly Allege Copying of Protected Expression ...........................................................................11

    C.   Wolstenholme Does Not Add Any Allegations Addressing the Defects in his Claims for Unfair Competition and Intentional Infliction of Emotional Distress..........................................12

IV.   CONCLUSION ....................................................................................13

74677-00029/5415941.4

2

OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE SAC

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Blanchard v. DIRECTV, Inc.,*
123 Cal. App. 4th 903 (2004) ............................................................... 13

*Cantu v. Resolution Trust Corp.,*
4 Cal. App. 4th 857 (1992) .................................................................. 13

*Carrico v. City & Cnty. of San Francisco,*
656 F.3d 1002 (9th Cir. 2011) ............................................................... 7

*DigitAlb, Sh.a v. Setplex, LLC,*
284 F. Supp. 3d 547 (S.D.N.Y. 2018) .................................................. 10

*Esplanade Prods., Inc. v. Walt Disney Co.,*
2017 WL 5635024 (C.D. Cal. July 11, 2017) ....................................... 11

*Evans v. McCoy-Harris,*
2019 WL 1002512 (C.D. Cal. January 4, 2019) .................................... 11

*Fabozzi v. StubHub, Inc.,*
2012 WL 506330 (N.D. Cal. Feb. 15, 2012) ........................................... 8

*Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC,*
586 U.S. 296 (2019) ........................................................................ 9, 10

*Izmo, Inc. v. Roadster, Inc.,*
2019 WL 2359228 (N.D. Cal. June 4, 2019) ......................................... 10

*Johnson v. Buckley,*
356 F.3d 1067 (9th Cir. 2004) ............................................................... 7

*Kodadek v. MTV Networks, Inc.,*
152 F.3d 1209 (9th Cir. 1998) ............................................................. 12

*Malibu Textiles, Inc. v. Label Lane Int'l, Inc.,*
922 F.3d 946 (9th Cir. 2019) ................................................................. 8

*Mir v. Little Co. of Mary Hosp.,*
844 F.2d 646 (9th Cir. 1988) ................................................................. 9

*Moncada v. W. Coast Quartz Corp.,*
221 Cal. App. 4th 768 (2013) .............................................................. 13

*Moore v. Kayport Package Express, Inc.,*
885 F.2d 531 (9th Cir. 1989) ................................................................. 8

*Nordyke v. King,*
644 F.3d 776 (9th Cir. 2011) ................................................................. 8

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

74677-00029/5415941.4

3

OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE SAC

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

## TABLE OF AUTHORITIES
(continued)

**Page**

*Paramount Pictures Corp. v. RePlayTV,*
298 F. Supp. 2d 921 (C.D. Cal. 2004)................................................................7

*Ricketts v. Haah,*
2013 WL 3242947 (C.D. Cal. June 26, 2013).....................................................9

*Rutman Wine Co. v. E. & J. Gallo Winery,*
829 F.2d 729 (9th Cir. 1987).............................................................................7

*Soliman v. CVS RX Servs., Inc.,*
570 F. App'x 710 (9th Cir. 2014) .....................................................................13

*UAB "Planner 5D" v. Facebook, Inc.,*
2019 WL 6219223 (N.D. Cal. Nov. 21, 2019)..................................................10

*Washoutpan.com, LLC v. HD Supply Constr. Supply Ltd.,*
2019 WL 9050859 (C.D. Cal. Aug. 5, 2019)...............................................5, 10

*Zella v. E.W. Scripps Co.,*
529 F. Supp. 2d 1124 (C.D. Cal. 2007)............................................................11

**STATUTES**

17 U.S.C. § 101........................................................................................................10

17 U.S.C. § 102........................................................................................................12

17 U.S.C. § 102(a)(1) ..............................................................................................12

17 U.S.C. § 103........................................................................................................12

17 U.S.C. § 301(a)....................................................................................................12

17 U.S.C. § 411..........................................................................................................5

