1  AARON J. MOSS (SBN 190625)
   AMoss@ggfirm.com
2  JOSHUA M. GELLER (SBN 295412)
   JGeller@ggfirm.com
3  GREENBERG GLUSKER FIELDS CLAMAN &
   MACHTINGER LLP
4  2049 Century Park East, Suite 2600
   Los Angeles, California 90067
5  Telephone:  310-553-3610
   Facsimile:  310-553-0687
6
7  Attorneys for Defendant Riot Games, Inc.

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  MARC WOLSTENHOLME,                    Case No. 2:25-cv-00053-FMO-BFM

12              Plaintiff,                *Hon. Fernando M. Olguin*

13      v.                               **DEFENDANT RIOT GAMES, INC.'S
                                         OPPOSITION TO PLAINTIFF
14  RIOT GAMES, INC.,                    MARC WOLSTENHOLME'S
                                         MOTION IN LIMINE TO ADMIT
15              Defendant.               EVIDENCE**

16                                       Date:      February 27, 2025
                                         Time:      10:00 a.m.
17                                       Crtrm:     6D

18                                       [Opposition to Motion for Leave to File
                                         Second Amended Complaint; Request for
19                                       Judicial Notice; and Declaration of Aaron
                                         J. Moss in Support of Request for Judicial
20                                       Notice Filed Concurrently Herewith]

21

22

23

24

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

# TABLE OF CONTENTS

**Page**

I.    PLAINTIFF'S MOTION IN LIMINE IS PROCEDURALLY
      IMPROPER AND SHOULD BE DENIED ...................................................... 4

II.   THE PROFERRED "EVIDENCE" IN NO WAY IMPACTS RIOT'S
      CONCURRENTLY FILED OPPOSITION TO PLAINTIFF'S
      MOTION FOR LEAVE ...................................................................................... 5

III.  CONCLUSION ........................................................................................................ 6

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

OPPOSITION TO PLAINTIFF'S MOTION
IN LIMINE TO ADMIT EVIDENCE

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Cavalier v. Random House, Inc.*,
  297 F.3d 815 (9th Cir. 2002) ................................................................... 6

*City of Pomona v. SQM N. Am. Corp.*,
  866 F.3d 1060 (9th Cir. 2017) ................................................................. 4

*Izmo, Inc. v. Roadster, Inc.*,
  2019 WL 2359228 (N.D. Cal. June 4, 2019) ......................................... 5

*Nazarian v. Beverly Hills*,
  No. CV 19-4391 DSF (EX), 2021 WL 2638993 (C.D. Cal. Feb. 8, 2021) ......... 4

*Washoutpan.com, LLC v. HD Supply Constr. Supply Ltd.*,
  2019 WL 9050859 (C.D. Cal. Aug. 5, 2019) ......................................... 5

**STATUTES**

17 U.S.C. § 411(a) ........................................................................................ 5

**OTHER AUTHORITIES**

Fed. R. Civ. Pro. 16 ...................................................................................... 4

Fed. R. Civ. Pro. 26 ...................................................................................... 4

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

OPPOSITION TO PLAINTIFF'S MOTION
IN LIMINE TO ADMIT EVIDENCE

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    PLAINTIFF'S MOTION IN LIMINE IS PROCEDURALLY IMPROPER AND SHOULD BE DENIED.

On January 29, 2025, Plaintiff Marc Wolstenholme ("Wolstenholme") filed a Motion for Leave to File a Second Amended Complaint ("SAC") (Dkt. 28) which, for the reasons set forth in Defendant Riot Games, Inc.'s ("Riot") concurrently filed opposition, suffers from a host of foundational defects.  On the same day, Wolstenholme also filed a "Motion *in Limine* to Admit Evidence."  Dkt. 30.[1]

A motion *in limine* to admit evidence before the pleadings are at issue and discovery has even commenced, much less closed, is not a proper procedural vehicle.  As the Court is aware, but as Wolstenholme, as a *pro se* plaintiff, may not be, a motion *in limine* is a tool to resolve evidentiary issues that are anticipated to arise at trial.  *See City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017).  A motion *in limine* to admit evidence is a "method of asking the court for an 'advisory opinion,' regarding the admissibility of evidence [to be offered at trial], which the court has authority to provide or to decline to provide."  *Nazarian v. Beverly Hills*, No. CV 19-4391 DSF (EX), 2021 WL 2638993, at *4 n.6 (C.D. Cal. Feb. 8, 2021).  Requesting that the Court make a judgment about the admissibility of "evidence"[2] for trial before the pleadings have been settled, before a scheduling order has been issued, and before discovery has even opened, is simply not appropriate, and is not a good use of judicial resources.  *See generally* Fed. R. Civ. Pro. 16 and 26.  The motion should therefore be denied as an improper and premature procedure.

