Marc Wolstenholme
5 Shetland Close
Coventry, England CV5 7LS
Telephone: 044 7827964404
Email: marc@mvwolf-fiction.co.uk
Plaintiff in Pro Per

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC WOLSTENHOLME, <br><br>     Plaintiff, <br><br> vs. <br><br> RIOT GAMES, INC., <br><br>     Defendant | CASE NO. 2:25-CV-00053-FMO-BFM <br><br> HON. FERNANDO M. OLGUIN <br><br> PLAINTIFF'S RULE 26(F) DISCOVERY PLAN- REFUSALS TO PROVIDE DISCOVERY |

Dated this: 05 FEBRUARY 2025

*M.WOLSTENHOLME*
[MARC WOLSTENHOLME]

1

PLAINTIFF'S REQUEST FOR REMOTE APPEARANCE AT CASE MANAGEMENT HEARING:

**Re: Rule 26(f) Conference & Discovery Scope**

**Riot must engage in FULL discovery, including financial & creative development materials.**

Dear Aaron,

Thank you for your email. I acknowledge your correction regarding the timing of discovery but believe this to be a legal distraction to prevent discovery and to waste time and to limit discovery. This was only corrected after I had informed you that you were incorrect as per the Judges order. The order was,

> "The Joint Rule 26(f) Report shall be drafted by plaintiff (unless the parties agree otherwise) but shall be submitted and signed jointly. "Jointly" contemplates a single report, regardless of how many separately represented parties there are. The Joint Rule 26(f) Report shall specify the date of the scheduling conference on the caption page."

Moreover, as soon as the Judge made your motions to dismiss moot and terminated, Josh Geller took a month long leave of absence, further hindering the case and discovery and I had to send a number of emails to get a response. Additionally, Christian Linke, the "Writer" of Arcane has reportedly resigned causing more harm to the case and to discovery. I've attached the email I sent you today as evidence along with your admittance.

2
PLAINTIFF'S REQUEST FOR REMOTE APPEARANCE AT CASE MANAGEMENT HEARING:

Riot Games' actions—including Josh Geller's sudden leave of absence, Christian Linke's reported resignation, closing down Riot Forge, and their continued delays in responding to discovery—is viewed as bad faith litigation tactics designed to obstruct the case and hinder discovery.

Given that discovery has already commenced, I expect full cooperation in responding to my discovery requests without further delay. I have provided a discovery plan and a checklist of which I expect to be used to evidence your engagement in the discovery process.

**Regarding your proposal to bifurcate discovery:**

I do NOT agree to bifurcation that limits discovery solely to the issue of access.

Access is NOT the only threshold issue—substantial similarity, financial damages, and internal development records must be considered together. Additionally, the Judge has also made this motion of access moot and terminated.

Bifurcation would prejudice my ability to prove infringement, as copyright cases require evaluating multiple factors simultaneously. This would not allow justice nor the case to be heard on its merits.

**Regarding your proposed Motion for Protective Order:**

All my discovery requests are relevant to this case and necessary to establish infringement, damages, and Riot's internal knowledge.

3
PLAINTIFF'S REQUEST FOR REMOTE APPEARANCE AT CASE MANAGEMENT HEARING:

If Riot believes any documents are privileged or unduly burdensome to produce, it must provide a privilege log with justifications.

I will oppose any attempt to withhold relevant financial, contractual, or development materials.

**Limit discovery to access**

Riot is trying to limit discovery to access, delaying full discovery of the substantial similarity, financial records, and development logs.

Since discovery was already open, your refusal to engage earlier was improper. Given this:

Riot must now comply fully and cannot delay further.

Any past refusals to provide discovery should be sanctioned.

4
PLAINTIFF'S REQUEST FOR REMOTE APPEARANCE AT CASE MANAGEMENT HEARING:

**Key Issues & Their Legal Implications**

***JUDGE HAS ALREADY MOOTED & TERMINATED PRIOR MOTIONS TO DISMISS***

Since the judge terminated Riot's previous Motions to Dismiss, you cannot re-argue the same dismissal grounds without new legal justifications, such already failed motions include copyright registration, failure to state a claim, and an issue of access, and so on.

If you attempt another Motion to Dismiss, I will argue that it is procedurally improper, harassing, bad faith, and redundant, as your previous motions were terminated by the judge.

If you cite new reasons, I demand that you provide clear legal basis instead of attempting to relitigate dismissed arguments.

**Josh Geller's Absence and Linke's Resignation Delayed Discovery**

Geller's sudden month-long leave of absence after the judge's ruling caused unnecessary delays in case progression. Christian Linke's reported resignation has a negative impact on discovery. Linke was the alleged key writer of Arcane and may have critical knowledge of its development.

**Legal Issue:**

This is bad faith litigation conduct under FRCP Rule 37 (Failure to Make Disclosures or Cooperate in Discovery).

Anymore bad faith will force me to request a court order to enforce compliance and seek sanctions for discovery misconduct.

Because of this I request:

1. I Demand Riot Games confirm whether Linke's emails, Slack messages, and internal Riot communications are still available.
2. I Request that Linke be subpoenaed for deposition to testify about his involvement in Arcane's development.
3. If Riot claims they lost access to his records, I will request an adverse inference sanction, arguing that they intentionally hindered discovery.

**Pattern of Delays & Obstruction**

Riot Games has repeatedly delayed responses, including:

Refusing pre-litigation discovery.

