Marc Wolstenholme
5 Shetland Close
Coventry, England CV5 7LS
Telephone: 044 7827964404
Email: marc@mvwolf-fiction.co.uk
Plaintiff in Pro Per

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC WOLSTENHOLME,<br><br>Plaintiff,<br><br>vs.<br><br>RIOT GAMES, INC.,<br><br>Defendant | CASE NO. 2:25-CV-00053-FMO-BFM<br><br>HON. FERNANDO M. OLGUIN<br><br>PLAINTIFF'S MOTION TO COMPEL DISCOVERY PURSUANT TO RULE 37 AND REQUEST FOR JUDICIAL INTERVENTION |

Dated this: 06 FEBRUARY 2025

Date: March 6, 2025
Time: 10:00 a.m.
Courtroom: 6D

*M.WOLSTENHOLME*
[MARC WOLSTENHOLME]

1

PLAINTIFF'S MOTION TO COMPEL DISCOVERY PURSUANT TO RULE 37 AND REQUEST FOR JUDICIAL INTERVENTION

## I. INTRODUCTION

Plaintiff Marc Wolstenholme respectfully submits this Motion to Compel Discovery pursuant to Federal Rule of Civil Procedure 37(a), seeking the Court's intervention to enforce Defendant Riot Games, Inc.'s compliance with discovery obligations. Defendant has repeatedly delayed, obstructed, and refused to provide relevant discovery materials, thereby hindering Plaintiff's ability to effectively litigate this case. Plaintiff also seeks judicial intervention to ensure timely and fair discovery moving forward. The Plaintiff alleges that the defendant attempted to bully the discovery process by taking leave of absence, stating that discovery had not yet begun, refusing to let the Plaintiff record the conference and stating that they would make the plan. Moreover, Riot Games' actions—including Josh Geller's sudden leave of absence, Christian Linke's reported resignation, closing down Riot Forge, and their continued delays in responding to discovery—is viewed as bad faith litigation tactics designed to obstruct the case and hinder discovery.

It's alleged that once they realized they could not bully their way through the discovery, they filed more motions to hinder the progress of which matters the judge had already terminated.

## II. BACKGROUND

Delays in Discovery Responses: Riot Games has caused significant delays by:

Failing to produce relevant documents despite repeated requests.

Misrepresenting the status of discovery—initially claiming it had not commenced.

2

PLAINTIFF'S MOTION TO COMPEL DISCOVERY PURSUANT TO RULE 37 AND REQUEST FOR JUDICIAL INTERVENTION

Proposing bifurcation of discovery solely to narrow it to the issue of "access," which unnecessarily prolongs litigation.

On top of the prementioned conducts and behaviors. This shows dogged and relentless bad conduct and aggressive tactics to not let this case be heard on its merits. If they were not guilty and had nothing to hide, why would they be acting in such an unprofessional and harmful manner?

*Obstruction of Key Discovery:*

Defendant has failed to produce communications, development records, and financial data related to Arcane and Bloodborg, despite these being highly relevant to Plaintiff's claims of copyright infringement and damages. Additionally, their communications show that they are unwilling to produce this evidence at, or as a result of the conference, scheduled for the 13th of February 2025.

Defendant has not confirmed whether key records, such as those of Christian Linke (a central figure in Arcane), have been preserved or are accessible.

Repeated Procedural Delays: Defendant's legal representatives have engaged in tactics to delay discovery, including the sudden leave of lead counsel and proposing motions to restrict discovery scope. These tactics are prejudicial to Plaintiff and waste judicial resources.

## III. LEGAL STANDARD

Under FRCP Rule 37(a)(3)(B), a party may move to compel discovery if:

Another party fails to respond to a discovery request;

Responses provided are evasive or incomplete; or

A party refuses to produce requested documents or other tangible items.

Courts generally favour broad discovery, particularly in cases involving copyright infringement, where access to evidence is critical for assessing infringement claims, substantial similarity, and damages (Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)).

## IV. ARGUMENT

*A. DEFENDANT'S OBSTRUCTION OF DISCOVERY VIOLATES RULE 26(G) AND RULE 37*

Failure to Provide Relevant Documents:

Plaintiff has requested communications, financial records, and development documents related to Arcane and Bloodborg.

Defendant has failed to provide these materials, despite their clear relevance to:

Demonstrating access to Plaintiff's copyrighted work;

Establishing substantial similarity;

Calculating damages.

Defendant's Misleading Claims Regarding Discovery:

Defendant's initial claim that discovery had not commenced was directly contradicted by Judge Olguin's Standing Order, which permits discovery to commence upon filing of the first motion or answer.

These actions reflect a pattern of delay and bad faith.

**Request to Confirm Preservation of Key Records:**

Defendant must confirm whether communications from key personnel, such as Christian Linke, and Riot Forge have been preserved and are accessible.

If records are no longer available, Plaintiff requests an adverse inference instruction due to potential spoliation (FRCP Rule 37(e)).

*B. DEFENDANT'S PROPOSAL TO BIFURCATE DISCOVERY IS PREJUDICIAL AND INEFFICIENT*

Access Is Only One Element of Copyright Infringement:

Limiting discovery to "access" disregards the interrelated nature of access, substantial similarity, and damages in copyright cases.

Plaintiff requires full discovery to prove:

Defendant's access to Bloodborg;

Substantial similarity between the works;

Financial benefits derived from the infringement.

Bifurcation Delays Resolution:

Separating discovery into multiple phases creates unnecessary delays and duplicates effort, wasting both judicial and party resources.

### C. DEFENDANT'S CONDUCT WARRANTS JUDICIAL INTERVENTION

Defendant's repeated refusal to provide discovery materials and obstructionist tactics necessitate judicial intervention to:

Compel production of requested documents;

Ensure compliance with discovery deadlines;

Prevent further delays that unfairly prejudice Plaintiff.

Prevent further harm to the plaintiff, his literary IP and his emotional wellbeing.

## V. REQUESTED RELIEF

Plaintiff respectfully requests that the Court:

Compel Defendant to Produce the Following Discovery Materials:

All internal communications (emails, Slack messages, meeting notes) related to Arcane's development.

All financial records related to profits derived from Arcane and related media.

All correspondence with third-party entities, including Netflix, Curtis Brown Group, and United Talent Agency.

Development timelines and storyboards for Arcane.

Contracts, NDAs, and agreements involving voice actors and production staff.

Order Riot Games to Confirm Preservation of Evidence:

Defendant must confirm whether records from key personnel, such as Christian Linke, Rowen Parker and Riot Forge have been preserved.

If records are missing, Plaintiff requests an adverse inference instruction.

Deny Defendant's Proposal to Bifurcate Discovery:

The Court should allow full discovery to proceed concurrently, avoiding unnecessary delays.

Impose Sanctions Under Rule 37(b):

Plaintiff requests monetary sanctions or other appropriate measures due to Defendant's obstructive conduct and bad faith litigation tactics.

**VI. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion to Compel Discovery, deny Defendant's motion to bifurcate discovery, and impose sanctions as deemed appropriate.

# DECLARATION OF MARC WOLSTENHOLME IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY PURSUANT TO RULE 37

I, Marc Wolstenholme, declare as follows:

*Personal Background:*

I am the Plaintiff in the above-captioned matter and represent myself in this litigation.

I am a resident of Coventry, England, and the author of the copyrighted material Bloodborg: The Harvest.

*Efforts to Obtain Discovery:*

On multiple occasions, I have requested discovery materials from Defendant Riot Games, Inc. related to the claims of copyright infringement and damages outlined in my Complaint and Amended Complaint.

These requests have included, but are not limited to, documents concerning the development of Arcane, financial records of the series, and communications with third-party entities such as Netflix and Curtis Brown Group.

*Defendant's Non-Compliance:*

Despite repeated efforts, Defendant has failed to produce the requested documents and has engaged in delay tactics, including withholding relevant materials and proposing an unjustified bifurcation of discovery.

Defendant's refusal to provide timely and complete responses has hindered my ability to prosecute my claims effectively.

*Efforts to Resolve Discovery Disputes Informally:*

I have attempted to resolve these disputes informally by communicating directly with Defendant's counsel through email correspondence and conference discussions.

These efforts have been unsuccessful as Defendant continues to obstruct and delay discovery.

*Prejudice to Plaintiff:*

Defendant's refusal to produce key discovery materials has caused significant prejudice to my case by limiting my ability to:

Establish access to Bloodborg: The Harvest.

Demonstrate substantial similarities between my work and Arcane.

Quantify financial damages resulting from Defendant's infringement.

*Request for Judicial Intervention:*

I respectfully request that the Court compel Defendant to produce all outstanding discovery materials identified in my motion.

Furthermore, I seek confirmation that relevant evidence, including communications from key personnel such as Christian Linke, has been preserved.

*Sanctions:*

I believe Defendant's conduct warrants sanctions under Federal Rule of Civil Procedure 37 for willful non-compliance with discovery obligations and for delaying the litigation process.

*Verification:*

12

PLAINTIFF'S MOTION TO COMPEL DISCOVERY PURSUANT TO RULE 37 AND REQUEST FOR JUDICIAL INTERVENTION

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on February 6, 2025, at Coventry, England.

Respectfully submitted,

The Plaintiff, Marc Wolstenholme, M.W. Wolf.

Date: February 6, 2025

Signed: *M.WOLSTENHOLME.*

13

PLAINTIFF'S MOTION TO COMPEL DISCOVERY PURSUANT TO RULE 37 AND REQUEST FOR JUDICIAL INTERVENTION