Marc Wolstenholme
5 Shetland Close
Coventry, England CV5 7LS
Telephone: 044 7827964404
Email: marc@mvwolf-fiction.co.uk
Plaintiff in Pro Per

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MARC WOLSTENHOLME, | CASE NO. 2:25-CV-00053-FMO-BFM |
|---|---|
| Plaintiff, | HON. FERNANDO M. OLGUIN |
| vs. | RESPONSE TO RIOT'S RECAP OF THE RULE 26(F) CONFERENCE |
| RIOT GAMES, INC., | |
| Defendant | |

Dated this: 13 FEBRUARY 2025

*M.WOLSTENHOLME*
[MARC WOLSTENHOLME]

1
RESPONSE TO RIOT'S RECAP OF THE RULE 26(F) CONFERENCE

**RESPONSE TO RIOT'S RECAP OF THE RULE 26(F) CONFERENCE**

**EMAIL FROM MOSS, AARON**

**Draft Joint Rule 26(f) Report - Wolstenholme v. Riot Games**

**Moss, Aaron**

**Attachments**

**01:43 (22 minutes ago)**

**to me, Joshua, Andrew**

*"Dear Marc,*

*Thank you for a productive Rule 26(f) conference this morning. To recap the key issues we discussed:*

*Riot continues to maintain that, under the Supreme Court's decision in Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC, the copyright registration requirement is not satisfied based on the filing of an application for copyright registration, but rather only after the Register of Copyrights has registered a copyright after examining a properly filed application. We understand that you disagree, and that this issue will be presented to the court on February 27 at the hearing on your Motion for Leave to File a Second Amended Complaint.*

*To respond to your questions and proposals regarding settlement, I've conferred with our client, and Riot is amenable to an early settlement conference in front of our district judge or a magistrate judge. To be clear, I have no indication that Riot is looking to settle this case, but it is willing to engage in an early settlement conference. Assuming you agree, the attached draft Joint 26(f) report contains such a request.*

*In the event the complaint is not dismissed, we indicated that Riot intends to conduct discovery regarding your claims that you submitted copies of "Bloodborg: The Harvest" through a portal on the Riot Forge website on April 15 and 19, 2020. We will also request a copy of your manuscript, as neither we nor Riot has ever seen it. We understand that you intend to conduct discovery on the topics set forth in the checklist you provided us last week. Just to be clear, we pointed out and you confirmed that the checklist you provided on Feb. 5 does not constitute formal discovery requests to which Riot must respond. Riot will of course timely respond to formal discovery requests if/when they are served. We encouraged you to consult FRCP 26, 33, and 34 (as well as other resources interpreting those rules) to ensure that any formal written discovery requests comply with these rules. Among other things, document requests must describe with reasonable particularity each item or category of items to be inspected.*

We discussed that, in the event the case is not dismissed, Riot intends to bring a motion to bifurcate the issue of access, and to limit initial discovery to this issue. We understand that you disagree, and believe that discovery should proceed on all issues in the case.

3

RESPONSE TO RIOT'S RECAP OF THE RULE 26(F) CONFERENCE

Regarding witnesses, we believe that the percipient witnesses are you, Christian Linke and Alex Yee. You indicated that you had a longer list of witnesses.  We've left space in the attached Rule 26(f) report for you to list those witnesses.

After you've had a chance to review the report, please let us know if you have any proposed revisions or additions. We look forward to working cooperatively to present a joint submission to the Court in advance of the upcoming scheduling conference.

Sincerely,

Aaron Moss"

**FORMAL RESPONSE TO RIOT'S RECAP OF THE RULE 26(F) CONFERENCE**

**1.  Copyright Registration Issue**

Riot's argument regarding Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC, 586 U.S. ___ (2019), is an attempt to delay proceedings unnecessarily. While the Supreme Court held that registration is a prerequisite to filing a copyright lawsuit, it also acknowledges that expedited processing can allow litigation to proceed before final registration is issued. Given that my copyright registration is pending, and I have the option of requesting expedited processing, this issue does not invalidate my claim but merely impacts timing.

Additionally, courts have held that when a copyright application has been submitted and processing is underway, courts can stay proceedings if necessary rather than

4
RESPONSE TO RIOT'S RECAP OF THE RULE 26(F) CONFERENCE

dismissing the case outright (see e.g., Cosmetic Ideas, Inc. v. IAC/Interactivecorp, 606 F.3d 612 (9th Cir. 2010)). Dismissal on this ground would be improper.

### 2. Settlement Conference

I acknowledge Riot's willingness to participate in an early settlement conference before a district or magistrate judge. However, Riot's statement that it has no indication of a desire to settle contradicts the fundamental purpose of settlement conferences. If Riot is serious about resolving this matter early, it should indicate a willingness to engage in meaningful negotiations, rather than using a settlement conference as a procedural formality. I find this highly contradicting, if not manipulative. Please could you clear this up for me.

I remain open to good-faith negotiations but emphasize that my settlement demands will increase each day as litigation continues.

### 3. Discovery Matters

I note Riot's position regarding discovery, specifically:

Riot's intent to limit discovery to the issue of access via a motion to bifurcate.

Riot's intention to conduct discovery regarding my submission of Bloodborg: The Harvest to Riot Forge in April 2020.

Riot's request for a copy of my manuscript.

Access has already been established through substantial evidence, including Riot's direct receipt of my work through Riot Forge, Curtis Brown Group and UTA. Limiting discovery to this issue is an unnecessary delay tactic.

The court has already ruled that my copyright claims are not frivolous. Discovery should proceed in full rather than being limited to a single issue that Riot is attempting to challenge procedurally.

Riot claiming to have never seen my manuscript is misleading given its documented submission to their official channels. This should be resolved through discovery, not through contested procedural motions.

### 4. Witness List & Additional Considerations

Riot's claim that the only percipient witnesses are myself, Christian Linke, and Alex Yee, is highly inaccurate. My witness list is extensive and includes:

Multiple Riot employees involved in Arcane's development.

Former Riot and Fortiche employees with relevant knowledge.

Jane Hoffacker, Executive Producer on Arcane

Talent agency representatives connected to Curtis Brown Group and UTA.

All cast members of Arcane.

Industry experts who can provide testimony on creative industry practices, copyright infringement, and production timelines.

I will provide a formal witness list in my revisions to the Rule 26(f) report.

6
RESPONSE TO RIOT'S RECAP OF THE RULE 26(F) CONFERENCE

**Next Steps**

I will review the draft joint Rule 26(f) report and propose necessary revisions.

I will add my checklist as an exhibit.

I will make an extensive list of witnesses, and add it to the draft joint Rule 26(f) report.

I will attach minute notes and a transcript of the conference as an exhibit.

I expect Riot to clarify its true position on settlement—whether the conference is genuine or just a formality to satisfy procedural requirements.

I reiterate my opposition to bifurcating discovery, as access has already been established, and the case involves multiple complex issues that cannot be artificially separated.

**Declaration**

I, Marc Wolstenholme, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

The Plaintiff, Marc Wolstenholme, M.W. Wolf.

Date: February 13, 2025

Signed: *M.WOLSTENHOLME.*

8

RESPONSE TO RIOT'S RECAP OF THE RULE 26(F) CONFERENCE