UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-0053 FMO (BFMx) | Date | February 18, 2025 |
|---|---|---|---|
| Title | Marc Wolstenholme v. Riot Games, Inc. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:**    (In Chambers) Order Re: Pending Motions

Having reviewed and considered pro se plaintiff's Motion for Leave to File a Second Amended Complaint (Dkt. 28, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

Even after a complaint has been amended or a responsive pleading has been served, the Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). Given the policy favoring amendment of complaints, the court is persuaded, under the circumstances here, that plaintiff should be granted leave to amend the complaint.

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's Motion to Amend **(Document No. 28)** is **granted**.

2. Plaintiff shall, no later than five court days from the filing of this Order, file his Second Amended Complaint in compliance with Local Rule 3-2.

3. The pending motion to dismiss **(Document No. 19)** is **denied as moot**. Plaintiff's Request for Remote Appearance **(Document No. 29)** is **denied as moot**.

4. Defendant shall file its Answer to the Second Amended Complaint or a motion pursuant to Fed. R. Civ. P. 12 no later than **March 7, 2025**.

5. In the event defendant wish to file a motion to dismiss, the parties are excused from the meet and confer requirement for purposes of such motion.

6. Plaintiff's Motion in Limine to Admit Evidence **(Document No. 30)** is **denied**. To the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-0053 FMO (BFMx) | Date | February 18, 2025 |
|---|---|---|---|
| Title | Marc Wolstenholme v. Riot Games, Inc. | | |

extent plaintiff has additional factual allegations or wishes to rely on photographs/graphics at this stage of the proceedings, he shall include them in the Second Amended Complaint.

      7. Plaintiff's documents filed at Dkt. Nos. 42, 43, 44, 45, 46, 47, 48, 49, 50, 51 are hereby **stricken**. Plaintiff is cautioned to become familiar with the Federal Rules of Civil Procedure, as well as the Local Rules of this District. The court declines to consider random documents that are not filed in connection with the Local Rules (e.g., a motion, opposition or reply brief), the Federal Rules or a court order. In other words, the court will not consider requests for judicial notice that are filed in a procedural vacuum. See, e.g., Holland v. King County Adult Detention, 2013 WL 1192763, *1-2 (W.D. Wash. 2013) (denying request for judicial notice filed in a "procedural vacuum"); Seguin v. Suttell, 2013 WL 5523703, *2 (D.R.I. 2013) ("The court . . . cautions plaintiff not to clutter this court's docket with repetitive motions for judicial notice[.]"). Plaintiff is hereby advised that if he continues to file random documents that have no basis in the applicable rules or court orders, the court shall revoke his privileges for electronic filing.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |