AARON J. MOSS (SBN 190625)
AMoss@ggfirm.com
JOSHUA M. GELLER (SBN 295412)
JGeller@ggfirm.com
ANDREW P. LUX (SBN 345915)
ALux@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone:  310-553-3610
Facsimile:  310-553-0687

Attorneys for Defendant
Riot Games, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC WOLSTENHOLME,<br><br>             Plaintiff,<br><br>      v.<br><br>RIOT GAMES, INC.,<br><br>             Defendant. | Case No. 2:25-cv-00053-FMO-BFM<br><br>*Hon. Fernando M. Olguin*<br><br>**DEFENDANT RIOT GAMES, INC.'S RULE 26(F) REPORT**<br><br>Date: March 6, 2025<br>Time: 10:00 a.m.<br>Crtrm.: 6D |

Pursuant to the Federal Rules of Civil Procedure, Rule 26(f), the Local Rules for the Central District of California, Rule 26-1, and the Court's January 30, 2025, Order Setting Scheduling Conference (Dkt. 34), Defendant Riot Games, Inc. ("Riot") submits the following Rule 26(f) Report. Riot apologizes to the Court that it is unable to file a joint statement with Plaintiff Marc Wolstenholme. Riot earnestly endeavored to put together such a joint statement over the course of more than two weeks since the parties held a virtual meeting via Zoom to discuss these issues pursuant to Rule 26(f) on February 13, 2025. Despite dozens of emails back and forth and numerous drafts and revisions, the final version of the report that Wolstenholme sought to file was not acceptable to Riot. The report was nearly 40 pages long and included not only extraneous and improper legal arguments, but also included numerous personal attacks on Riot's counsel. In light of this conduct, Riot feels compelled to file its brief statement separately.

In light of Wolstenholme's *pro se* status and the unique circumstances of this case, Riot requests that the court conduct a hearing on the scheduling matters set forth in this report on the March 6, 2025, hearing date. As Wolstenholme currently resides in the United Kingdom, Riot is amenable to his request to appear remotely at the March 6, 2025, Scheduling Conference. In addition, as discussed further below, Riot believes that this case would benefit from an early settlement conference with the Court or the Magistrate Judge. Riot respectfully believes that Wolstenholme does not understand U.S. Copyright Law, that there has been no infringement, and that he is not entitled to any damages whatsoever. Riot believes that an early settlement conference by which a neutral party evaluates the case and opines as to the likely result if the matter proceeds to summary judgment or trial may be helpful in getting the matter resolved.

I.   **PROCEDURAL HISTORY**

On October 31, 2024, Wolstenholme filed a complaint against Riot for copyright infringement (direct and vicarious), unfair competition, and intentional

infliction of emotional distress in the Superior Court for the County of Los Angeles. Dkt. 1, Exh. A.  Because federal courts have exclusive jurisdiction over complaints alleging copyright infringement, Riot removed the action to this Court on January 3, 2025.  Dkt. 1.  On January 10, 2025, Riot filed a motion to dismiss under FRCP 12(b)(6) or, in the alternative, for a more definite statement under FRCP 12(e). Dkt. 7.  Wolstenholme thereafter filed a First Amended Complaint ("FAC") on January 13, 2025.  Dkt. 11.

On January 27, 2025, Riot filed a motion to dismiss Wolstenholme's FAC. Dkt. 19.  Two days later, on January 29, 2025, Wolstenholme filed a motion for leave to amend the FAC (Dkt. 28) concurrently with filing a proposed Second Amended Complaint ("SAC").  Dkt. 27.  On January 30, 2025, the Court denied Riot's Motion to Dismiss the FAC as moot in light of Wolstenholme's pending Motion for Leave to Amend.  Dkt. 33.  On February 18, 2025, the Court granted Wolstenholme's Motion for Leave to Amend.  Dkt. 52.  Riot understands that Wolstenholme has attempted to file a SAC, but that due to its volume, it has not yet been filed with CM/ECF, and so Riot has not yet had an opportunity to review the SAC.

## II.   STATEMENT OF CASE

In his FAC, Wolstenholme asserts claims for copyright infringement, unfair competition, and intentional infliction of emotional distress against Riot Games, Inc., alleging unauthorized use of his copyrighted work, "Bloodborg: The Harvest," in the Netflix series *Arcane* and spin-off products, shows, merchandise and material.

Riot denies each of Wolstenholme's claims. With respect to Wolstenholme's copyright infringement claims, Riot contends that *Arcane* was created entirely independently of, and without reference to, "Bloodborg: The Harvest."  Riot denies that it had access to Wolstenholme's manuscript, and has not seen the manuscript to this day, as Wolstenholme has not attached it to his complaint.  Riot also denies that

Wolstenholme's manuscript was widely disseminated at any point. In addition, Riot contends that Wolstenholme has not plausibly alleged substantial similarity between *Arcane* and any protectable elements appearing in "Bloodborg: The Harvest," and that the works are not substantially similar as a matter of law. Even if Wolstenholme could establish access and substantial similarity, Riot contends that his claims will still fail because *Arcane* was independently created, which is an absolute defense to Wolstenholme's claims. Riot also contends that Wolstenholme's claim for vicarious infringement fails because his underlying claims for direct infringement fail. With respect to Wolstenholme's claim for unfair competition, Riot contends that this claim is preempted by the Copyright Act. Riot contends that Wolstenholme's claim for intentional infliction of emotional distress is barred by the statute of limitations, barred by the litigation privilege, and that Wolstenholme fails to allege any sufficiently outrageous or otherwise actionable conduct as a matter of law.

### III. SUBJECT MATTER JURISDICTION

This Court has exclusive jurisdiction over all actions arising under the Copyright Act. 28 U.S.C. § 1338(a). This Court has supplemental jurisdiction over Wolstenholme's claims for unfair competition and intentional infliction of emotional distress. 28 U.S.C. § 1367.

### IV. LEGAL ISSUES

Riot identifies the following key legal issues:

1. Whether Riot had access to "Bloodborg: The Harvest";
2. Whether *Arcane* and "Bloodborg: The Harvest" are substantially similar in their protectable elements;
3. Whether Riot independently created *Arcane*; and
4. Whether and to what extent Wolstenholme is entitled to damages or other relief.

## V. PARTIES AND EVIDENCE

Wolstenholme is an individual who resides in the United Kingdom. Riot is a Delaware corporation headquartered in Los Angeles, California, and operates as a wholly-owned subsidiary of Tencent Holdings, Ltd.

Riot anticipates that key relevant evidence will include Wolstenholme's manuscript "Bloodborg: The Harvest," Riot's television series *Arcane*, as well as documents and testimony concerning alleged Riot's alleged access to the manuscript and substantial similarity.

At this time, Riot identifies the following potential percipient witnesses:

1. Marc Wolstenholme;
2. Christian Linke;
3. Alex Yee
4. Corporate representative of Riot to address the operation and cessation of Riot Forge, its submissions policies and practices, if any, and other information pertinent to access.

## VI. INSURANCE

Riot has an insurance policy that may cover Wolstenholme's claims, subject to a retention (deductible) that has not yet been satisfied. Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iv), Riot will produce for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

## VII. MAGISTRATE JUDGE

Riot does not consent to a Magistrate Judge to preside over this action for all purposes, including trial.

## VIII. DISCOVERY

Pursuant to Rules 26(f)(2) and 26(f)(3), Local Rule 26-1(f), and the Court's Order Setting Scheduling Conference (Dkt. 34), the parties discussed a potential

1  discovery plan, and whether discovery should be conducted in phases or be limited
2  to or focused on particular issues. As stated above, the parties were unable to reach
3  an agreement.
4       Riot anticipates conducting written discovery and depositions into the legal
5  issues discussed above relating to access, substantial similarity, and damages.
6  However, Riot anticipates filing a motion to bifurcate discovery to allow an initial
7  phase as to access, with all other discovery stayed pending further order of the
8  Court, and to permit Riot to file an initial motion for summary judgment limited to
9  the potentially dispositive issue of access, without prejudice to Riot filing a second
10 motion for summary judgment as to other issues after the close of remaining
11 discovery should the initial motion be denied. *See Changing World Films LLC v.*
12 *Parker*, No. CV 22-9021-DMG (PVCX), 2024 WL 4744006, at *2 (C.D. Cal. Mar.
13 12, 2024) (Gee, J.) (finding bifurcation on the issue of access would promote
14 efficiency as a discrete and dispositive issue that "will save significant time and
15 resources for both sides.").

## IX. INITIAL DISCLOSURES

Riot will make its initial disclosures in conformity with the time period set forth in FRCP 26(a)(1)(C).

## X. MANUAL FOR COMPLEX LITIGATION

Riot believes the procedures set forth in the Manual for Complex Litigation do not apply to this case at this point.

## XI. PROPOSED CASE SCHEDULE

Pursuant to Local Rule 26-1(f), the parties discussed a proposed case schedule, however, the parties were unable to reach an agreement for the reasons indicated above.

Riot proposes a bifurcated schedule, focusing first on access, and then (if necessary) on the balance of the issues in the case. In the event the that the case is

not dismissed in its entirety and the Court grants Riot's Motion to Bifurcate, Riot proposes the following schedule:

| Event | Date |
|---|---|
| Last Day for Early Mandatory Settlement Conference | May 16, 2025 |
| Close of Fact Discovery on Access | June 6, 2025 |
| Summary Judgement Deadline re Access | July 18, 2025 |
| Summary Judgment Opposition re Access | August 8, 2025 |
| Summary Judgment Reply re Access | August 29, 2025 |
| Summary Judgment Hearing re Access | As set by the Court |

Should the Court deny Riot's Motion to Bifurcate, or alternatively grant Riot's Motion to Bifurcate but deny Riot's Motion for Summary Judgment regarding access, Riot's proposes the following schedule, taking into account the fact that, absent bifurcation, this case will be costly and time-consuming to litigate. While the issue of access would be limited to discovery of just two or three percipient witnesses and a limited time period, more expansive fact discovery would be needed on the other issues in the case—including substantial similarity, independent creation, secondary liability and damages. Significant expert discovery may be needed for the substantial similarity inquiry, whereas no experts would be needed for the access issue. It is unrealistic to conduct this voluminous discovery on the truncated schedule proposed by Wolstenholme:

| Event | Date |
|---|---|
| Non-Expert Discovery Cut-Off (includes hearing of discovery motions) | February 6, 2026 |
| Initial Expert Disclosures and Reports | February 27, 2026 |
| Rebuttal Expert Disclosures and Reports | March 20, 2026 |
| Close of Expert Discovery | April 20, 2026 |

| Dispositive Motion Cut-Off (filing deadline) | May 11, 2026 |
| --- | --- |
| Dispositive Motion Oppositions | June 1, 2026 |
| Dispositive Motion Replies | June 22, 2026 |
| Last Day to File Motions *in Limine* | August 26, 2026 |
| Opposition to Motions *in Limine* | September 2, 2026 |
| Final Pretrial Conference | September 16, 2026 |
| Trial Date | October 19, 2026 |

## XII. MOTIONS TO AMEND OR TRANSFER

At this time, Riot Games does not anticipate any motions seeking to add other parties or claims or transfer venue. On January 29, 2025, Wolstenholme filed a Motion for Leave to File a SAC (Dkt. 28). Riot filed its Opposition to Wolstenholme's Motion for Leave to Amend on February 5, 2025. Dkt. 36. On February 18, 2025, the Court granted Wolstenholme's Motion for Leave to Amend. Dkt. 52. Riot understands that Wolstenholme has attempted to file a SAC, but that due to its volume, it has not yet been filed with CM/ECF, and so Riot has not yet had an opportunity to review the SAC.

## XIII. CLASS CERTIFICATION

Riot believes that a class certification is inapplicable.

## XIV. DISPOSITIVE MOTIONS

Riot anticipates filing a motion to dismiss Wolstenholme's SAC on the grounds that, *inter alia*, Wolstenholme has (1) failed to plausibly allege that Riot had access to his work; and (2) failed to plausibly allege substantial similarity of any protected expression. Riot also anticipates filing motions for summary judgment on issues including access, substantial similarity, and independent creation.

XV. **SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Pursuant to Local Rule 16-15.4, Riot believes Alternative Dispute Resolution (ADR) Procedure No. 1, which involves a settlement conference with the district judge assigned to this case, is appropriate here.

As discussed above, in the event it is not dismissed at the pleading stage, Riot believes that this case would benefit from an early settlement conference with the Court or the Magistrate Judge.  In this regard, Wolstenholme has made several settlement demands that Riot has rejected.  Wolstenholme believes he is entitled to significant damages.  Riot respectfully believes that Wolstenholme does not understand U.S. Copyright Law, that there has been no infringement, and that he is not entitled to any damages whatsoever.  Needless to say, the parties have a fundamental disagreement as to the merit of the claims that have been asserted.  Riot believes that an early settlement conference by which a neutral party evaluates the case and opines as to the likely result if the matter proceeds to summary judgment or trial may be helpful in getting the matter resolved.

XVI. **PRETRIAL CONFERENCE AND TRIAL**

Riot proposes the following deadlines:

- Final Pretrial Conference: **September 16, 2026**
- Trial: **October 19, 2026**

XVII. **TRIAL ESTIMATE**

Riot expects that the trial will last approximately 4-6 days.

XVIII. **TRIAL COUNSEL**

Wolstenholme informed Riot that he intends to represent himself at trial. Riot will be represented at trial by Aaron Moss and Joshua Geller.

XIX. **INDEPENDENT EXPERT OR MASTER**

Riot believes that this is not a case that would benefit from the appointment of a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert.

## XX. OTHER ISSUES

Riot would like to address with the Court that Wolstenholme has been repeatedly filing lengthy and extraneous court papers setting forth his position on the merits that are not called for or tied to any motion or other proceeding before the court. Riot would respectfully request that Wolstenholme be advised that such filings are inappropriate and do not serve the purposes of judicial efficiency.

In addition, Riot believes this is a frivolous case, and that the end of the litigation, Wolstenholme will be responsible for Riot's costs and attorney fees. Riot intends to make a motion requiring Wolstenholme to post a bond as required to secure an award of costs and attorney's fees which may be awarded in the action. *See Suzhou Angela Online Game Tech. Co. v. Snail Games USA Inc.*, No. 221CV09552CASSKX, 2023 WL 2465972, at *3 (C.D. Cal. Mar. 9, 2023).

Respectfully submitted,

DATED: February 27, 2025

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: */s/ Andrew P. Lux*
   AARON J. MOSS (SBN 190625)
   JOSHUA M. GELLER (SBN 295412)
   ANDREW P. LUX (SBN 345915)
   Attorneys for Defendant
   Riot Games, Inc.