AARON J. MOSS (SBN 190625)
AMoss@ggfirm.com
JOSHUA M. GELLER (SBN 295412)
JGeller@ggfirm.com
ANDREW P. LUX (SBN 345915)
ALux@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone:  310-553-3610
Facsimile:  310-553-0687

Attorneys for Defendant
Riot Games, Inc.

MARC WOLSTENHOLME
marc@mvwolf-fiction.co.uk
5 Shetland Close
Coventry, England CV5 7LS
Telephone: 044 7827964404

Plaintiff in Pro Se

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC WOLSTENHOLME,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>RIOT GAMES, INC.,<br><br>　　　　　　　Defendant. | Case No. 2:25-cv-00053-FMO-BFM<br><br>*Hon. Fernando M. Olguin*<br><br>**JOINT RULE 26(F) REPORT**<br><br>Date: March 6, 2025<br>Time: 10:00 a.m.<br>Crtrm.: 6D |

Not the Judge

The stuff highlighted in blue is what the Plaintiff has had to add in after the bullying tactics of Riot's legal team, who have engaged in unethical and deceitful practices making this report much longer than it should be. Then after being called out on their actions, they tried to finalize the report as they wanted it, without even asking me if I had finished. This was at 04:27 after I had stayed up all night with a sleeping disorder having to deal with their manipulation. I've been in the doctor's and chemist all afternoon because I missed medication because of these distractions. I need to sleep now so I'm getting it sent as they have not replied to me.

"Lux, Andrew

Attachments

04:27 (14 hours ago)

to Aaron, Joshua, me

Marc,

We agree to your revisions and consider the Rule 26(f) report final.  Please countersign and send back to us and we will file tomorrow.

Andrew"

Pursuant to the Federal Rules of Civil Procedure, Rule 26(f), the Local Rules for the Central District of California, Rule 26-1, and the Court's January 30, 2025, Order Setting Scheduling Conference (Dkt. 34), plaintiff Marc Wolstenholme ("Wolstenholme") and defendant Riot Games, Inc. ("Riot") submit the following Joint Rule 26(f) Report. The parties held a virtual meeting via Zoom to discuss these issues pursuant to Rule 26(f) on February 13, 2025.

In light of Wolstenholme's *pro se* status and the unique circumstances of this case, the parties jointly request that the court conduct a hearing on the scheduling

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

matters set forth in this report on the March 6, 2025, hearing date. As Wolstenholme currently resides in the United Kingdom, Riot is amenable to his request to appear remotely at the March 6, 2025, Scheduling Conference. In addition, as discussed below, the parties believe that this case would benefit from an early settlement conference before the Court

STATEMENT OF THE CASE

On October 31, 2024, Wolstenholme filed a complaint against Riot for copyright infringement (direct and vicarious), unfair competition, and intentional infliction of emotional distress in the Superior Court for the County of Los Angeles. Dkt. 1, Exh. A. Because federal courts have exclusive jurisdiction over complaints alleging copyright infringement, Riot removed the action to this Court on January 3, 2025. Dkt. 1. On January 10, 2025, Riot filed a motion to dismiss under FRCP 12(b)(6) or, in the alternative, for a more definite statement under FRCP 12(e). Dkt. 7. Wolstenholme thereafter filed a First Amended Complaint ("FAC") on January 13, 2025. Dkt. 11.

On January 27, 2025, Riot filed a motion to dismiss Wolstenholme's FAC. Dkt. 19. Two days later, on January 29, 2025, Wolstenholme filed a motion for leave to amend the FAC (Dkt. 28) concurrently with filing a proposed Second Amended Complaint ("SAC"). Dkt. 27. On January 30, 2025, the Court denied Riot's Motion to Dismiss the FAC as moot in light of Wolstenholme's pending Motion for Leave to Amend. Dkt. 33. On February 18, 2025, the Court granted Wolstenholme's Motion for Leave to Amend. Dkt. 52.

### ***Wolstenholme's Position***

Plaintiff Marc Wolstenholme asserts claims for copyright infringement, unfair competition, and intentional infliction of emotional distress against Riot

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Games, Inc., alleging unauthorized use of his copyrighted work, Bloodborg: The Harvest, in the Netflix series Arcane and spin-off products, shows, merchandise and material. Wolstenholme contends that Riot Games obtained direct access to his manuscript via:

Widespread dissemination of his manuscript submissions (around 100 avenues listed in the Second Amended Complaint's EXHIBIT B- CHRONOLOGY OF WIDE DISSEMINATION AND ACCESS OF BLOODBORG: THE HARVEST.

Direct submission to Riot Forge's online submission portal who were soliciting narrative material (April 15 and April 19, 2020).

Submission to Curtis Brown Group (CBG), a subsidiary of United Talent Agency (UTA), which had substantial involvement in Arcane's development and an unusual monopoly of casting talent and screen time. Moreover, Jonny Geller and Felicity Blunt of CBG have long been suspected of Copyright Infringement of Plaintiff's work, and UK investigations have been initiated.

Plaintiff contends Riot executives, including key decision-makers for Arcane, reviewed submissions, including Plaintiff's manuscript, and soliciting and reading manuscripts for Arcane is confirmed by both Showrunners and Jane Chung (Executive Producer).

Plaintiff further emphasizes that Riot's previous copyright registration defence is now moot following his formal copyright registration (Certificate TXu 2-470-268), effective February 14, 2025, under expedited processing.

Plaintiff further emphasizes that PLAINTIFF'S EXHIBIT U - COUNTERARGUMENTS AGAINST INDEPENDENT CREATION, shows that Arcane could not reasonably have been independently created, as it demonstrates thousands of striking similarities matching his work, personal trauma and medical

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

records, Riot Games has a documented pattern of appropriating external material, Riot were soliciting and reading external material, for Arcane, Riot talked about not being able to make it work in Bridging the Rift, Riot's misleading and contradictory timelines and manipulation, and all of the backstories have been retconned.

Additionally, Plaintiff accurately predicted 42 out of 47 key plot points and narrative details of Arcane's second season based solely on Bloodborg, an 90% accuracy rate. Such a high correlation further underscores the Plaintiff's contention that Arcane substantially appropriated creative elements from Bloodborg. This level of accuracy significantly exceeds what could be reasonably attributed to coincidence or independent creation. That's without thousands of threads of evidence which have been analyzed and provided to the court.

Plaintiff acknowledges Riot's agreement to a settlement conference but strongly urges meaningful, good-faith participation. Plaintiff notes Riot's contradictory statements about settlement willingness, which Plaintiff interprets as procedural posturing detrimental to Plaintiff's emotional well-being due to anxiety-related impacts of litigation. Plaintiff warns that delays in settlement negotiations will result in increased settlement demands reflective of continuing damages.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**Legal Argument:**

Copyright Infringement and Access:

Access through Widespread Dissemination:

Three Boys Music Corp. v. Bolton, 212 F.3d 477, 482-83 (9th Cir. 2000)
(holding widespread dissemination as sufficient circumstantial evidence of access).

Access through Intermediaries (Literary Agencies and Agents):

Art Attacks Ink, LLC v. MGA Entm't Inc., 581 F.3d 1138, 1143-44 (9th Cir.
2009) (affirming that intermediary access via third-party agents or talent agencies
can support an inference of access).

Substantial Similarity and Independent Creation:

Skidmore v. Led Zeppelin, 952 F.3d 1051, 1069-70 (9th Cir. 2020) (en banc)
(explaining the analysis of substantial similarity in copyright infringement claims).

L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 848 (9th Cir.
2012) (demonstrating how evidence of substantial similarity combined with access
can rebut independent creation).

Plaintiff's Accurate Predictions (90% Accuracy):

Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp., 562
F.2d 1157, 1164 (9th Cir. 1977) (affirming that a high degree of similarity between

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

works strongly supports inference of copying rather than coincidence or independent creation).

Retconning as Evidence of Appropriation:

Sheldon Abend Revocable Trust v. Spielberg, 748 F. Supp. 2d 200, 206 (S.D.N.Y. 2010) (retconning original content to align with later infringed material can be indicative of copying rather than independent creation).

Copyright Registration Issue (Now Moot):

Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC, 139 S. Ct. 881, 892 (2019) (establishing the requirement of completed registration before litigation commencement).

17 U.S.C. § 411(a) (establishing registration requirement).

Plaintiff's valid expedited registration (TXu 2-470-268) now meets this requirement.

Discovery and Preservation of Evidence:

Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 218 (S.D.N.Y. 2003) (highlighting the duty of litigants to preserve evidence relevant to litigation, particularly electronic metadata and communications).

Insurance and Settlement Negotiations:

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1  Federal Rule of Civil Procedure 26(a)(1)(A)(iv) (mandatory disclosure of

2  applicable insurance information).

3

4  In re General Motors LLC Ignition Switch Litigation, No. 14-MD-2543

5  (JMF), 2015 WL 221057, at *2 (S.D.N.Y. Jan. 15, 2015) (holding disclosure of

6  insurance coverage relevant for meaningful settlement negotiations).

7

8  Good Faith Settlement Participation:

9

10  Nick v. Morgan's Foods, Inc., 270 F. Supp. 2d 1135, 1139 (C.D. Cal. 2003)

11  (emphasizing parties' obligation to engage in settlement conferences in good faith,

12  not merely procedural formality).

13

14  Damages related to Emotional Distress from Litigation:

15

16  Molien v. Kaiser Foundation Hospitals, 27 Cal. 3d 916, 930 (1980) (recognizing

17  emotional distress damages as recoverable where conduct exacerbates preexisting

18  psychological vulnerabilities).

19  ***Riot's Position***

20  Riot denies each of Wolstenholme's claims. With respect to Wolstenholme's

21  copyright infringement claims, Riot contends that *Arcane* was created entirely

22  independently of, and without reference to, "Bloodborg: The Harvest." Riot denies

23  that it had access to Wolstenholme's manuscript, and has not seen the manuscript to

24  this day, as Wolstenholme has not attached it to his complaint. Riot also denies that

25  Wolstenholme's manuscript was widely disseminated at any point. In addition,

26  Riot contends that Wolstenholme has not plausibly alleged substantial similarity

27  between *Arcane* and any protectable elements appearing in "Bloodborg: The

28  Harvest," and that the works are not substantially similar as a matter of law. Even

if Wolstenholme could establish access and substantial similarity, Riot contends
that his claims will still fail because *Arcane* was independently created, which is an
absolute defense to Wolstenholme's claims.  Riot also contends that
Wolstenholme's claim for vicarious infringement fails because his underlying
claims for direct infringement fail.  With respect to Wolstenholme's claim for
unfair competition, Riot contends that this claim is preempted by the Copyright
Act.  Riot contends that Wolstenholme's claim for intentional infliction of
emotional distress is barred by the statute of limitations, barred by the litigation
privilege, and that Wolstenholme fails to allege any sufficiently outrageous or
otherwise actionable conduct as a matter of law.

## I.   SUBJECT MATTER JURISDICTION

This Court has exclusive jurisdiction over all actions arising under the
Copyright Act.  28 U.S.C. § 1338(a).  Wolstenholme asserts that the court has
supplemental jurisdiction over his claims for unfair competition and intentional
infliction of emotional distress.  28 U.S.C. § 1367.

### *Wolstenholme's Position on Copyright Registration*

The Plaintiff further emphasizes that Riot's previous copyright registration
defence is now moot following his formal copyright registration (Certificate TXu 2-
470-268), effective February 14, 2025, under expedited processing.

Wolstenholme contends that Riot's continued use of the registration
argument is a delay tactic rather than a valid procedural defense. Wolstenholme
further states that this is a pattern of bad faith and emotional frustration.

### *Riot's Position on Copyright Registration*

Riot contends that Wolstenholme's complaint should be immediately
dismissed for failure to comply with the Copyright Act's registration requirement,

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

17 U.S.C. § 411(a). Wolstenholme has conceded that he has only "submitted a copyright registration application for Bloodborg: The Harvest, which remains pending." Dkt. 38, at 2. However, in *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 309, 139 S. Ct. 881, 892, 203 L. Ed. 2d 147 (2019), the Supreme Court ruled that a plaintiff may not proceed with a claim for copyright infringement unless its work has been registered with the Copyright Office. Having filed an application is not sufficient. "'Registration . . . has been made within the meaning of 17 U. S. C. sec. 411(a) not when an application for registration is filed, but when the Register has registered a copyright after examining a properly filed application."

## II. LEGAL ISSUES

The parties identify the following key legal issues:

1. Whether Riot had access to "Bloodborg: The Harvest";

2. Whether *Arcane* and "Bloodborg: The Harvest" are substantially similar in their protectable elements;

3. Whether Riot independently created *Arcane*; and

4. Whether and to what extent Wolstenholme is entitled to damages or other relief.

5. Full discovery of all involved in Arcane.

6. Whether wider violations and complaints need to be raised.

7. Whether criminal procedures should follow.

## III. PARTIES AND EVIDENCE

Plaintiff: Marc Wolstenholme is an individual who resides at 5 Shetland Close, Coventry, England, CV5 7LS.

Defendant: Riot Games, Inc., is a Delaware corporation headquartered in Los

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Angeles, California, and operates as a wholly-owned subsidiary of Tencent Holdings, Ltd.

Key Relevant Evidence Anticipated by Plaintiff:

Plaintiff's manuscript, Bloodborg: The Harvest, including registered copyright certificates.

Plaintiff's submissions and communications evidencing dissemination and access by Riot Games, Riot Forge, and associated literary agencies (Curtis Brown Group, Austin Macauley Publishers, and others).

Riot Games' internal development documents, scripts, storyboards, mood boards, and communications regarding the creation of Arcane, especially from the period between 2018 and 2021.

Evidence of revisions made to the scripts, maps, and visual materials of Arcane, particularly those made after Riot had direct or indirect access to Bloodborg: The Harvest.

Deposition testimony from Arcane's writers, producers, animators, voice actors, and staff involved in narrative and character development, as well as external agencies and talent representatives.

Financial records and agreements related to Riot's dealings with literary and talent agencies, especially UTA and Curtis Brown Group.

The Plaintiff's detailed breakdown of all of Arcane, exhibits A through U have been added to the SAC and many more will follow.

Plaintiff's checklist of discovery added to this Joint report.

Corporate Structure: Riot Games, Inc. is a Delaware corporation headquartered in Los Angeles, California, and is a wholly owned subsidiary of

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1  Tencent Holdings, Ltd.

2

3      Key Evidence: Critical evidence includes but is not limited to:

4

5      Plaintiff's U.S. Copyright Registration Certificate for Bloodborg: The

6  Harvest.

7      Plaintiff's submissions of Bloodborg to Riot Forge (April 2020), and many

8  others, which directly provided Riot Games with access to Plaintiff's manuscript.

9      Documents evidencing the timing and nature of revisions made to Arcane's

10 scripts and settings, particularly post-April 2020, which align closely with

11 submissions of Bloodborg.

12     Detailed comparative analyses between specific elements from Bloodborg

13 and substantially similar elements found in Arcane.

14     Testimonies or declarations from Plaintiff and Riot personnel regarding the

15 creation and development processes of the works.

16     Importance of Evidence: The identified evidence will demonstrate Riot

17 Games' direct or indirect access to Plaintiff's manuscript and establish substantial

18 similarities that are quantitatively and qualitatively significant enough to invalidate

19 Riot's anticipated defense of independent creation.

20

21 ***Wolstenholme's Position***

22     At this time, Wolstenholme identifies the following potential percipient

23 witnesses:

24

25     *Primary Witnesses (Direct Involvement in Arcane Production)*

26

27     Nicolo Laurent (Former CEO of Riot Games, Greenlit the show)

28     Christian Linke (Showrunner, Arcane)

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1    Alex Yee (Showrunner, Arcane)

2    Jane Chung Hoffacker (Executive Producer, Arcane)

3    Melinda Dilger (Global Head of Animation Production, Riot Games)

4    David Lyerly (Casting Director, Riot Games, conflicting timlines)

5    Monica Macer (Consulting Producer, Arcane)

6    Rowan Parker (Director of Riot Forge)

7    Alexis Wanneroy (Animation Supervisor at Fortiche Productions).

8    Amanda Overton (Writer, Arcane)

9    Alex Seaver (Music Composer, Riot Games/Fortiche)

10   Barthelemy Maunoury (Fortiche, Technical Production)

11   Kathy Cavaiola (Script Coordinator and VOManager)

12

13

14   *Actors & Voice Talent (Statements Regarding Arcane's Development)*

15

16   Ella Purnell (Jinx, represented by Curtis Brown Group, talks about things

17   exclusive to Bloodborg and work beginning during covid- mid 2020)

18   Katie Leung (Caitlyn, represented by Curtis Brown Group)

19   Harry Lloyd (Viktor, represented by Curtis Brown Group)

20   Hailee Steinfeld (Vi, represented by UTA)

21   Jason Spisak (Silco, represented by UTA, provided insight into Arcane's

22   late-stage script changes and recording process )

23   Kevin Alejandro (Jayce, represented by UTA)

24   Reed Shannon (Ekko, conflicting casting timelines)

25   Mia Sinclair Jenness (Powder, conflicting recording timelines)

26   JB Blanc (Vander, statements about late-stage script changes)

27   Katy Townsend (worked during Covid restrictions)

28   Toks Olagundoye (Proof of late 2020 recordings)

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

*Agency Representatives (Curtis Brown & UTA - Key Links to Riot)*

Johnny Geller (Curtis Brown Group - Received Plaintiff's Manuscript)

Felicity Blunt (Curtis Brown Group - Received Plaintiff's Manuscript)

*UTA Representative (Involved in talent representation for Arcane)*

Legal & Administrative Personnel (Litigation-Related)

Aaron Moss (Attorney, Greenberg Glusker, Riot's Legal Team)

Andrew Lux (Attorney, Greenberg Glusker, Riot's Legal Team)

Josh Geller (Attorney, Greenberg Glusker, Riot's Legal Team)

Plaintiff disputes Riot's assertion that only Wolstenholme, Linke, and Yee are relevant witnesses, emphasizing the importance of testimony from a broader range of key individuals involved in Arcane's creation and development.

*__Riot's Position__*

At this time, Riot identifies the following potential percipient witnesses:

1. Marc Wolstenholme;

2. Christian Linke;

3. Alex Yee.

4.

## IV.    INSURANCE

Riot has an insurance policy that may cover Wolstenholme's claims, subject to a retention (deductible) that has not yet been satisfied.  Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iv), Riot will produce for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

### Wolstenholme's Position

Plaintiff requests disclosure from Riot regarding its insurance coverage potentially applicable to claims, including:

The full insurance policy and relevant sections.

Policy limits and retention (deductible) information.

Communications between Riot and insurers regarding coverage for this litigation.

Riot's notification to insurers and insurers' participation in defense strategy and settlement discussions.

Plaintiff argues that the existence of insurance contradicts Riot's stated unwillingness to settle and insists Riot disclose relevant insurance details immediately to facilitate meaningful settlement discussions.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

## V.    **MAGISTRATE JUDGE**

Plaintiff does NOT consent to a magistrate judge and requests that all proceedings remain before the assigned district judge for consistency, reliability and to aid his disclosed vulnerabilities and disabilities, to prevent further disadvantages.

## VI.    **DISCOVERY**

Pursuant to Rules 26(f)(2) and 26(f)(3), Local Rule 26-1(f), and the Court's Order Setting Scheduling Conference (Dkt. 34), the parties discussed a potential discovery plan, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

### *Wolstenholme's Position*

Wolstenholme has provided a checklist of which he plans to push discovery for. The plaintiff anticipates conducting full and wide discovery on all matters including written discovery and depositions into the legal issues discussed above relating to Riot's alleged infringement and potential damages. In particular, Wolstenholme anticipates conducting discovery on the following issues:

(a)    The role of Curtis Brown Group and United Talent Agency (UTA) in the development of Arcane.

(b) The full timeline of Arcane's development, including script revisions and internal communications regarding manuscript reviews.

(c) Evidence of submitted manuscripts, including Riot's handling of third-party literary submissions from 2018-2024.

(d) Riot's internal communications regarding narrative development, character creation, and thematic direction.

(e) Financial agreements related to Riot's engagement with talent agencies, including Curtis Brown Group and UTA, and potential "quid pro quo" arrangements related to cast selection.

(f) Statements from all cast members and behind the scenes members of Arcane.

(g) Riot Forge servers Metadata.

(h) Statements from all Fortiche Production SAS employees who worked on Arcane, and evidence of the development of Arcane, including storyboard development and all production steps.

The plaintiff has provided a wider checklist of Discovery, added as an exhibit.

The Plaintiff does not agree to limiting discovery nor bifurcation and states that this case should be conducted and concluded on its merits without favor or limitations, and any restrictions are attempts at circumnavigating the law and processes at the expense of justice.

Furthermore, the Plaintiff asserts that his SAC and the exhibits A-U close the arguments of: Access, Copyright Registration and Independent Creation and to keep reverting back to these issues is a waste of the court's, and the Plaintiff's, time and resources. These are perceived to be delay tactics.

**Legal Citations to support Discovery:**

Scope and General Right to Broad Discovery:

Federal Rule of Civil Procedure 26(b)(1) (establishing broad scope of permissible discovery to include any nonprivileged matter relevant to claims or defenses).

Hickman v. Taylor, 329 U.S. 495, 507 (1947) (emphasizing the liberal policy favoring broad discovery).

Opposition to Bifurcation and Limitations on Discovery:

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1

2        Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1021 (9th Cir.

3   2004) (affirming broad discretion of the court in managing discovery, generally

4   favoring comprehensive discovery absent clear justification for bifurcation).

5

6        In re Cathode Ray Tube (CRT) Antitrust Litig., 281 F.R.D. 531, 532-33

7   (N.D. Cal. 2012) (denying motion to bifurcate discovery, citing inefficiency and

8   potential prejudice).

9

10       Duty to Preserve Evidence and Metadata Discovery:

11

12       Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 217-18 (S.D.N.Y. 2003)

13   (establishing standard for preservation of electronic discovery, including server

14   metadata).

15

16       Federal Rule of Civil Procedure 34(a)(1)(A) (allowing discovery of

17   electronically stored information, including metadata).

18

19       Discovery into Third-Party Communications and Financial Agreements:

20

21       Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (allowing

22   discovery of third-party agreements and financial documents if reasonably

23   calculated to lead to the discovery of admissible evidence).

24

25       Seattle Times Co. v. Rhinehart, 467 U.S. 20, 30 (1984) (recognizing that

26   discovery can reach financial arrangements and third-party relationships where

27   relevant to the claims).

28

Discovery Related to Narrative Development and Creative Process:

Metcalf v. Bochco, 294 F.3d 1069, 1075 (9th Cir. 2002) (affirming discovery related to the development and revision process of allegedly infringing works).

Depositions and Witness Statements:

Federal Rule of Civil Procedure 30(a)(1) (permitting depositions of parties and witnesses without leave of court).

Federal Rule of Civil Procedure 26(a)(3)(A)(i) (requiring identification of individuals likely to have discoverable information).

Rejection of Repetitive or Delaying Tactics:

Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997) (criticizing tactics intended to delay discovery or unnecessarily prolong litigation).

In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1227 (9th Cir. 2006) (discouraging repetitive litigation tactics as wasteful of judicial resources).

These citations support Plaintiff's stance on comprehensive and thorough discovery, opposition to bifurcation, the importance of evidence preservation, and preventing delay tactics.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1

2 ***Riot's Position***

3      Riot anticipates conducting written discovery and depositions into the legal

4 issues discussed above relating to access, substantial similarity, and damages.

5 However, Riot anticipates filing a motion to bifurcate discovery to allow an initial

6 phase as to access, with all other discovery stayed pending further order of the

7 Court, and to permit Riot to file an initial motion for summary judgment limited to

8 the potentially dispositive issue of access, without prejudice to Riot filing a second

9 motion for summary judgment as to other issues after the close of remaining

10 discovery should the initial motion be denied.  *See Changing World Films LLC v.*

11 *Parker*, No. CV 22-9021-DMG (PVCX), 2024 WL 4744006, at *2 (C.D. Cal. Mar.

12 12, 2024) (Gee, J.) (finding bifurcation on the issue of access would promote

13 efficiency as a discrete and dispositive issue that "will save significant time and

14 resources for both sides.").

15      ***Wolstenholme's Additional Concerns Regarding Discovery:***

16      Wolstenholme objects to Riot's attempt to bifurcate discovery by limiting the

17 initial scope to the issue of "access." Wolstenholme maintains that discovery should

18 proceed on all issues simultaneously, including substantial similarity and damages.

19      Wolstenholme also raises concerns about data retention, given that Riot

20 Forge has been shut down and key personnel have left Riot during these

21 proceedings. Wolstenholme contends that there is a substantial risk that relevant

22 documents may be deleted or altered, which Wolstenholme asserts is an ongoing

23 pattern of timeline manipulation by Riot.

24      ***Riot's Response to Wolstenholme's Additional Concerns:***

25      Riot informed Wolstenholme during the Rule 26(f) conference that Riot has

26 taken and continues to take all necessary steps to preserve potentially relevant

27 information.

28

## A.    <u>Initial Disclosures</u>

Wolstenholme proposes that the parties exchange initial disclosures by February 20, 2025. Riot objects to an initial disclosure deadline that deviates from FRCP 26(a)(1)(C), which provides that the parties "must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order." Riot will make its initial disclosures in conformity with the time period set forth in FRCP 26(a)(1)(C).

## B.    <u>Manual for Complex Litigation</u>

The parties agree that the procedures set forth in the Manual for Complex Litigation do not apply to this case at this point.

Should concurrent criminal proceedings or additional charges be introduced, Plaintiff believes specialized management procedures outlined in the Manual for Complex Litigation (Fourth) may become applicable. Plaintiff respectfully requests the Court's guidance on whether adopting these procedures would promote efficient and effective case management.

*Complexity indicators:*

International aspects (Plaintiff based in the UK, Defendant in the US).

Potentially extensive discovery, especially electronic discovery and metadata analysis.

Depositions involving high-profile witnesses and significant third-party involvement (literary agencies, talent agencies, production companies, actors).

Potential for intricate legal arguments on independent creation, substantial similarity, and damages analysis.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1    Plaintiff's mental health vulnerabilities, including dyslexia, Complex PTSD,

2    anxiety, and related disabilities, which may impact case management and

3    procedural considerations.

4    Defendant's bad faith and worrying history of dishonesty and IP

5    misappropriation.

6

7    ## C.    Proposed Case Schedule

8    Pursuant to Local Rule 26-1(f), the parties discussed a proposed case

9    schedule.  Their respective positions are set forth below.

10   ***Wolstenholme's Proposed Case Schedule***:

11   Wolstenholme believes that discovery should commence on May 1, 2025 and

12   that all other dates, including motion deadlines and trial dates, may be set by the

13   Court as it sees fit.

14   ***Riot's Proposed Case Schedule***:

15   As discussed above, Riot proposes a bifurcated schedule, focusing first on

16   access, and then (if necessary) on the balance of the issues in the case.  In the event

17   the that the case is not dismissed in its entirety and the Court grants Riot's Motion

18   to Bifurcate, Riot proposes the following schedule:

| Event | Date |
|---|---|
| Last Day for Early Mandatory Settlement Conference | May 16, 2025 |
| Close of Fact Discovery on Access | June 6, 2025 |
| Summary Judgement Deadline re Access | July 18, 2025 |
| Summary Judgment Opposition re Access | August 8, 2025 |
| Summary Judgment Reply re Access | August 29, 2025 |
| Summary Judgment Hearing re Access | As set by the Court |

27   Should the Court deny Riot's Motion to Bifurcate, or alternatively grant

28   Riot's Motion to Bifurcate but deny Riot's Motion for Summary Judgment

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

regarding access, Riot's proposes the following schedule, taking into account the

fact that, absent bifurcation, this case will be costly and time-consuming to litigate.

While the issue of access would be limited to discovery of just two or three

percipient witnesses and a limited time period, more expansive fact discovery

would be needed on the other issues in the case—including substantial similarity,

independent creation, secondary liability and damages.  Significant expert

discovery may be needed for the substantial similarity inquiry, whereas no experts

would be needed for the access issue.  It is unrealistic to conduct this voluminous

discovery on the truncated schedule proposed by Wolstenholme:

| Event | Date |
|---|---|
| Non-Expert Discovery Cut-Off (includes hearing of discovery motions) | February 6, 2026 |
| Initial Expert Disclosures and Reports | February 27, 2026 |
| Rebuttal Expert Disclosures and Reports | March 20, 2026 |
| Close of Expert Discovery | April 20, 2026 |
| Dispositive Motion Cut-Off (filing deadline) | May 11, 2026 |
| Dispositive Motion Oppositions | June 1, 2026 |
| Dispositive Motion Replies | June 22, 2026 |
| Last Day to File Motions *in Limine* | August 26, 2026 |
| Opposition to Motions *in Limine* | September 2, 2026 |
| Final Pretrial Conference | September 16, 2026 |
| Trial Date | October 19, 2026 |

## VII.   MOTIONS TO AMEND OR TRANSFER

At this time, Riot Games does not anticipate any motions seeking to add

other parties or claims or transfer venue.  On January 29, 2025, Wolstenholme filed

a Motion for Leave to File a SAC (Dkt. 28).  Riot filed its Opposition to

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Wolstenholme's Motion for Leave to Amend on February 5, 2025. Dkt. 36.  On

February 18, 2025, the Court granted Wolstenholme's Motion for Leave to Amend.

Dkt. 52.

In Wolstenholme's SAC, he has listed POTENTIAL ADDITIONAL

CLAIMS, as stated:

The Plaintiff reserves the right to amend this complaint to include additional

causes of action as discovery progresses. At this time, the Plaintiff is considering,

but has not yet formally filed, additional claims for:

1. Fraudulent Misrepresentation (Cal. Civ. Code § 1709)

2. Misappropriation of Trade Secrets (Cal. Civ. Code § 3426)

3. Unjust Enrichment (Common Law)

4. Fraudulent Inducement (Cal. Civ. Code § 1572)

5. False Designation of Origin (Lanham Act - 15 U.S.C. § 1125(a))

6. Negligent Infliction of Emotional Distress (NIED) (Cal. Civ. Code § 1714)

7. Civil Conspiracy to Commit Fraud (Common Law)

8. Disability Discrimination & Retaliation (ADA - 42 U.S.C. § 12101)

9. Spoliation of Evidence (Cal. Code of Civ. Proc. § 2023.030)

10. Unfair Business Practices (Cal. Bus. & Prof. Code § 17200)

11. Assortment of other civil and criminal claims around the globe,

predominantly in the UK and Europe, including claims against Fortiche, claims of

violations under The European Convention on Human Rights (ECHR) and criminal

proceedings.

These claims are currently being evaluated based on the Defendant's conduct

and may be formally added through an amended complaint as these cases progress,

if warranted. The Plaintiff will continue to assess Riot Games' actions, including

potential fraudulent misrepresentation and violations of trade secret protections, and

additional harm caused, before finalizing these claims.

## VIII.  <u>CLASS CERTIFICATION</u>

The parties agree that a class certification is inapplicable.

## IX.  <u>DISPOSITIVE MOTIONS</u>

Riot anticipates filing a motion to dismiss Wolstenholme's SAC on the grounds that, *inter alia*, Wolstenholme has (1) failed to comply with the Copyright Act's registration requirement; (2) failed to plausibly allege that Riot had access to his work; and (3) failed to plausibly allege substantial similarity of any protected expression.  Riot also anticipates filing motions for summary judgment on issues including access, substantial similarity, and independent creation.

**Plaintiff's Response to Defendant Riot Games, Inc.'s Anticipated Dispositive Motions**

Plaintiff Marc Wolstenholme hereby provides his preliminary response to Riot Games, Inc.'s anticipated dispositive motions as stated in the Joint Rule 26(f) Report:

1. Response to Motion to Dismiss on Copyright Registration

Riot contends Plaintiff's claims must be dismissed due to noncompliance with copyright registration requirements. However, Plaintiff has secured formal copyright registration (Certificate TXu 2-470-268), effective February 14, 2025, through expedited procedures requested due to pending litigation. Therefore, Riot's continued reliance on this argument is moot and constitutes an unnecessary procedural delay.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Supporting Citation:

Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC, 139 S. Ct. 881, 892 (2019).

2. Response to Motion to Dismiss on Access

Plaintiff asserts substantial evidence supporting Riot's access to his manuscript, Bloodborg: The Harvest, including:

Direct Submission Evidence: Plaintiff directly submitted his manuscript to Riot Forge's narrative portal on April 15 and April 19, 2020.

Third-party Agency Submissions: Plaintiff's manuscript was submitted through Curtis Brown Group (CBG), a subsidiary of United Talent Agency (UTA), agencies deeply involved in Arcane's casting and production. Plaintiff will present testimony and documentary evidence supporting these claims during discovery.

Widespread Dissemination: Approximately 100 avenues of dissemination, documented explicitly in Plaintiff's Second Amended Complaint, substantiate the reasonable probability of Riot's access.

1    Supporting Citations:

2

3    Three Boys Music Corp. v. Bolton, 212 F.3d 477, 482-83 (9th Cir. 2000).

4

5    Art Attacks Ink, LLC v. MGA Entm't Inc., 581 F.3d 1138, 1143-44 (9th Cir.

6    2009).

7

8    3. Response to Motion to Dismiss on Substantial Similarity

9

10    Plaintiff maintains that substantial similarity between Bloodborg and Arcane

11    significantly surpasses the threshold required for plausible infringement claims.

12    Plaintiff's Exhibits A-U clearly illustrate detailed, unique, and complex similarities

13    between both works, significantly exceeding coincidental similarity or genre tropes.

14

15    Supporting Citations:

16

17    Skidmore v. Led Zeppelin, 952 F.3d 1051, 1069-70 (9th Cir. 2020).

18

19    Metcalf v. Bochco, 294 F.3d 1069, 1075 (9th Cir. 2002).

20

21    4. Response to Motion for Summary Judgment

22

23    Should Riot move for summary judgment on issues including access,

24    substantial similarity, or independent creation, Plaintiff anticipates presenting

25    compelling factual evidence obtained through discovery, depositions, internal

26    communications, and expert analysis, demonstrating:

27

28    Documented timelines, internal communications, and manuscript

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

submissions directly refuting independent creation claims.

Expert analysis comparing character arcs, thematic elements, plot points, and trauma-writing techniques.

Detailed metadata and third-party communications confirming Riot's receipt and review of Plaintiff's manuscript submissions.

Supporting Citations:

Federal Rule of Civil Procedure 56(d) (allowing time for discovery to adequately respond to summary judgment).

L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 848 (9th Cir. 2012).

Metcalf v. Bochco, 294 F.3d 1069, 1075 (9th Cir. 2002).

Plaintiff firmly believes Riot's anticipated dispositive motions lack merit and urges the court to reject these procedural barriers, thus allowing the case to proceed on its substantive merits without undue delay.

## X.    SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION (ADR)

The parties have mutually selected Alternative Dispute Resolution (ADR) Procedure No. 1, which involves a settlement conference with the district judge assigned to this case, pursuant to Local Rule 16-15.4.

**Plaintiff's Position:** Plaintiff agrees to participate in a settlement conference

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

facilitated by the assigned district judge. Plaintiff emphasizes that participation should reflect genuine willingness to negotiate and not serve merely as procedural posturing. Plaintiff asserts significant confidence in the merits of his claims, supported by extensive evidence and detailed documentation, and anticipates a favorable outcome should this matter proceed to summary judgment or trial. Plaintiff further notes that delays or procedural tactics by Riot exacerbate Plaintiff's emotional distress, anxiety, and associated damages, which may result in increased settlement demands reflective of ongoing harm. Plaintiff states his willingness to attend ADR aimed at early favorable settlements and not at intimidation.

**Defendant's Position:** Riot Games believes an early settlement conference facilitated by the Court or a Magistrate Judge would be beneficial to assess the merits of Plaintiff's claims objectively. Riot asserts significant skepticism regarding the validity of Plaintiff's allegations, the existence of potential damages, and Plaintiff's likelihood of success at summary judgment or trial.

**Areas of Fundamental Disagreement:**
The parties acknowledge fundamental disagreement regarding:
The factual and legal merit of Plaintiff's allegations.
The potential damages Plaintiff seeks.
The prospects of Plaintiff's success at summary judgment or trial.

Given these significant disagreements, the parties seek the Court's assistance through an early settlement conference, aimed at clarifying the legal and factual issues and facilitating meaningful settlement discussions.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

## XI.   PRETRIAL CONFERENCE AND TRIAL

**Wolstenholme's Proposal**: Wolstenholme proposes that the Final Pretrial Conference and Trial should be set by the Court and should be set at the soonest opportunity to prevent further hardship and wellbeing concerns.

**Riot's Proposal**: Riot proposes the following deadlines:

- Final Pretrial Conference: **September 16, 2026**
- Trial: **October 19, 2026**

## XII.   TRIAL ESTIMATE

Riot expect that the trial will last approximately 4-6 days.

Plaintiff - Given the extensive scope of discovery, the significant number of high-profile witnesses, substantial documentary and digital evidence, and the complexity of legal issues involved, Plaintiff estimates that trial proceedings will realistically require approximately 10-15 court days to adequately present evidence and testimony, if no extra charges are added.

## XIII.   TRIAL COUNSEL

Wolstenholme intends to represent himself at trial. Riot will be represented at trial by Aaron Moss and Joshua Geller.

## XIV.   INDEPENDENT EXPERT OR MASTER

Riot states that this is not a case that would benefit from the appointment of a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert.

Plaintiff reserves the right to reconsider the appointment of an independent expert or special master pursuant to Fed. R. Civ. P. 53 if complexities arise during discovery, particularly regarding electronic discovery, forensic metadata analysis, or medical records interpretation, that would benefit from specialized oversight or independent evaluation, such as a psychological expert testimony related to trauma, or criminal, or other oversight.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

## XV.   OTHER ISSUES

OTHER ISSUES

Plaintiff Wolstenholme has formally requested that his Discovery Checklist (Exhibit A), Conference Notes (Exhibit B), and Witness List (Exhibit C) be attached to this report. Riot has consented to attaching these exhibits to avoid dispute.

Additionally, Plaintiff requests:

Confirmation from Riot, in writing, that all documents, communications, and electronically stored information (ESI) relevant to the creation and production of Arcane will be preserved, and no further deletion or alteration will occur.

Clarification from Riot regarding its intentions for good-faith participation in settlement negotiations to avoid unnecessary procedural delays and additional damages arising from protracted litigation.

Immediate disclosure from Riot regarding insurance policies and coverage limits applicable to this litigation pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iv).

Immediate preservation and retrieval of Christian Linke's planning, development, board meeting minute's discussing the approval and financing of Arcane, internal memos, emails, and slack communications referencing the show's production. Linke has reportedly resigned, but it remains unclear if he is still working at Riot in a different role. Please also clear up whether he is or is not still working for Riot.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1

2          Respectfully submitted,

3

4    DATED:  February 27, 2025          GREENBERG GLUSKER FIELDS
                                        CLAMAN & MACHTINGER LLP
5

6

7    By:_____
                                        AARON J. MOSS (SBN 190625)
8                                       JOSHUA M. GELLER (SBN
                                        295412)
9                                       ANDREW P. LUX (SBN 345915)
                                        Attorneys for Defendant
10                                      Riot Games, Inc.

11   DATED:  February 27, 2025

12
                                        By: *M.WOLSTENHOLME.*
13                                      _____
                                        MARC WOLSTENHOLME
14                                      Plaintiff in Pro Se

15

16

17

18

19

20

21

22

23

24

25

26

27

28