AARON J. MOSS (SBN 190625)
AMoss@ggfirm.com
JOSHUA M. GELLER (SBN 295412)
JGeller@ggfirm.com
ANDREW P. LUX (SBN 345915)
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone: 310-553-3610
Facsimile: 310-553-0687

Attorneys for Defendant Riot Games, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC WOLSTENHOLME,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RIOT GAMES, INC.,<br><br>　　　　Defendant. | Case No. 2:25-cv-00053-FMO-BFM<br><br>*Hon. Fernando M. Olguin*<br><br>**DEFENDANT RIOT GAMES, INC.'S *EX PARTE* APPLICATION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>[Declaration of Andrew P. Lux and [Proposed] Order filed concurrently herewith]<br><br>Complaint filed: October 31, 2024<br><br>Notice of Removal filed: January 3, 2025<br><br>SAC filed: February 24, 2025 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Riot Games, Inc. ("Riot") hereby respectfully applies, *ex parte*, pursuant to Central District Local Rule 7-19, for an Order Extending Time to Respond to Plaintiff Marc Wolstenholme's ("Wolstenholme") Second Amended Complaint ("SAC") until <u>April 4, 2025</u>.

As explained in the attached Memorandum of Points and Authorities and supported by the Declaration of Andrew P. Lux, Riot seeks this extension of time for two reasons: (1) Wolstenholme's SAC is tremendously overlong at **1,218 pages**, and so it is impossible for Riot to fully and fairly respond to its allegations by the current deadline of March 7; and (2) Riot received the SAC only on February 27, two days after Wolstenholme's filing deadline, due to his inability to electronically file it through the CM/ECF system, leaving Riot with barely a week to respond. Wolstenholme has advised that he intends to oppose this *ex parte* application. Any opposition by Wolstenholme must be filed within 24 hours (or one court day) after the service of this application pursuant to Local Rules 7-19 and 7-19.1.

This Application is based on this Notice, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Andrew P. Lux, and on such further oral or documentary evidence as may be presented at or before the hearing on this matter.

The Application is made following email correspondence between counsel for Riot and Wolstenholme on February 27, 2025.

DATED: February 28, 2025

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: */s/ Andrew P. Lux*
AARON J. MOSS (SBN 190625)
JOSHUA M. GELLER (SBN 295412)
ANDREW P. LUX (SBN 345915)
Attorneys for Defendant
Riot Games, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

Riot respectfully requests an order extending its time to respond to *pro per* Plaintiff Marc Wolstenholme's Second Amended Complaint ("SAC"). Specifically, Riot requests that the Court extend the deadline from March 7, 2025, to April 4, 2025. No prior extensions have been sought.

On February 18, 2025, the Court granted Wolstenholme's Motion for Leave to Amend and ordered Wolstenholme to file his SAC within five court days. Dkt. 52. The Court also ordered Riot to file its answer or motion pursuant to Fed. R. Civ. P. 12 no later than March 7, 2025. *Id*. Riot understands that Wolstenholme filed his SAC on February 24. However, presumably due to its volume, Wolstenholme was unable to file it through the CM/ECF system, and instead submitted it through the Electronic Document Submission System, which resulted in it not being entered onto the docket and served on Riot until February 27.

Wolstenholme's SAC is tremendously overlong at 1,218 pages. It is a labyrinth with no paragraph numbers. It appears to incorporate previously stricken filings, "evidentiary" statements, and legal argument, and it is unclear which portions constitute Wolstenholme's allegations and which do not. Indeed, on February 28—one day after Riot received the SAC—Wolstenholme filed a document that appears on the docket as "EXHIBIT as to Amended Complaint." Dkt. 59. It is entirely unclear whether Wolstenholme also intended to incorporate his latest filing into his SAC. It would be prejudicial to Riot for it to have to review, let alone respond, to a 1,200 pleading in just over a week's time. *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) ("Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges."). Accordingly, Riot respectfully requests that the Court extend the deadline for 30 days, from March 7, 2025, to April 4, 2025.

On February 27, immediately after receiving the 1,200-page SAC, Riot requested an extension of time from Wolstenholme, which Wolstenholme swiftly

rejected. Declaration of Andrew P. Lux In Support of Ex Parte Application, ¶ 3. Riot seeks this relief by way of an *ex parte* application because, given the short time in which to respond to the SAC, there is insufficient time for this request to be heard by a noticed motion.

DATED: February 28, 2025

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP


By: */s/ Andrew P. Lux*
AARON J. MOSS (SBN 190625)
JOSHUA M. GELLER (SBN 295412)
ANDREW P. LUX (SBN (345915)
Attorneys for Defendant
Riot Games, Inc.