Marc Wolstenholme
5 Shetland Close
Coventry, England CV5 7LS
Telephone: 044 7827964404
Email: marc@mvwolf-fiction.co.uk
Plaintiff in Pro Per

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC WOLSTENHOLME,<br>                    Plaintiff,<br><br>vs.<br><br>RIOT GAMES, INC.,<br>                    Defendant | CASE NO. 2:25-CV-00053-FMO-BFM HON.<br><br>*Hon. Fernando M. Olguin*<br><br><br>PLAINTIFF'S RESPONSE TO DEFENDANT RIOT GAMES, INC.'S EX PARTE APPLICATION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S SECOND AMENDED COMPLAINT |

Dated this: FEBRUARY 28, 2025

*M.WOLSTENHOLME.*
[MARC WOLSTENHOLME]

1

PLAINTIFF'S RESPONSE TO DEFENDANT RIOT GAMES, INC.'S EX PARTE

APPLICATION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S SECOND AMENDED

COMPLAINT

**PLAINTIFF'S RESPONSE TO DEFENDANT RIOT GAMES, INC.'S EX
PARTE APPLICATION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S
SECOND AMENDED COMPLAINT**

## I. INTRODUCTION

Plaintiff strongly opposes Defendant Riot Games, Inc.'s ("Riot") Ex Parte Application for Extension of Time to respond to the Second Amended Complaint ("SAC"). Defendant's request is yet another bad-faith delay tactic designed to obstruct, manipulate, and prolong these proceedings at the Plaintiff's expense. Riot has had ample time to prepare its response and should not be granted additional time simply due to the volume of the SAC, which is the natural result of the substantial evidence supporting Plaintiff's claims. Riot also landed this in the docket last thing on a Friday afternoon, 11 pm on Friday evening in the UK, having all day and yesterday to have filed it, this isn't an accident, it's a tactic.

PLAINTIFF'S RESPONSE TO DEFENDANT RIOT GAMES, INC.'S EX PARTE
APPLICATION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S SECOND AMENDED
COMPLAINT

## II. OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION

*1.  Riot Games is Engaging in Delay Tactics*

Riot's legal team has engaged in a continuous pattern of delay, including the unnecessary prolonging of the Joint Rule 26(f) process and late-stage manipulations of the report.

Plaintiff has already provided Riot with substantial portions (almost all) of the SAC content and exhibits for months, yet Riot failed to meaningfully respond, deliberately ignoring Plaintiff's goodwill. They have had some of the content for years and have not acted on any of it.

Instead of actually assessing the complaints, Riot's legal team has been hell bent on having the cases kicked out on legal technicalities, of which they threatened to have the case kicked out from the offset.

This is a deliberate ploy for time and harassment, forcing Plaintiff to repeatedly reassert the same facts and arguments over and over, despite Riot's long-standing awareness of the claims and knowledge of the efficacy of the complaints, repeatedly manipulating and lying.

PLAINTIFF'S RESPONSE TO DEFENDANT RIOT GAMES, INC.'S EX PARTE
APPLICATION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S SECOND AMENDED
COMPLAINT

Riot's legal team has engaged in a continuous pattern of delay, including the unnecessary prolonging of the Joint Rule 26(f) process and late-stage manipulations of the report.

Plaintiff has already provided Riot with substantial portions of the SAC content and exhibits for months, yet Riot failed to meaningfully respond, deliberately ignoring Plaintiff's goodwill and telling him that they are filing this motion and that motion to have the case kicked out before it is heard in court.

*2. Riot's Legal Team Has Attempted to Manipulate Proceedings*

Riot's attorneys engaged in bad-faith tactics during the Joint Rule 26(f) filing, including pressuring Plaintiff late at night, making last-minute additions, and modifying content without Plaintiff's review.

These tactics caused severe emotional and physical distress to Plaintiff, further exacerbating an already unequal playing field between an individual Plaintiff and a multi-billion-dollar corporation. The Plaintiff had no sleep last night and was in and out of the doctors and chemist for medication yesterday afternoon. The Plaintiff has an emergency Saturday appointment tomorrow with the out of surgery doctor to get sleeping medication because of the actions of Riot's legal team. And yet he can respond to this application within the hour.

4

PLAINTIFF'S RESPONSE TO DEFENDANT RIOT GAMES, INC.'S EX PARTE APPLICATION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S SECOND AMENDED COMPLAINT

### 3. Riot Already Had Access to the Majority of the SAC Content and Exhibits

Over the course of three years, Plaintiff has provided Riot with videos, story bites, comparisons, documents, PowerPoint presentations, and countless emails detailing the complaint and the infringing content, and yet they still deny access, striking similarities and independent creation, which is just about everything they can keep open at this moment.

Riot has had every opportunity to review and address these claims, yet now, at this late stage, they claim to need additional time to read material that has been in their possession for years.

Riot's claim that it needs more time due to the SAC's length is disingenuous, as Riot has had access to much of this material for several months, or even years. Even the SAC itself has been provided to Riot since it was first filed over a month ago, and they even tried to not let that happen. It hasn't changed all that much.

The request for additional time is an attempt to gain an unfair strategic advantage and to allow their insurance to kick in, not a legitimate need for review.

PLAINTIFF'S RESPONSE TO DEFENDANT RIOT GAMES, INC.'S EX PARTE APPLICATION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Riot's claim that it needs more time due to the SAC's length is disingenuous, as Riot has had access to much of this material for several months, or even years.

### 4. Further Delays Will Increase the Risk of Evidence Tampering

Given Riot's track record of misleading and contradictory timelines, Plaintiff has legitimate concerns that additional delays will be used to manipulate, delete, or alter evidence.

Plaintiff requests immediate preservation orders to ensure that Riot does not use this delay to engage in further spoliation of evidence.

### 5. Delaying the Proceedings Will Cause Further Harm to Plaintiff

Plaintiff is working around the clock on these cases, dedicating every available hour to compiling overwhelming evidence of infringement.

The constant delays, legal pressures, and bad-faith maneuvers by Riot's legal team are causing severe harm to Plaintiff's mental and physical health.

PLAINTIFF'S RESPONSE TO DEFENDANT RIOT GAMES, INC.'S EX PARTE
APPLICATION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S SECOND AMENDED
COMPLAINT

The Court should not permit a well-funded corporate defendant to weaponize procedural rules to exhaust an individual litigant.

Moreover, they have the whole weekend to obtain more time if needed.

**III. LEGAL BASIS FOR DENIAL OF RIOT'S EX PARTE APPLICATION**

*A. Riot Fails to Demonstrate "Good Cause" for an Ex Parte Extension*

Under Fed. R. Civ. P. 6(b), a party seeking an extension must show good cause. Riot has not demonstrated good cause because:

The SAC's volume was foreseeable, given the extensive nature of the claims.

Riot has had months to review evidence yet failed to engage in meaningful discussions.

Riot's own conduct in the Joint Rule 26(f) proceedings contradicts any claim of needing more time.

7

### B. Ex Parte Relief is Inappropriate Due to Riot's Prior Delay Tactics

Ex parte relief is an extraordinary remedy and is not warranted where a party creates its own emergency.

Riot had ample notice of the deadline and failed to prepare.

Deliberate refusal to engage in discovery and review should not be rewarded with additional time.

### C. Granting an Extension Would Prejudice Plaintiff

Courts deny extensions where they unfairly prejudice the opposing party. Here, Plaintiff will suffer severe prejudice, including:

Continued obstruction of discovery and delay in relief.

Increased risk of evidence manipulation or loss.

Deterioration of Plaintiff's health and ability to maintain fair litigation.

8

PLAINTIFF'S RESPONSE TO DEFENDANT RIOT GAMES, INC.'S EX PARTE
APPLICATION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S SECOND AMENDED
COMPLAINT

**IV. CONCLUSION**

Riot Games' Ex Parte Application for an Extension of Time is a baseless delay

tactic designed to obstruct and exhaust Plaintiff. Riot has already had ample time to prepare its

response and cannot use procedural manipulation to further delay proceedings.

Plaintiff respectfully requests that the Court DENY Riot's request for an

extension. If the Plaintiff believed that even a thread of truth was in the reason for the extension,

he would be amenable to the extension, but it's the same pattern of deceit and distraction and

time wasting, again and again. I believe their request isn't made in good faith.

If the Court is inclined to grant any extension, Plaintiff requests that the Court

give the minimum days, he only had 5 days to amend the complaint. Plaintiff further requests

that the Court impose strict conditions, including a formal evidence preservation order and a

prohibition on Riot raising new procedural defenses unrelated to substantive claims.

Plaintiff has had to again divert from compiling the breakdown of episode 5 of 18

episodes. He has a further 13 episodes to evaluate, and yet again he is detracted by Riot's tactics.

9

PLAINTIFF'S RESPONSE TO DEFENDANT RIOT GAMES, INC.'S EX PARTE

APPLICATION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S SECOND AMENDED

COMPLAINT

**Declaration**

I, Marc Wolstenholme, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Respectfully submitted,

*M.WOLSTENHOLME.*

Marc Wolstenholme

Plaintiff, Pro Se

Dated: February 28, 2025

10

PLAINTIFF'S RESPONSE TO DEFENDANT RIOT GAMES, INC.'S EX PARTE APPLICATION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S SECOND AMENDED COMPLAINT