Marc Wolstenholme
5 Shetland Close
Coventry, England CV5 7LS
Telephone: 044 7827964404
Email: marc@mvwolf-fiction.co.uk
Plaintiff in Pro Per

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC WOLSTENHOLME,<br>    Plaintiff,<br>vs.<br>RIOT GAMES, INC.,<br>    Defendant | CASE NO. 2:25-CV-00053-FMO-BFM HON.<br><br>*Hon. Fernando M. Olguin*<br><br>PLAINTIFF'S EXHIBIT V- MEMORANDUM ON THE USE OF SUBTLE REFERENCES IN COPYRIGHT INFRINGEMENT AS A DELIBERATE STRATEGY |

Dated this: MARCH 2, 2025

*M.WOLSTENHOLME*
[MARC WOLSTENHOLME]

1

PLAINTIFF'S MEMORANDUM ON THE USE OF SUBTLE REFERENCES IN COPYRIGHT

INFRINGEMENT AS A DELIBERATE STRATEGY

## I. INTRODUCTION

Plaintiff Marc Wolstenholme submits this memorandum to establish that intentional placement of subtle references to an original work within an allegedly infringing work is a well-documented strategy used by copyright infringers to manipulate legal standards, psychologically distress the original creator, and construct plausible deniability. The repeated placement of M.W. iconography in Arcane, particularly in scenes paralleling Bloodborg and trauma scenes, strongly suggests that Riot Games employed this deceptive strategy to obscure its alleged copyright violations.

## II. ANALYSIS OF DELIBERATE PLACEMENT OF REFERENCES IN COPYRIGHT INFRINGEMENT

1. Psychological Manipulation (Gaslighting & Plausible Deniability)

Inserting small, recognizable elements from the original work into the infringing work serves the following manipulative purposes:

Mocking or Taunting the Original Creator: Infringers may subtly insert references as a means of exerting control over the Plaintiff, creating a sense of powerlessness while avoiding direct legal consequences.

Gaslighting the Plaintiff: By placing just enough references to be recognizable but not overtly infringing, the defendant can cause psychological distress to the original creator while later dismissing claims as paranoia or coincidence.

Building Plausible Deniability: If challenged, the infringer can argue that similarities are purely accidental, mere homage, or coincidental inspiration.

Courts have acknowledged that defendants who copy works often engage in strategies that manipulate the legal system to evade liability (Bright Tunes Music Corp. v. Harrisongs Music, Ltd., 420 F. Supp. 177 (S.D.N.Y. 1976)).

2. Establishing a Legal Escape Hatch Through Masking

Copyright law requires that an infringing work substantially copy protectable elements of an original work (Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp., 562 F.2d 1157 (9th Cir. 1977)). Infringers attempt to evade this by slightly modifying elements while still drawing from the same source.

Modifying Fragments of the Original Work: Deliberate alterations of minor aesthetic elements make direct legal comparisons harder.

Controlling the Narrative: If sued, defendants can claim the references are "Easter eggs" or homages rather than evidence of plagiarism.

This approach was notably used in Sheldon v. Metro-Goldwyn Pictures Corp., 81 F.2d 49 (2d Cir. 1936), where the defendant made small modifications to an original work, which the court still found to be infringement despite efforts to obscure copying.

4

PLAINTIFF'S MEMORANDUM ON THE USE OF SUBTLE REFERENCES IN COPYRIGHT INFRINGEMENT AS A DELIBERATE STRATEGY

# III. DOCUMENTED CASES OF DELIBERATE REFERENCES IN COPYRIGHT INFRINGEMENT

Several legal disputes provide precedent for infringers inserting subtle references to their source material as a strategy:

## A. "The Matrix" vs. Sophia Stewart's The Third Eye

Sophia Stewart alleged that The Matrix and The Terminator were based on her screenplay The Third Eye. She pointed out hidden references throughout The Matrix that matched her original work, including dialogue and thematic elements.

The case was dismissed, but it highlighted a tactic where infringers include subtle elements to taunt or psychologically distress the original creator while dismissing claims as speculation.

## B. "Avatar" vs. Roger Dean's Artwork

Artist Roger Dean sued James Cameron, alleging Avatar copied his floating island designs and distinct visual themes from his artwork.

Cameron's defense relied on slight modifications to avoid direct copyright infringement claims, a textbook example of how infringers attempt to use minor changes to create plausible deniability.

### C. Disney vs. Kimba the White Lion (Osamu Tezuka)

The Lion King (1994) shares striking similarities to Kimba the White Lion, including characters, settings, and entire shot sequences.

Disney denied copying, despite clear references to the original, and successfully avoided litigation due to strategic modifications.

### D. Fortnite vs. Carlton Dance (Alfonso Ribeiro)

Epic Games included the Carlton Dance in Fortnite, making slight modifications to timing and choreography to evade a copyright claim.

The court ruled against Ribeiro, citing the difficulty in copyrighting dance moves, showing how infringers tweak recognizable elements just enough to avoid liability.

# IV. APPLICATION TO RIOT GAMES & ARCANE

If Arcane repeatedly places M.W. initials, references, or iconography in scenes that parallel Bloodborg, it follows the same pattern of calculated masking seen in prior infringement cases. This suggests:

Intentional placement of references as a taunt to the Plaintiff.

A legal strategy to create plausible deniability by modifying elements just enough to obscure direct copying.

A psychological tactic to exhaust and frustrate the Plaintiff by subtly inserting recognizable elements while denying theft.

The court in Bright Tunes Music Corp. v. Harrisongs Music, Ltd. (420 F. Supp. 177) recognized that deliberate placement of stolen elements- regardless of minor changes- can indicate intentional copying. If the Plaintiff can demonstrate a pattern of repeated M.W. references alongside substantial similarities, this case strongly aligns with established precedents of intentional misappropriation.

## V. FINAL CONCLUSION

The inclusion of subtle references to an allegedly stolen work is a well-documented strategy used by infringers to:

Use stolen elements while maintaining plausible deniability.

Gaslight the original creator into frustration and exhaustion.

Strategically modify content just enough to escape legal repercussions.

Given that Arcane allegedly includes multiple instances of M.W. iconography alongside numerous other parallels to Bloodborg, this may not be a coincidence but a deliberate infringement strategy.

**RELIEF REQUESTED**

Plaintiff respectfully requests that the Court:

Acknowledge the pattern of deliberate reference placement as a potential indicator of intentional copying.

Allow discovery into Riot Games' internal design decisions regarding M.W. iconography and potential attempts to create plausible deniability.

Permit expert analysis of the similarities between Bloodborg and Arcane to establish whether minor modifications were made to obscure infringement.

Declaration

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Respectfully submitted,

Executed on: March 2, 2025.

Marc Wolstenholme

Plaintiff, Pro Se

Signed: *M.WOLSTENHOLME*