Marc Wolstenholme
5 Shetland Close
Coventry, England CV5 7LS
Telephone: 044 7827964404
Email: marc@mvwolf-fiction.co.uk
Plaintiff in Pro Per

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MARC WOLSTENHOLME,<br>           Plaintiff,<br>vs.<br>RIOT GAMES, INC.,<br>           Defendant | CASE NO. 2:25-CV-00053-FMO-BFM HON.<br><br>*Hon. Fernando M. Olguin*<br><br>DECLARATION OF MARC WOLSTENHOLME<br><br>PLAINTIFF'S NOTICE OF CONCERN REGARDING LITIGATION CONDUCT, HARMFUL IMPACT ON PLAINTIFF'S DISABILITY, AND REQUEST FOR COURT GUIDANCE AND PROTECTIVE ORDER |
|---|---|

Dated this: March 26th, 2025

*M.WOLSTENHOLME.*
[MARC WOLSTENHOLME]

1

PLAINTIFF'S NOTICE OF CONCERN REGARDING LITIGATION CONDUCT, HARMFUL IMPACT ON

PLAINTIFF'S DISABILITY, AND REQUEST FOR COURT GUIDANCE AND PROTECTIVE ORDER

**TO THE HONORABLE COURT:**

Plaintiff Marc Wolstenholme respectfully submits this Notice of Concern and requests the Court's guidance and protection concerning the conduct of Defendants and their legal counsel in the above-captioned matter.

**1. PROCEDURAL BACKGROUND**

The Court has ordered both parties to participate in a Settlement Conference pursuant to Dkt. 75. Plaintiff has expressed his willingness to comply and has prepared extensive documentation and communications in good faith to engage in meaningful settlement discussions.

Despite this, Defendants continue to threaten a cascade of procedural motions, including:

A motion to dismiss the Second Amended Complaint (SAC) on familiar grounds,

A motion to bifurcate the case,

A motion for Plaintiff to post bond under CCP §1030,

Continued rejection of Plaintiff's prerequisite conditions to settlement,

Pressure tactics concerning a proposed Protective Order Plaintiff has explicitly declined.

2

PLAINTIFF'S NOTICE OF CONCERN REGARDING LITIGATION CONDUCT, HARMFUL IMPACT ON
PLAINTIFF'S DISABILITY, AND REQUEST FOR COURT GUIDANCE AND PROTECTIVE ORDER

## 2. IMPACT ON PLAINTIFF'S MENTAL HEALTH AND DISABILITY

The plaintiff suffers from a diagnosed anxiety disorder and is proceeding pro se. The continued threats of procedural escalation, dismissal, and financial bond requirements after these issues have already been addressed are exacerbating Plaintiff's condition and causing significant emotional distress.

Plaintiff has made multiple good-faith efforts to:

Comply with court orders,

Engage in reasonable discovery,

Pursue early resolution of the dispute,

Avoid unnecessary escalation of legal conflict.

Instead of reciprocal cooperation, Plaintiff has received increasingly aggressive legal correspondence, designed, it appears, to intimidate, delay, or distract.

3

PLAINTIFF'S NOTICE OF CONCERN REGARDING LITIGATION CONDUCT, HARMFUL IMPACT ON PLAINTIFF'S DISABILITY, AND REQUEST FOR COURT GUIDANCE AND PROTECTIVE ORDER

## 3. REQUEST FOR PROTECTIVE ORDER UNDER FRCP 26(C)

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff respectfully moves the Court to issue a Protective Order on the following grounds:

A. To prevent undue burden and oppression:

That the Court stay or limit procedural motions such as additional dismissals or bifurcation until after the Settlement Conference concludes.

B. To protect Plaintiff's mental health and accommodate his disability:

That Defendants be instructed to cease repetitive procedural threats and instead communicate regarding litigation matters with sensitivity to Plaintiff's documented medical condition.

C. To prevent manipulation of court-ordered processes:

That the Court caution Defendants against undermining the purpose of the Settlement Conference through preemptive and aggressive litigation maneuvers.

4

PLAINTIFF'S NOTICE OF CONCERN REGARDING LITIGATION CONDUCT, HARMFUL IMPACT ON PLAINTIFF'S DISABILITY, AND REQUEST FOR COURT GUIDANCE AND PROTECTIVE ORDER

### 4. REQUEST FOR COURT GUIDANCE

Plaintiff seeks the Court's guidance on how to proceed with:

Enforcing the intended spirit and procedure of the Settlement Conference,

Ensuring that Riot's legal team complies with the rules of fairness and ADA accommodations,

Establishing whether further settlement dialogue is possible or if judicial intervention is required.

PLAINTIFF'S NOTICE OF CONCERN REGARDING LITIGATION CONDUCT, HARMFUL IMPACT ON PLAINTIFF'S DISABILITY, AND REQUEST FOR COURT GUIDANCE AND PROTECTIVE ORDER

**5. Riot's Threatened Motions Are Procedurally Abusive and Have Already Been Addressed**

Defendant Riot Games, Inc. has indicated its intent to file several procedural motions—including a motion to dismiss, a motion to bifurcate access and similarity, and an application for bond under California Code of Civil Procedure § 1030. These actions are not only burdensome to a disabled pro se litigant, but also redundant, as the arguments raised have already been extensively addressed and preserved in the record through the following:

**a. Alleged Violation of FRCP 8 ("Short and Plain Statement")**

Riot's objection to the length of the Second Amended Complaint (SAC) fails under scrutiny. The SAC, while extensive, is organized with structured sections, clearly labeled exhibits, and comprehensive footnoting that meets the requirements of FRCP 10 and 11. It is not 1,200 pages of legal text, but a document combining narrative, factual allegation, and exhibit evidence. The Court itself issued Dkt 75 (Order Re Settlement Conference) without objection to the SAC's length or structure. Further, the Rule 26(f) Discovery Plan outlines the rationale for the SAC's scope and confirms Plaintiff's intention to streamline issues through discovery and settlement—not to burden the Court.

### b. Copying of Protectable Expression

Riot argues that the SAC fails to allege the copying of protectable expression, citing only generic ideas. This is demonstrably false. The SAC contains hundreds of side-by-side comparisons of highly specific dialogue, narrative devices, character, psychological structures, locations, symbolic imagery, musical synchronicity, and visual motifs. These are not "ideas" but expression of ideas, and many are unique in nature or combination. See Exhibits A through Z in the SAC. Furthermore, Rule 26(f) explains how these comparisons will be clarified further during discovery, especially with access to Riot's internal drafts and development materials, if they ever release them unedited, which I do not believe they will ever do, as criminal proceedings will follow.

### c. Lack of Plausible Allegation of Access

The SAC does allege plausible access through a documented chain of submissions to publishers, agents, and agencies directly or indirectly linked to Riot Games and Fortiche. Names include Jonny Geller, Felicity Blunt, UTA, Curtis Brown Group, and more. The "speculative theory" argument is a mischaracterization. In fact, multiple submission logs, submission timelines, and overlapping personnel connections are laid out in the SAC's access section. Furthermore, the Rule 26(f) Discovery Plan requests precisely the kind of internal

communication and disclosure that would verify the allegations of access. These are not hypothetical theories, but trackable pathways that Riot seeks to suppress through early dismissal.

### d. Bifurcation of Access and Substantial Similarity

As stated in the Rule 26(f) Plan, Plaintiff opposes bifurcation. The issues of access and similarity are interdependent and must be analyzed holistically, particularly where access may be inferred from "striking similarity" and "chain of custody" of Plaintiff's submitted manuscript. Riot's motion to bifurcate serves only to limit transparency and disrupt Plaintiff's ability to tell a unified story of infringement. The Court's Dkt 75 Order sets the matter down for settlement rather than bifurcated litigation, indicating the Court's preference for unified resolution.

### e. CCP §1030 Bond Application

This tactic is plainly designed to financially harass a disabled litigant and chill access to justice. Plaintiff has no record of non-compliance or bad faith litigation. As explained in Rule 26(f), Plaintiff is acting in good faith and prepared to move forward with discovery and trial. Any attempt to require a bond is retaliatory and inconsistent with the principles of open access to the courts. Lady justice is blind to privilege and wealth, she is impartial. It is alleged that Riot Games are using wealth, accumulated perhaps nefariously, to bully and harass after systematically raping a disabled and vulnerable veterans personal trauma writing, and this needs to be investigated. Publicly and criminally.

**6. Concern Regarding Potential Conflict of Interest – Geller Surname and Curtis Brown Group**

Plaintiff respectfully raises a concern regarding a potential conflict of interest that must be addressed prior to settlement discussions or further procedural action.

Defendant's primary legal counsel in this matter, Joshua Geller, a partner at Greenberg Glusker LLP, abruptly transitioned to Mitchell Silberberg & Knupp LLP immediately following a month-long leave of absence and just one day after submitting a communication to the Court which the Plaintiff contends included material misrepresentations regarding Plaintiff's position on settlement proceedings.

This sudden departure, combined with the timing and content of the representations made to the Court, raises serious concerns about the integrity of defense conduct and potential violations of professional responsibility. The Plaintiff respectfully requests that the Court consider whether this conduct warrants further inquiry or clarification, including whether appropriate disclosures and professional duties have been upheld.

Plaintiff notes that the surname "Geller" is shared with Jonny Geller, a high-profile literary agent and CEO of Curtis Brown Group (CBG)—a company that is central to Plaintiff's allegations of access in the Second Amended Complaint and are under investigations into persistent infringement of the M.W. Wolf cataloge of Fiction.

As outlined in the SAC and Rule 26(f) Discovery Plan, Plaintiff alleges that Curtis Brown Group, and specifically Jonny Geller, had direct access to the Plaintiff's manuscript, Bloodborg: The Harvest, and may have played a role in its unlawful use by Riot

9

PLAINTIFF'S NOTICE OF CONCERN REGARDING LITIGATION CONDUCT, HARMFUL IMPACT ON PLAINTIFF'S DISABILITY, AND REQUEST FOR COURT GUIDANCE AND PROTECTIVE ORDER

Games and Fortiche Productions. Their involvement in the development of Arcane and joint monopoly over talent selected for 6 of the biggest roles in Arcane, along with UTA, cannot be denied. Discovery has been filed to expose any quid pro quo deals, but the Plaintiff is concerned that Riot will simply abuse and manipulate the discovery content, as they have a history of abuse, dishonesty, mistreatment and malpractice.

While it is not suggested that Joshua Geller and Jonny Geller are definitively related or affiliated, the possibility of a familial or professional relationship raises legitimate concerns regarding impartiality, privileged information, and potential bias, especially if Riot's legal counsel has had previous contact with Curtis Brown Group or Jonny Geller.

**Accordingly, Plaintiff respectfully requests that the Court:**

Ask Defense Counsel to confirm on the record whether Joshua Geller has any familial, professional, or social connection to Jonny Geller or the Curtis Brown Group and of their involvement in the mistreatment of Bloodborg: the Harvest. If such a connection exists, require immediate disclosure to determine whether recusal or reassignment of certain duties is appropriate to preserve the integrity of the proceedings.

Delay the entry of any protective order or additional bifurcation motions until this matter is clarified.

This concern is not speculative; rather, it reflects Plaintiff's right to a fair and impartial process, free from any undisclosed conflicts of interest. Transparency on this matter is essential, particularly as settlement discussions and discovery obligations progress.

PLAINTIFF'S NOTICE OF CONCERN REGARDING LITIGATION CONDUCT, HARMFUL IMPACT ON PLAINTIFF'S DISABILITY, AND REQUEST FOR COURT GUIDANCE AND PROTECTIVE ORDER

**7. Outstanding Discovery Obligations and Concerns Regarding Compliance**

The Plaintiff formally raises concern that Defendant Riot Games, Inc. has failed to respond to pending discovery requests in violation of their obligations under the Federal Rules of Civil Procedure and this Court's Scheduling Order.

On March 14, 2025, Plaintiff properly served the First Set of Discovery Requests on Defendant Riot Games, Inc., through their legal representatives at Greenberg Glusker Fields Claman & Machtinger LLP. The discovery served included the following:

Requests for Production of Documents (RFPs)

Interrogatories

Requests for Admission (RFAs)

Deposition Notices

Subpoena Requests

These discovery requests were delivered via email to the following counsel of record:

Aaron J. Moss (AMoss@ggfirm.com)

Joshua M. Geller (JGeller@ggfirm.com)

Andrew P. Lux (ALux@ggfirm.com

Greenberg Glusker Fields Claman & Machtinger LLP

2049 Century Park East, Suite 2600, Los Angeles, CA 90067

11

PLAINTIFF'S NOTICE OF CONCERN REGARDING LITIGATION CONDUCT, HARMFUL IMPACT ON PLAINTIFF'S DISABILITY, AND REQUEST FOR COURT GUIDANCE AND PROTECTIVE ORDER

To date, Defendant has not responded to any of the discovery requests served. This is particularly concerning given that the response deadline is approaching imminently, and Riot Games has simultaneously indicated an intention to pursue procedural motions—including dismissal and bifurcation—while neglecting its responsibilities in discovery.

This conduct raises serious issues of compliance and fairness. It is improper for a party to threaten procedural motions while ignoring basic discovery obligations. Plaintiff respectfully requests that the Court take judicial notice of Defendant's silence in response to discovery and provide guidance on whether formal enforcement (e.g., motion to compel) is required at this stage.

This inaction, in tandem with aggressive procedural threats, further supports the concern that Defendant is attempting to derail or delay litigation while avoiding their own discovery obligations.

The Plaintiff requests a mediator to monitor the actions of Riot Games and their legal team.

Exhibit A – Plaintiff's First Set of Discovery Requests, served March 14, 2025

Exhibit B – Proof of Service

### 8. Request for Appointment of Neutral Mediator

In light of the concerns raised throughout this filing—including procedural misconduct, discovery non-compliance, potential conflicts of interest, and the Plaintiff's vulnerable status as a disabled pro se litigant—the Plaintiff respectfully requests that the Court appoint a neutral third-party mediator to monitor the actions and compliance of Riot Games, Inc. and its legal representatives throughout the discovery and settlement process.

This mediator should be empowered to:

Monitor communications between parties for compliance with ethical standards and ADA accommodations;

Oversee document exchange and discovery obligations to ensure timeliness, manipulation of evidence and transparency;

Report any concerning conduct, procedural abuses, or retaliatory tactics to the Court.

Ensure that the intent and fairness of the Court's Settlement Conference process (Dkt 75) are preserved and respected.

Plaintiff believes this oversight is necessary given the documented pattern of hostile behavior, delays, and procedural intimidation, and to protect the integrity of the proceedings.

PLAINTIFF'S NOTICE OF CONCERN REGARDING LITIGATION CONDUCT, HARMFUL IMPACT ON PLAINTIFF'S DISABILITY, AND REQUEST FOR COURT GUIDANCE AND PROTECTIVE ORDER

**9. CONCLUSION**

Plaintiff respectfully urges this Court to:

Enforce the integrity of the Settlement Conference,

Issue a Protective Order under FRCP 26(c),

Inquire into potential conflicts of interest,

Ensure Riot complies with discovery obligations,

Provide guidance to prevent harassment and abuse of process.

These actions are necessary to preserve fairness, protect a pro se disabled litigant, and ensure this matter proceeds transparently and in line with the values of the Federal Judiciary.

PLAINTIFF'S NOTICE OF CONCERN REGARDING LITIGATION CONDUCT, HARMFUL IMPACT ON PLAINTIFF'S DISABILITY, AND REQUEST FOR COURT GUIDANCE AND PROTECTIVE ORDER

Respectfully submitted,

Executed on March 26, 2025, in Coventry, England.

Signature: *M.WOLSTENHOLME*

Marc Wolstenholme

Plaintiff in Pro Per

5 Shetland Close

Coventry, England CV5 7LS

marc@mwwolf-fiction.co.uk

15

PLAINTIFF'S NOTICE OF CONCERN REGARDING LITIGATION CONDUCT, HARMFUL IMPACT ON PLAINTIFF'S DISABILITY, AND REQUEST FOR COURT GUIDANCE AND PROTECTIVE ORDER