Marc Wolstenholme
5 Shetland Close
Coventry, England CV5 7LS
Telephone: 044 7827964404
Email: marc@mvwolf-fiction.co.uk
Plaintiff in Pro Per

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC WOLSTENHOLME,<br>              Plaintiff,<br><br>vs.<br>RIOT GAMES, INC.,<br>              Defendant | CASE NO. 2:25-CV-00053-FMO-BFM HON.<br><br>*Hon. Fernando M. Olguin*<br><br>PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS |

Dated this: March 14th, 2025

*M.WOLSTENHOLME.*
[MARC WOLSTENHOLME]

**PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS**

**TO:** DEFENDANT RIOT GAMES, INC.

**FROM:** PLAINTIFF MARC WOLSTENHOLME

 

Pursuant to Federal Rules of Civil Procedure 26, 33, 34, and 36, Plaintiff Marc Wolstenholme requests that Defendant Riot Games, Inc. produce documents, answer interrogatories, and admit to the following matters relevant to this case.

 

Please see the overviews provided, and the wider checklists and the wider witness lists. Please note that this is the initial discovery request to get things moving, however the Plaintiff has more requests and revisions to follow.

## I.     REQUESTS FOR PRODUCTION OF DOCUMENTS (RFPs)

Pursuant to Federal Rule of Civil Procedure 34, Riot Games, Inc. is requested to produce the following documents:

### Category 1: Development Timeline & Access to Plaintiff's Work

All documents and communications related to the development timeline of Arcane, including drafts, scripts, concept art, and storyboards.

All documents showing access to Riot Forge submissions, including submissions dated April 15 and April 19, 2020, related to Bloodborg: The Harvest.

Internal communications (emails, Slack messages, meeting notes) discussing Riot Forge submissions and potential adaptations of external ideas.

All agreements between Riot Games and Curtis Brown Group, United Talent Agency (UTA), or Fortiche Productions regarding Arcane's development.

All documents referencing "Bloodborg" or "M.W. Wolf" or Marc Wolstenholme or any codenames related to these words within Riot Games' internal and external communications.

A more detailed checklist has been provided as an annex to aid your process.

PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

**Category 2: Copyright Infringement & Substantial Similarities**

All Riot Games communications discussing similarities between Bloodborg: The Harvest and Arcane.

Any internal analyses, reports, or comparisons of external works against Arcane's storyline.

Documents identifying all individuals involved in script revisions made at any time but more focused post-April 2020.

A more detailed checklist has been provided as an annex to aid your process.

**Category 3: Casting, Contracts, and Financial Records**

Contracts, NDAs, and agreements signed by Arcane's voice actors.

Documents reflecting Riot Games' financial transactions with Curtis Brown, UTA, and Fortiche Productions.

Records of casting decisions, including discussions of potential intellectual property conflicts.

All documents regarding deals, bargaining and quid pro quo deals.

A more detailed checklist has been provided as an annex to aid your process.

PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

**Category 4: Corporate Conduct & Bad Faith Actions**

Internal Riot Games communications discussing Plaintiff's copyright claim.

All documents related to Riot Games' responses to Plaintiff's cease-and-desist demands.

All records showing Riot Games' compliance with litigation hold notices and evidence preservation.

A more detailed checklist has been provided as an annex to aid your process.

PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

## II.    INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33

Identify all Riot Games employees, contractors, or agents who had access to Riot Forge submissions in April 2020.

Identify all individuals involved in reviewing, discussing, or considering Bloodborg: The Harvest and all other manuscripts, as potential adaptations.

Provide the exact timeline of Riot's contact with Fortiche Productions regarding Arcane's development along with a list of the 530 employees who worked on Arcane, with their roles and periods of work on Arcane.

State whether Riot Games received any feedback indicating similarities between Arcane and Bloodborg.

Identify all litigation hold notices related to document preservation in response to this lawsuit.

A more detailed checklist has been provided as an annex to aid your process.

6

PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

### III.    REQUESTS FOR ADMISSION (RFAs)

Pursuant to Federal Rule of Civil Procedure 36

Admit that Riot Games reviewed Bloodborg: The Harvest as part of Riot Forge submissions in 2020.

Admit that Riot Games worked with, or made deals with agents and people at Curtis Brown Group and / or United Talent Agency (CBG & UTA) regarding Bloodborg and Arcane.

Admit that Jonny Geller, Felicity Blunt or any other representatives of CBG & UTA were involved with the deals and business transactions and translation regarding Bloodborg and / or Arcane, or any codenames given to these products.

Admit that Riot Games discussed or considered Bloodborg: The Harvest in Arcane's development.

Admit that characters and plotlines in Arcane bear substantial similarities to Bloodborg: The Harvest.

Admit that Arcane's scripts were modified after April 2020.

Admit that Riot Games employees communicated about Bloodborg: The Harvest internally.

Admit that Riot Games' legal team discussed strategies to suppress evidence related to Bloodborg: The Harvest.

Admit that co-creators Alex Yee and Christian Linke did not write Arcane.

Admit that Bloodborg was directly used to build Arcane narratives at any point.

PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

Admit that Arcane was only Greenlit after the Bloodborg manuscript was reviewed by Riot Games's employees.

Admit that efforts were made to mask the IP infringement of the Bloodborg: The Harvest manuscript.

Admit that efforts were made to gaslight the Plaintiff.

Admit that efforts were made to intimidate the Plaintiff into dropping his cases against Riot Games.

Admit that Christian Linke resigned following discussions of his IP infringements of Bloodborg.

Admit that efforts were made to falsify the timelines of Arcane production.

Admit that The individuals responsible for overseeing, greenlighting, and producing Arcane, including Alex Yee, Christian Linke, Marc Merrill, Brandon Beck, Jane Chung, Thomas Vu, Melinda Rediger, and former CEO Nicolo Laurent, had knowledge of the Copyright Infringement of the Bloodborg manuscript.

Admit that Bloodborg and Arcane have provided a gateway into other industries for Riot Games.

Admit that the list below- of characters - have been infused with Bloodborg's POV narratives, closely mirroring themes, character arcs, and philosophical structures originating from Bloodborg: The Harvest. Core similarities include bioengineering, blood-based augmentation, hierarchical control structures, higher consciousness manipulation, backstories, storylines, and direct visual references to the initials "M.W." within Arcane.

(Viktor, Caitlyn, Mel Medarda, Jinx, Vi, Warwick, Ambessa)



8

## IV.    DEPOSITION NOTICES & SUBPOENAS

Depositions of Riot Games Executives, Showrunners, and Agency Reps

(To be conducted pursuant to Federal Rule of Civil Procedure 30)

Nicolo Laurent (Former Riot CEO) – Approval of Arcane, knowledge of external submissions.

Christian Linke & Alex Yee (Showrunners) – Creative development and influence sources.

Jane Chung Hoffacker (Executive Producer) – Writer recruitment, read manuscripts and made script changes.

Melinda Dilger (Global Head of Animation) – Timeline inconsistencies, production records.

David Lyerly (Casting Director) – Role of Curtis Brown and UTA in Arcane's casting.

Curtis Brown Group Representatives (Johnny Geller, Felicity Blunt) – Access to Plaintiff's work.

Fortiche Productions Representatives - Collaboration details, script adjustments post-2020.

Aaron Moss (Riot's Legal Counsel) – Handling of litigation and internal discussions.

A more detailed checklist has been provided as an annex to aid your process.

9

**Subpoenas for Non-Party Agencies**

Curtis Brown Group & UTA (for records related to Riot's contracts and access to Plaintiff's work).

Fortiche Productions (for records of script revisions and development changes post-2020).

Netflix (for records of Arcane's development and external influences).

A more detailed checklist has been provided as an annex to aid your process.

PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

## V.    CHECKLISTS OF PLANS TO PUSH DISCOVERY.

The plaintiff anticipates conducting full and wide discovery on all matters including written discovery and depositions into the legal issues discussed above relating to Riot's alleged infringement and potential damages. In particular, Wolstenholme is now conducting discovery on the following issues:

(a)    The role of Curtis Brown Group and United Talent Agency (UTA) in the development of Arcane.

(b) The full timeline of Arcane's development, including script revisions and internal communications regarding manuscript reviews.

(c) Evidence of submitted manuscripts, including Riot's handling of third-party literary submissions from 2018-2024.

(d) Riot's internal communications regarding narrative development, character creation, and thematic direction.

(e) Financial agreements related to Riot's engagement with talent agencies, including Curtis Brown Group and UTA, and potential "quid pro quo" arrangements related to cast selection.

(f) Statements from all cast members and behind the scenes members of Arcane.

(g) Riot Forge servers Metadata.

(h) Statements from all Fortiche Production SAS employees who worked on Arcane, and evidence of the development of Arcane, including storyboard development and all production steps.

PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

## VI.    WIDER DEPOSITION NOTICES & SUBPOEN LIST OF KEY RELEVANT EVIDENCE AND WITNESSES:

Plaintiff's submissions and communications evidencing dissemination and access by Riot Games, Riot Forge, and associated literary agencies (Curtis Brown Group, Austin Macauley Publishers, and others).

Riot Games' internal development documents, scripts, storyboards, mood boards, and communications regarding the creation of Arcane, especially from the period between 2018 and 2021.

Evidence of revisions made to the scripts, maps, and visual materials of Arcane, particularly those made after Riot had direct or indirect access to Bloodborg: The Harvest.

Deposition testimony from Arcane's writers, producers, animators, voice actors, and staff involved in narrative and character development, as well as external agencies and talent representatives.

Financial records and agreements related to Riot's dealings with literary and talent agencies, especially UTA and Curtis Brown Group.

**Key Evidence: Critical evidence includes but is not limited to:**

Plaintiff's U.S. Copyright Registration Certificate for Bloodborg: The Harvest.

Plaintiff's submissions of Bloodborg to Riot Forge (April 2020), and many others, which directly provided Riot Games with access to Plaintiff's manuscript.

Documents evidencing the timing and nature of revisions made to Arcane's scripts and settings, particularly post-April 2020, which align closely with submissions of Bloodborg.

Detailed comparative analyses between specific elements from Bloodborg and substantially similar elements found in Arcane.

Testimonies or declarations from Plaintiff and Riot personnel regarding the creation and development processes of the works.

Importance of Evidence: The identified evidence will demonstrate Riot Games' direct or indirect access to Plaintiff's manuscript and establish substantial similarities that are quantitatively and qualitatively significant enough to invalidate Riot's anticipated defense of independent creation.

**At this time, The Plaintiff identifies the following percipient witnesses:**

Primary Witnesses (Direct Involvement in Arcane Production)

Nicolo Laurent (Former CEO of Riot Games, Greenlit the show)

Christian Linke (Showrunner, Arcane)

Alex Yee (Showrunner, Arcane)

Jane Chung Hoffacker (Executive Producer, Arcane)

Melinda Dilger (Global Head of Animation Production, Riot Games)

David Lyerly (Casting Director, Riot Games, conflicting timelines)

Monica Macer (Consulting Producer, Arcane)

Rowan Parker (Director of Riot Forge)

Alexis Wanneroy (Animation Supervisor at Fortiche Productions).

Amanda Overton (Writer, Arcane)

Alex Seaver (Music Composer, Riot Games/Fortiche)

Barthelemy Maunoury (Fortiche, Technical Production)

Kathy Cavaiola (Script Coordinator and VOManager)

PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

Actors & Voice Talent (Statements Regarding Arcane's Development)

Ella Purnell (Jinx, represented by Curtis Brown Group, talks about things exclusive to Bloodborg and work beginning during covid- mid 2020)

Katie Leung (Caitlyn, represented by Curtis Brown Group)

Harry Lloyd (Viktor, represented by Curtis Brown Group)

Hailee Steinfeld (Vi, represented by UTA)

Jason Spisak (Silco, represented by UTA, provided insight into Arcane's late-stage script changes and recording process)

Kevin Alejandro (Jayce, represented by UTA)

Reed Shannon (Ekko, conflicting casting timelines)

Mia Sinclair Jenness (Powder, conflicting recording timelines)

JB Blanc (Vander, statements about late-stage script changes)

Katy Townsend (worked during Covid restrictions)

Toks Olagundoye (Proof of late 2020 recordings)


Agency Representatives (Curtis Brown & UTA - Key Links to Riot)


Johnny Geller (Curtis Brown Group - Received Plaintiff's Manuscript)

Felicity Blunt (Curtis Brown Group - Received Plaintiff's Manuscript)

PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

UTA Representative (Involved in talent representation for Arcane)


Legal & Administrative Personnel (Litigation-Related)

Aaron Moss (Attorney, Greenberg Glusker, Riot's Legal Team)

Andrew Lux (Attorney, Greenberg Glusker, Riot's Legal Team)

Josh Geller (Attorney, Greenberg Glusker, Riot's Legal Team)

PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

## VII.    CHECKLIST FOR DISCOVERY REQUESTS

1. Development Timeline & Production Evidence

Provide a complete and accurate timeline of Arcane's development, including documentation from all stages.

Provide all evidence related to the conceptualization and greenlighting of Arcane (including Bloodborg references) by Nicolo Laurent and other decision-makers.

Provide a breakdown of all failed projects and pilot materials that were reworked into Arcane.

Provide all internal communications discussing audience testing and feasibility studies for Arcane, including:

The 10th Anniversary Video (produced at Fortiche, Paris in Summer 2019).

Marketing strategies used to test audience engagement.

Provide all drafts, storyboards, design documents, and concept art that led to the final form of Arcane.

Provide all Riot Games board meeting minutes discussing the approval and financing of Arcane.

Provide all Riot Games internal memos, emails, or Slack communications referencing the show's production.

PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

2. Copyright & Ownership Evidence

Provide a complete list of all Riot Forge submissions, including the Bloodborg submissions on 15 and 19 April 2020, or on any date they were received.

Provide any Riot Games internal correspondence discussing Riot Forge submissions and potential adaptation of external ideas.

Provide documentation of all Riot Games personnel who reviewed or had access to Riot Forge submissions.

Provide a complete list of all agencies, external writers, and consultants hired for Arcane, including their contracts and agreements.

Provide correspondence between Riot Games and any external agencies (UTA, Curtis Brown Group, etc.) discussing story development and character arcs.

Provide all correspondence Riot had with Curtis Brown Group and UTA regarding potential writing or creative contributions.

Provide all Riot Games internal communications discussing the adaptation of new lore elements from external submissions or manuscripts.

PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

3. Casting & Talent Agency Involvement

Provide the full list of Arcane voice actors, their agencies, and their contracts.

Provide records of how each major character was cast, including the selection process and agency involvement.

Provide a detailed financial breakdown of payments to talent agencies (Curtis Brown, UTA, etc.) and their clients.

Provide all NDAs signed by cast members regarding their roles, storylines, and production details.

4. Digital Evidence & Metadata Requests

Provide a full record of email addresses and devices (including metadata logs) that accessed or edited files related to Arcane.

Provide all Riot Games internal server logs related to Arcane's development.

Provide all project folders, drafts, and notes pinned in Riot Games HQ and Fortiche Production's writing rooms and all other rooms.

Provide records of who was granted access to Bloodborg materials at Riot Forge or other agencies.

19
PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

5. Financial & Legal Documents

Provide a full breakdown of Riot Games' production budget and financial statements for Arcane.

Provide records of tax breaks, subsidies, or external investments related to Arcane.

Provide all Riot Games employee NDAs, contracts, and agreements related to Arcane.

Provide an itemized list of all expenditures tied to talent recruitment and agency involvement.

Provide full breakdown of all the costing of Arcane's development and all costing of acquiring manuscripts, such as Bloodborg.

Provide full breakdown of all income revenue related to Arcane and the characters in Arcane including merchandise, games, animation and all other methods of profit.

PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

6. Pre-Litigation Conduct & Bad Faith Actions

Provide all internal Riot Games communications discussing the plaintiff's claims or legal strategy.

Provide documentation of Riot's refusal to engage in good faith pre-litigation discovery.

Provide copies of all communications threatening to dismiss the case instead of addressing claims, dating back to 2021.

Provide all internal Riot Games legal correspondence regarding this lawsuit, including discussions on legal tactics to suppress evidence.

7. Hate Mail & Workplace Culture Investigations

Provide all reports, investigations, or internal Riot Games discussions related to hate mail received by the plaintiff.

Provide all internal Riot Games documents discussing harassment or a toxic workplace culture related to Arcane's development.

8. Procedural & Legal Accommodations

Ensure the plaintiff's legal disability accommodations and pro se status are acknowledged.

Provide all Riot Games communications discussing procedural delays or efforts to exhaust the plaintiff legally.

PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

9. Witness & Expert Testimonies

Provide a full list of individuals who worked on Arcane, their roles, and their availability for testimony, as listed.

Provide any independent third-party forensic experts who can verify metadata and authorship claims.

Provide witnesses from literary agencies who can confirm ownership of Bloodborg.

10. Additional Motions & Discovery Requests

Grant the plaintiff access to Riot Games and Fortiche Production SAS servers for forensic analysis.

Provide a timeline for employee interviews regarding Arcane's development.

Allow a neutral third party to conduct an anonymous questionnaire among Riot Games and Fortiche employees about Arcane's development process.

Provide an official response to the Plaintiff's SAC.

Provide a response to allegations regarding Christian Linke's public statements condoning violence (e.g., "French Guillotine" comment).

PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

11. Full Disclosure of Insurance Policy & Coverage Details

As per Federal Rule of Civil Procedure 26(a)(1)(A)(iv) and the Joint Rule 26(f) Report, Riot must provide full disclosure regarding any applicable insurance coverage for this litigation, including

Complete insurance policy documents applicable to the claims in this case.

Policy limits, deductibles, and retention amounts.

Any communications between Riot Games and its insurers regarding this lawsuit, including settlement discussions and defense strategy.

Confirmation of whether Riot's insurers are involved in settlement negotiations.

Proof of Riot's notification to insurers regarding this litigation.

Failure to disclose this information will be treated as bad-faith conduct, preventing meaningful settlement discussions.

**Timeframe**

The Plaintiff has provided ample time for the opportunity to respond, comply, or refuse. However, given the scope and breadth of the information, if extra time is needed, The Plaintiff understands, so long as this is effectively communicated.

PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

## VIII.    PREREQUISITE REQUIREMENTS FOR SETTLEMENT DISCUSSIONS

The Plaintiff Asserts that Settlement Discussions are Premature.

Before engaging in any settlement negotiations, Riot Games must satisfy the following conditions to demonstrate good faith and compliance with legal obligations. If Riot does not agree, The Plaintiff will accept an explanation of why and consider dropping the ones Riot does not agree to. Once answers are provided, The Plaintiff will be in a better position to timetable in a settlement conference. Right now, the cases are not in a position to book a settlement conference.

### 1. Full Disclosure of Insurance Policy & Coverage Details

As per Federal Rule of Civil Procedure 26(a)(1)(A)(iv) and the Joint Rule 26(f) Report, Riot must provide full disclosure regarding any applicable insurance coverage for this litigation, including:

Complete insurance policy documents applicable to the claims in this case.

Policy limits, deductibles, and retention amounts.

Any communications between Riot Games and its insurers regarding this lawsuit, including settlement discussions and defense strategy.

Confirmation of whether Riot's insurers are involved in settlement negotiations.

Proof of Riot's notification to insurers regarding this litigation.

Failure to disclose this information will be treated as bad-faith conduct, preventing meaningful settlement discussions.

2. Personal Apology from Leadership

A direct and private apology for the harm caused to me as a human being- not just as a litigant-is a necessary step for closure and resolution.

This apology must come from one of the following individuals:

Marc Merrill (Tryndamere)

Brandon Beck

Alex Yee or Christian Linke (the "Showrunners")

Dylan Jadeja (New CEO)

A corporate statement will not suffice. This is about accountability and healing, not optics.

No apology = No settlement.

3. Confirmation of Good-Faith Negotiations & Intent to Settle

Riot must confirm, in writing, that it is willing to negotiate in good faith and that the settlement conference is not being used as a legal formality, delay tactic, or other procedural manipulation.

If Riot is unwilling to commit to genuine settlement efforts, I will not waste time engaging in a meaningless process.

This is a requirement, not a request.

PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

Formal Reply to the Second Amended Complaint (SAC)

Riot must respond to the SAC before settlement discussions commence.

Without a clear statement of Riot's position, there is no basis for negotiating settlement terms.

A settlement requires clarity, not ambiguity.

5. Cessation of Procedural Manipulation & Retaliation

Riot Games must stop all procedural manipulation and bad-faith legal tactics designed to exhaust or intimidate me into an unfair resolution.

Any continued attempts to delay, obscure, or unfairly influence proceedings will result in formal legal action against responsible parties.

Transparency and fairness are non-negotiable.

6. Alignment on Settlement Expectations

If Riot is open to settlement, there must be preliminary discussions on financial and non-financial terms to ensure we are operating within realistic parameters.

If Riot's position is drastically out of line with what is fair, a settlement conference is a waste of time.

I will not participate in performative negotiations.

PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

7. Disclosure of Any Involvement from Jonny Geller, Felicity Blunt, CBG, and UTA

Riot must disclose any and all involvement from:

Jonny Geller (Curtis Brown Group)

Felicity Blunt (CBG & UTA)

United Talent Agency (UTA)

Any related third parties involved in literary, media, or business dealings regarding this case

Riot has engaged with these individuals or agencies, I require full transparency on their role and any discussions that may have taken place.

 Failure to disclose = Deliberate concealment = Bad-faith litigation.


Additional Prerequisite Conditions to Consider:

8. Mandatory Preservation of Evidence (Litigation Hold)

Riot must confirm in writing that it has placed a litigation hold on all relevant evidence related to this case.

This includes, but is not limited to:

Internal communications (emails, Slack, messages, etc.) about Arcane, Bloodborg, and any related IP concerns.

Documents, notes, and mood boards from Fortiche Production SAS related to character, scene, and script development.

Animation drafts, reference materials, and concept art used in Arcane's production.

All AI or software-based writing tools used in Arcane's development.

Communications between Riot and third-party agencies (UTA, Curtis Brown, Felicity Blunt, etc.).

Any spoliation (destruction) of evidence will result in immediate legal action.

This prevents Riot from deleting or concealing evidence before discovery.

9. Immediate Response to Outstanding Requests (Including Insurance & SAC Reply)

Riot must respond to all previously requested disclosures, including the insurance policy details and the formal reply to the Second Amended Complaint (SAC).

If Riot refuses to provide these materials, they must state why in writing.

No settlement discussion can occur without these fundamental disclosures.

This prevents Riot from stalling by delaying required disclosures.

10. Confirmation That Riot Will Not Attempt to Retaliate or Intimidate

Riot must formally confirm that it will not engage in retaliation, witness intimidation, or legal bullying tactics.

This includes:

PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

Targeting third parties (e.g., agencies, publishers, or legal advisors) to interfere with the case.

Engaging in corporate harassment through legal or extralegal means.

Manipulating the legal process with excessive motions or delay tactics.

Any breach of this will be treated as a separate legal matter and reported accordingly.

This forces Riot to act responsibly and prevents backdoor pressure tactics.

11. No Bad-Faith "Lowball" Offers or Insulting Settlement Terms

Riot must confirm it is approaching settlement with legitimate intent and not as a lowball strategy to evade consequences.

If Riot's offer is deliberately insulting or unserious, I reserve the right to escalate the case instead of wasting time.

Baseline expectations for financial and non-financial settlement terms must be discussed in advance to avoid a wasteful conference.

If Riot is unserious, there's no point in engaging in talks.

12. Independent Third-Party Mediation If Riot Wants a Settlement Conference

If Riot insists on a settlement conference, I require a neutral third-party mediator rather than a Magistrate Judge.

This ensures a fair and impartial process, rather than a legal formality that favors Riot.

PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

This prevents Riot from using procedural manipulation in the settlement process.

**Final Statement**

These prerequisite requirements must be formally acknowledged and satisfied before any meaningful settlement discussions can proceed. If Riot Games refuses to comply, I will assume they are not serious about resolution and will continue with discovery and litigation as planned.

Failure to meet these conditions will make further discussions pointless. I expect a timely response confirming Riot's compliance with these requirements, or reason to the one's it does not agree to.

PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

**IX.    CONCLUSION**


Plaintiff respectfully requests that Defendant fully comply with these discovery requests within the deadlines set by the Federal Rules of Civil Procedure.


Dated: March 14, 2025

Respectfully submitted,

Marc Wolstenholme Plaintiff in Pro Per

5 Shetland Close

Coventry, England CV5 7LS

marc@mwwolf-fiction.co.uk

*M.WOLSTENHOLME.*

31