17 U.S.C. § 411(a)................................................................................................9, 10

**OTHER AUTHORITIES**

Fed. R. Civ. Proc. 8.................................................................................................11

Fed. R. Civ. Proc. 12(b)(6) ..................................................................................7, 8

Fed. R. Civ. Proc. 12(e) ...........................................................................................7

Fed. R. Civ. Proc. 15(a)(2) .......................................................................................7

Local Rule 7-3 ...........................................................................................................5

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

In response to Defendant Riot Games, Inc.'s ("Riot") Motion to Dismiss his First Amended Complaint ("FAC") (Dkt. 19), Plaintiff Marc Wolstenholme ("Wolstenholme") filed a Motion for Leave to File a Second Amended Complaint ("SAC").  However, Wolstenholme's proposed amendment does not, and cannot, cure the defects Riot identified in its Motion to Dismiss the FAC.

Wolstenholme brings four claims: two copyright claims (direct and vicarious), one claim for unfair competition, and one claim for intentional infliction of emotional distress.  As explained in detail below, the proposed SAC does not change *any* of the allegations relating to the latter two claims, and therefore does not cure the defects in the FAC that Riot identified in its Motion to Dismiss.  As to the copyright claims, Wolstenholme does not add any allegations that would either satisfy or avoid the registration requirement under the Copyright Act, section 411. Wolstenholme has not obtained a U.S. copyright registration, and amendment would not be permissible even if he had obtained one during the pendency of this action.  *See*, *e.g.*, *Washoutpan.com, LLC v. HD Supply Constr. Supply Ltd.*, 2019 WL 9050859, at *2 (C.D. Cal. Aug. 5, 2019) (plaintiff who filed suit before obtaining a copyright could not "cure that defect by amending the complaint after the Copyright Office completed registration of the copyright.").  The failure to allege a valid copyright registration in his FAC renders any subsequent amendment, including his SAC, futile.[1]

The bulk of the proposed SAC appears directed at embellishing allegations of substantial similarity between Wolstenholme's "Bloodborg" manuscript and Riot's

---

[1] Wolstenholme also failed to meet and confer about his motion for leave to amend, and so the motion could also be denied for failure to comply with Local Rule 7-3. Had he done so, Riot's counsel could have explained to him why his motion was procedurally improper.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1  television series *Arcane*.  The allegations are facially defective[2] and do not identify

2  the copying of any protected expression.  In the interest of judicial economy, Riot

3  will not detail in this opposition all of the reasons why these alleged "similarities"

4  fail to state a claim for copyright infringement.  That argument would be more

5  properly raised in a motion to dismiss the SAC, if the Court were to grant leave to

6  amend (which Riot respectfully submits the Court should not).

7         If the Court nonetheless affords Wolstenholme leave to amend,

8  Wolstenholme should not be permitted further amendments without showing good

9  cause.  Wolstenholme has already filed a half dozen (untimely, improper) motions

10  in this action, which the Court has struck.  *See* Dkt. 18, 26 (striking Dkt. 17, 20, 21,

11  22, 23, and 24).  Wolstenholme states in his Motion for Leave to Amend that he

12  "has filed many documentations of 100s of pages of evidence and has 100s more to

13  compile."  Dkt. 28 at pg. 2.  Wolstenholme should not be permitted to take

14  advantage of his *pro se* status to burden Riot and this Court with constant, repetitive

15  filings of information that could have been included in an initial complaint, a FAC,

16  or now his proposed SAC.

17          Simply put, Wolstenholme's proposed SAC suffers from the same defects as

18  the FAC.  Because Wolstenholme has not attempted to cure any of these defects

19  with his claims for copyright infringement, unfair competition and intentional

20  infliction of emotional distress, the Motion for Leave to Amend should be denied.

21  **II.    PROCEDURAL BACKGROUND**

22         On October 31, 2024, Wolstenholme filed a complaint for copyright

23  infringement, unfair competition, and intentional infliction of emotional distress in

24

25  ---

[2] Indeed, it is unclear what Wolstenholme intended to be part of his Complaint and
what he did not.  The first ten pages of Wolstenholme's proposed SAC appear to
contain his allegations; however, Wolstenholme then attaches 46 additional pages
under the heading "Pre-Emptive defense against Defendant's motion to dismiss".
*See* Dkt. 27, at 11-56.  While the footer on these pages references the "Second
Amended Complaint," they follow the SAC's prayer for relief, in a section which
appears to be a preemptive opposition to a motion that Riot has not yet filed—as
opposed to allegations in a complaint.

1  the Superior Court for the County of Los Angeles.  Dkt. 1, Exh. A.  Because federal

2  courts have exclusive jurisdiction over complaints alleging copyright infringement,

3  Riot removed the action to this Court on January 3, 2025.  Dkt. 1.  Wolstenholme's

4  initial complaint consisted of a state-court form document, akin to a Civil Cover

5  Sheet, with no narrative statement of his claims.  Dkt. 1, Exh. A.  Riot informed

6  Wolstenholme of this defect, and when he failed to file an amended complaint, Riot

7  filed a motion to dismiss under FRCP 12(b)(6) or, in the alternative, for a more

8  definite statement under FRCP 12(e).  Dkt. 7.  Wolstenholme then filed a FAC on

9  January 13, 2025.  Dkt. 11.

10        On January 27, 2025, Riot filed a motion to dismiss Wolstenholme's FAC.

11  Dkt. 19.  However, two days later, on January 29, 2025, Wolstenholme filed a

12  motion for leave to amend the FAC (Dkt. 28) concurrently with filing the SAC

13  itself.  Dkt. 27.[3]  On January 30, 2025, the Court denied Riot's motion to dismiss

14  the FAC as moot in light of Wolstenholme's pending motion for leave to amend.

15  Dkt. 33.

16  **III.    ARGUMENT**

17        While leave to amend should ordinarily be granted liberally under FRCP

18  15(a)(2), leave "is properly denied, however, if amendment would be futile."

19  *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011)

20  (citing *Gordon v. City of Oakland,* 627 F.3d 1092, 1094 (9th Cir. 2010)).  Futility

21  is, by itself, sufficient to justify denial of a motion to amend.  *Johnson v. Buckley,*

22  356 F.3d 1067, 1077 (9th Cir. 2004) ("Futility alone can justify the denial of a

23  motion to amend") (citations omitted); *see also Paramount Pictures Corp. v.*

24  *RePlayTV*, 298 F. Supp. 2d 921, 927-29 (C.D. Cal. 2004) ("The futility of the

25  proposed amendment precludes the Court from granting leave to amend"); *Rutman*

26  *Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of

27

28  [3] Wolstenholme filed the SAC directly, rather than attaching it as an exhibit to his
motion for leave to amend.  Riot interprets this to be a *proposed* SAC.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1   leave to amend is not an abuse of discretion where the pleadings before the court

2   demonstrate that further amendment would be futile.").

3         "An amendment is futile if a proposed claim could not withstand a motion to

4   dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Fabozzi v. StubHub,*

5   *Inc.*, 2012 WL 506330, at *3 (N.D. Cal. Feb. 15, 2012); *see also Nordyke v. King,*

6   644 F.3d 776, 788 n.12 (9th Cir. 2011) ("A proposed amended complaint is futile if

7   it would be immediately 'subject to dismissal'") (citations omitted); *Moore v.*

8   *Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) ("Leave to

9   amend need not be given if a complaint, as amended, is subject to dismissal").  The

10  threshold (though by no means only) defect with Wolstenholme's claims for

11  copyright infringement is that he does not have a valid copyright registration for

12  "Bloodborg," the work he contends Riot infringed.  Nothing after the filing of his

13  initial complaint can correct or cure that error.  Even if it could be corrected,

14  nothing in Wolstenholme's proposed SAC resolves the defect—Wolstenholme at

15  most alleges that he has filed a copyright *application*, but the judicially noticeable

16  records of the U.S. Copyright Office show that it has not granted Wolstenholme a

17  copyright *registration* for the allegedly infringed work.  *See* concurrently filed

18  Request for Judicial Notice and Declaration of Aaron J. Moss in support.  As to his

19  remaining two claims (unfair competition and intentional infliction of emotional

20  distress), Wolstenholme's SAC does not add any allegations whatsoever.  Because

21  Wolstenholme cannot and does not address the main legal defects identified in

22  Riot's motion to dismiss the FAC, he should not be granted leave to file a SAC.

23        A.    Wolstenholme's Failure to Comply with the Registration Requirement

24              is Not Curable.

25        As Riot explained in its Motion to Dismiss the FAC (Dkt. 19),

26  Wolstenholme's copyright claims fail because he does not plausibly allege a valid

27  copyright registration. *Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 946,

28  951 (9th Cir. 2019).  A valid copyright registration is a precondition for

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

commencing an infringement action because the Copyright Act provides that "no

civil action for infringement of the copyright in any United States work shall be

instituted until preregistration or registration of the copyright claim has been made

in accordance with this title." 17 U.S.C. § 411(a).

While Wolstenholme claims that he "added a copyright registration case

number, and other evidence of Ownership of a valid copyright to this motion [for

leave to amend]" (Dkt. 27 at 16), this is not accurate. He at most submitted an

*application* for registration on January 17, 2025. *See* Dkt. 27 at 27. The

"registration" number he provides of 1-14654214871 is not a valid copyright

registration number and is in the format of an application number. The reality is

that no such registration exists, either for "Bloodborg" or any other work by

Wolstenholme, per the records of the U.S. Copyright Office.

Courts regularly take notice that the U.S. Copyright Office has or has not

granted a plaintiff copyright registration for their works. *See*, e.g., *Ricketts v. Haah*,

2013 WL 3242947, at *2 (C.D. Cal. June 26, 2013) (taking judicial notice that

"according to the Copyright Office database, Plaintiffs have not registered any

copyright."). Such facts are the proper subject of judicial notice because they are

matters of public record. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649

(9th Cir. 1988). As discussed in Riot's concurrently filed Request for Judicial

Notice, the Court may properly take judicial notice of the fact that the U.S.

Copyright Office has not granted a copyright registration to Wolstenholme, because

this fact can be accurately and readily determined from the Copyright Office's

official public records.

Wolstenholme's failure to obtain a valid copyright registration prior to

commencing this action makes his proposed SAC futile. In *Fourth Estate Public

Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 299 (2019), the Supreme

Court held that a plaintiff must have a competed registration: "'registration . . . has

been made' within the meaning of 17 U.S.C. § 411(a) not when an application for

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1    registration is filed, but when the Register has registered a copyright after

2    examining a properly filed application." *Id*. at 892.  The completed registration

3    must be obtained prior to filing the action: ". . . [R]egistration is akin to an

4    administrative exhaustion requirement that the owner must satisfy before suing to

5    enforce ownership rights." *Id.* at 887

6        This defect cannot be cured by a belated *application* for registration.

7    "[P]ermitting amendment to cure a claimant's failure to register its copyright before

8    suing would undermine the objectives animating the Supreme Court's decision in

9    *Fourth Estate*," and is contrary to 17 U.S.C. § 411(a)'s requirement that registration

10   be made before instituting the action.  *Izmo, Inc. v. Roadster, Inc.*, 2019 WL

11   2359228, at *2 (N.D. Cal. June 4, 2019); *see also UAB "Planner 5D" v. Facebook,*

12   *Inc.*, 2019 WL 6219223, at *7 (N.D. Cal. Nov. 21, 2019) ("A plaintiff cannot cure

13   its failure to meet the preconditions set forth in 17 U.S.C. § 411(a) by amending its

14   pending complaint."); *Washoutpan.com, LLC v. HD Supply Constr. Supply Ltd.*,

15   2019 WL 9050859, at *2 (C.D. Cal. Aug. 5, 2019) (plaintiff who filed suit before

16   obtaining a copyright could not "cure that defect by amending the complaint after

17   the Copyright Office completed registration of the copyright.").

18        Furthermore, Wolstenholme's proposed SAC does not allege any exceptions

19   to the registration requirement.  While Wolstenholme references the fact that he is a

20   resident of the United Kingdom (Dkt. 27 at 5), Wolstenholme does not allege facts

21   from which it can be inferred that his manuscript is not a "United States Work."

22   *DigitAlb, Sh.a v. Setplex, LLC*, 284 F. Supp. 3d 547, 555-56 (S.D.N.Y. 2018)

23   (plaintiff suing for infringement of an unregistered work bears the burden of

24   affirmatively establishing that the work in question is not a "United States work,"

25   and therefore that its claim is exempt from the registration requirement).  Notably,

26   if a work was published simultaneously in the United States and another country, it

27   is a United States work, and the plaintiff must register it in order to commence an

28   action for infringement.  *See* 17 U.S.C. § 101 (defining "United States work").

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1    Because Wolstenholme does not have a valid copyright registration and does

2    not allege any exception to the registration requirement, he cannot state a copyright

3    claim in the United States as a matter of law, and any amendment would be futile.

4            B.      <u>Wolstenholme Fails to Plausibly Allege Copying of Protected</u>

5               <u>Expression.</u>

6          Wolstenholme's proposed SAC further fails since he fails to adequately

7    allege that "the works at issue are substantially similar in their protected elements."

8    *Zella v. E.W. Scripps Co.,* 529 F. Supp. 2d 1124, 1133 (C.D. Cal. 2007), citing

9    *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002).  Wolstenholme

10   did not attach a copy of his manuscript to either the FAC or his proposed SAC, nor

11   has he described any protectible expression in the manuscript that he contends was

12   copied in *Arcane*.  Indeed, Wolstenholme does not identify a single supposed

13   similarity with any degree of specificity.[4]  He instead claims that Riot's animated

14   television series *Arcane* (and a related music video) "mirrors" or "derives" elements

15   of his manuscript.

16         Wolstenholme's conclusory statements do not suffice to state a claim for

17   copyright infringement.  *See Esplanade Prods., Inc. v. Walt Disney Co.*, 2017 WL

18   5635024, at *5 (C.D. Cal. July 11, 2017) (dismissing complaint where plaintiff did

19   not attach the allegedly infringed work, ruling that "the Complaint is filled with

20   conclusory allegations that are not factually specific enough to support Esplanade's

21   claims"); *Evans v. McCoy-Harris*, 2019 WL 1002512, at *3 (C.D. Cal. January 4,

22   2019) (dismissing complaint where plaintiff did not attach allegedly infringed

23   screenplay, did not allege the protectable elements of the infringed works, and

24   made "no effort to compare the copyrightable elements" of the two works).  The

25   proposed SAC, like the FAC, fails to adequately allege any specific elements of

---

26

27   [4] Wolstenholme has repeatedly emailed (and may have attempted to file) long lists
of what he claims are "similarities" between the works.  These documents are
difficult to follow and have not, in any event, been filed as a pleading in this case.

28   As explained above, Riot will not detail in this opposition all of the reasons why
these alleged "similarities" fail to state a claim for copyright infringement.

74677-00029/5415941.4
11

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1    alleged infringement in the Complaint.  His vague, conclusory, and unsupported

2    allegation that Riot's work "mirrors" elements in his manuscript cannot state a

3    claim for copyright infringement as a matter of law.  Thus, Wolstenholme's

4    proposed SAC would be futile.

5        C.    Wolstenholme Does Not Add Any Allegations Addressing the Defects

6            in his Claims for Unfair Competition and Intentional Infliction of

7            Emotional Distress.

8        Riot's Motion to Dismiss the FAC identified uncurable legal defects in

9    Wolstenholme's claims for unfair competition and for intentional infliction of

10   emotional distress.  While these defects were not curable in any event,

11   Wolstenholme's proposed SAC does not even attempt to add any allegations to

12   these claims.  The only discussion of these two claims is in the boilerplate recitation

13   of the elements of the claims.  Dkt. 27, pg. 8–9.  These are the same legal

14   conclusions that were present in the FAC.  Dkt. 11, pg. 5-6.

15       As to the unfair competition claim, it remains preempted by the Copyright

16   Act.  "A state law cause of action is preempted by the Copyright Act if two

17   elements are present.  First, the rights that a plaintiff asserts under state law must be

18   'rights that are equivalent' to those protected by the Copyright Act.  17 U.S.C. §

19   301(a).  Second, the work involved must fall within the 'subject matter'" of the

20   Copyright Act as set forth in 17 U.S.C. §§ 102 and 103.  *Kodadek v. MTV*

21   *Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998).  Because Wolstenholme's

22   "complaint expressly bases his unfair competition claim on rights granted by the

23   Copyright Act," it satisfies the first prong of the preemption analysis.  *Kodadek*,

24   152 F.3d at 1213.  As to the second prong, Wolstenholme alleges infringement of a

25   "literary work."  Dkt. 27, pg. 6.  Literary works fall within the scope of the

26   Copyright Act.  17 U.S.C. § 102(a)(1).  "Thus, both prongs of the preemption

27   analysis are met, and [Wolstenholme's] unfair competition claim is preempted."

28   *Kodadek,* 152 F.3d at 1213.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1    As to the claim for intentional infliction of emotional distress, Wolstenholme

2  does not allege any new or different conduct that would get around the fact that his

3  claim is time barred, *see Cantu v. Resolution Trust Corp.*, 4 Cal. App. 4th 857, 888

4  (1992); *Soliman v. CVS RX Servs., Inc.*, 570 F. App'x 710, 711–12 (9th Cir. 2014)

5  (affirming dismissal of IIED claim as untimely), that it is barred by the litigation

6  privilege, *Blanchard v. DIRECTV, Inc.*, 123 Cal. App. 4th 903, 919 (2004)

7  (privilege protects letters "threatening litigation and outlining legal positions"), and

8  that it fails to allege any sufficiently outrageous or otherwise actionable conduct,

9  *see Moncada v. W. Coast Quartz Corp.*, 221 Cal. App. 4th 768, 780 (2013).

10    Because the proposed SAC would be futile as to these two causes of action,

11  leave to amend should be denied.

12

13  **IV.    CONCLUSION**

14    For the foregoing reasons, Riot respectfully requests that the Court deny

15  Wolstenholme's Motion for Leave to Amend, with prejudice.

16

17

18  DATED:  February 5, 2025        GREENBERG GLUSKER FIELDS
                                    CLAMAN & MACHTINGER LLP
19

20

21                                  By:   */s/ Aaron J. Moss*
                                          AARON J. MOSS (SBN 190625)
22                                        JOSHUA M. GELLER (SBN 295412)
                                          Attorneys for Defendant
23                                        Riot Games, Inc.

24

25

26

27

28

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Riot Games, Inc., certifies that this Memorandum of Points and Authorities contains 2893 words in compliance with the word limit of Local Rule 11-6.1.

DATED:  February 5, 2025

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP


By:    /s/ Aaron J. Moss
        AARON J. MOSS (SBN 190625)
        JOSHUA M. GELLER (SBN 295412)
        Attorneys for Defendant
        Riot Games, Inc.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

74677-00029/5415941.4

14

OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE SAC