---

[1] The Court has already struck six other "motions *in limine*" in this action.  *See* Dkt. 18, 26 (striking Dkt. 17, 20, 21, 22, 23, and 24).

[2] In point of fact, what Wolstenholme is offering is not evidence at all, but simply argument about purported similarities between his work and Riot's work.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO ADMIT EVIDENCE

## II. THE PROFERRED "EVIDENCE" IN NO WAY IMPACTS RIOT'S CONCURRENTLY FILED OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE.

While there is no need to consider the substance of the motion, to the extent the motion is being offered to support Wolstenholme's Motion for Leave to File a SAC, nothing in his motion *in limine* would justify granting Wolstenholme's Motion for Leave. Concurrently with this filing, Riot has filed an opposition to Wolstenholme's Motion for Leave to File a SAC which explains that the SAC is futile, among other reasons, because (1) Wolstenholme has not complied with the Copyright Act's registration requirement and (2) his proposed SAC does not plausibly allege copying of protected expression that would support a copyright claim.

At most, the sort of "comparison of characters and story arcs" contained in this motion *in limine* go to the second argument about whether Wolstenholme has adequately alleged copying of protected expression. But the first defect—failure to comply with the registration requirement—is case dispositive and precludes a granting of leave to amend. "[P]ermitting amendment to cure a claimant's failure to register its copyright before suing would undermine the objectives animating the Supreme Court's decision in *Fourth Estate*," and is contrary to 17 U.S.C. § 411(a)'s requirement that registration be made before instituting the action. *Izmo, Inc. v. Roadster, Inc.*, 2019 WL 2359228, at *2 (N.D. Cal. June 4, 2019); *see also Washoutpan.com, LLC v. HD Supply Constr. Supply Ltd.*, 2019 WL 9050859, at *2 (C.D. Cal. Aug. 5, 2019) (plaintiff who filed suit before obtaining a copyright could not "cure that defect by amending the complaint after the Copyright Office completed registration of the copyright."). These "comparison of characters and story arcs" therefore could not save his claims, even if they were sufficient to plausibly allege substantial similarity of protected expression.

While the Court certainly need not wade into the details of these allegations,

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

reviewing them may be helpful to understand exactly how meritless Wolstenholme's claims are.  Wolstenholme compares Viktor, a character in Riot's *Arcane* to "central elements of Bloodborg: The Harvest."  Mot. at 3:6-8.  His comparison supposedly shows similarities between the "themes" of Viktor's "physical weakness and cybernetic enhancement" and characters in "Bloodborg" that similarly "struggl[e] with physical degradation."  Mot. at 6:13-7:4.  Such broad and commonplace literary devices cannot support a claim for infringement. *Cavalier v. Random House, Inc.*, 297 F.3d 815, 823 (9th Cir. 2002) ("Familiar stock scenes and *themes* that are staples of literature are not protected.") (emphasis added).  Wolstenholme also claims that both Viktor and characters in Wolstenholme's "Bloodborg" are impacted by "systemic oppression" or "societal divisions."  Mot. at 8:8-24.  Riot need not belabor the point, but the fact that what Wolstenholme apparently views as his best evidence relates to supposed similarities of broad themes—for which no one may claim protection or infringement—randomly scattered throughout the works, confirms that Wolstenholme's claims lack any plausibility.  No amount of allegations of this caliber can support a claim for copyright infringement.

## III.    **CONCLUSION**

For the foregoing reasons, Riot respectfully requests that the Court deny Wolstenholme's motion *in limine* in full.

DATED:  February 5, 2025            GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP


By:    */s/ Aaron J. Moss*
AARON J. MOSS (SBN 190625)
JOSHUA M. GELLER (SBN 295412)
Attorneys for Defendant
Riot Games, Inc.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Riot Games, Inc., certifies that this Memorandum of Points and Authorities contains <u>846</u> words in compliance with the word limit of Local Rule 11-6.1.


DATED:  February 5, 2025                    GREENBERG GLUSKER FIELDS
                                            CLAMAN & MACHTINGER LLP


                                            By:___/s/ Aaron J. Moss_____
                                            AARON J. MOSS (SBN 190625)
                                            JOSHUA M. GELLER (SBN 295412)
                                            Attorneys for Defendant
                                            Riot Games, Inc.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067