Filing multiple motions to dismiss.

Now proposing bifurcation of discovery to further stall the case.

**Legal Issues:**

Under FRCP Rule 26(g), parties are required to engage in discovery in good faith.

A pattern of strategic delays can be grounds for sanctions under Rule 37(b) (Failure to Comply with a Discovery Order).

If delays continue, I will file a Motion to Compel Discovery and request sanctions under FRCP Rule 37.

I look forward to discussing these matters further at the Rule 26(f) conference, but I expect that full discovery will proceed without unnecessary delays or procedural restrictions.

**I have prepared documents to aid discovery.**

Again, I have prepared and sent you.

1. PLAINTIFF'S RULE 26(F) DISCOVERY PLAN (5 Feb 2025)
2. PLAINTIFF'S PRE-LITIGATION DISCOVERY REQUESTS AND RULE 26(F) CONFERENCE PREPARATION (5 Feb 2025)
3. REFUSALS TO PROVIDE DISCOVERY (5 Feb 2025)

I must add, I am dissatisfied with your conduct and disappointed that we have to conduct the case in this manner. I hoped we had turned a positive corner and that we could cooperate to aid the court. I still believe there is hope, but I don't much like threats and shady tactics. I hope we can have a more pleasant conference without the underhandedness and legal tactics to evade proper lawful outcomes. I will warn, I'm still debating which cases I will proceed with, following these proceedings, or perhaps alongside these proceedings. If it continues, I'll get upset and seek further correction into my wider concerns and complaints.

# Email Evidence

I look forward to your reviewing the draft Rule 26(f) report and adding to it. I will prepare my final input thereafter accordingly. Please send the re-draft as soon as possible so I have sufficient time to review it before the meeting.

Many Thanks,

Marc Wolstenholme

2 attachments • Scanned by Gmail

PLAINTIFF'S RUL...    PLAINTIFF'S Pre-...

**Moss, Aaron**
to me, Andrew, Joshua
22:37 (10 minutes ago)

Dear Marc,

We don't have an objection to you attending the conference with the two individuals referenced below. In addition, please note that, with regards to discovery, I just checked Judge Olguin's Standing Order (attached) and per that order "The court allows discovery to commence as soon as the first answer or motion to dismiss is filed." So I was mistaken with respect to the information I gave you earlier, namely that "discovery has not yet opened in the case."

That said, we continue to believe that the parties should discuss the appropriate scope of discovery at the Rule 26(f) conference (as we are required to do) in light of the issues Riot has raised regarding your lack of a copyright registration for Bloodborg. In addition, we believe that discovery, should it proceed, be bifurcated, and that the initial phase be limited to the issue of whether Riot had "access" to the material you claim was infringed. We intend to bring a Motion to Bifurcate the case (should it proceed) into an initial phase of fact discovery solely as to access, concluding with a summary judgment motion limited to that issue. If that motion is denied, the case would proceed to fact and expert discovery on the remaining issues.

Access is a narrow and threshold issue in the case, and bifurcation would simply and streamline discovery, saving the Court and the parties considerable time, burden, and expense, and will further the interest of judicial economy.

We may also bring a Motion for Protective Order to protect Riot from discovery of materials that are unduly burdensome, harassing or disproportional to the needs of the case].

We look forward to discussing these issues with you further.

Regards,
Aaron

**Re: Rule 26(f) Conference & Discovery Scope- CASE NO. 2:25-CV-00053-FMO-BFM**   External   Inbox

Summarise this email

**Marc Wolstenholme** <marc@mwwolf-fiction.co.uk>
to Aaron, Andrew, Joshua, Kristine, dan.chang, foiaquestions
21:54 (1 hour ago)

Dear Aaron,

Thank you for confirming the February 13 Rule 26(f) conference at 9 AM Pacific Time. I acknowledge that formal discovery has not yet opened, but given that pre-litigation discovery requests have already been made, I expect that we will clarify the full scope and timing of discovery in the 26(f) report. I have provided a discovery plan to work from.

To ensure transparency and efficiency, I request that:

1. Riot clearly outlines any objections to discovery requests in writing, along with specific justifications.
2. All major discovery topics, including document production timelines, witness depositions, and metadata requests, be addressed in the report.
3. The meeting be recorded for accuracy.
4. Riot reads my Discovery Plan and understands I will be pushing for every item of the provisional checklist, already provided to Riot Game.

The Judge ordered, *"The Joint Rule 26(f) Report shall be drafted by plaintiff (unless the parties agree otherwise) but shall be submitted and signed jointly. "Jointly" contemplates a single report, regardless of how many separately represented parties there are. The Joint Rule 26(f) Report shall specify the date of the scheduling conference on the caption page."*

I look forward to your reviewing the draft Rule 26(f) report and adding to it. I will prepare my final input thereafter accordingly. Please send the re-draft as soon as possible so I have sufficient time to review it before the meeting.

Many Thanks,

Marc Wolstenholme



9

PLAINTIFF'S REQUEST FOR REMOTE APPEARANCE AT CASE MANAGEMENT HEARING:

The Plaintiff, Marc Wolstenholme, M.W. Wolf.

Date: February 5, 2025

Signed: *M.WOLSTENHOLME*

10
PLAINTIFF'S REQUEST FOR REMOTE APPEARANCE AT CASE MANAGEMENT HEARING: