AARON J. MOSS (SBN 190625)
Aaron.Moss@msk.com
JOSHUA M. GELLER (SBN 295412)
Josh.Geller@msk.com
HANNAH G. SHEPHERD (SBN 347611)
Hannah.Shepherd@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendant Riot Games, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC WOLSTENHOLME,<br><br>        Plaintiff,<br><br>    v.<br><br>RIOT GAMES, INC.,<br><br>        Defendant. | Case No. 2:25-cv-00053-FMO-BFM<br><br>*Hon. Fernando M. Olguin*<br><br>**DECLARTION OF JOSHUA M. GELLER IN SUPPORT OF DEFENDANT RIOT GAMES, INC.'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>[Notice of Motion and Motion to Dismiss Second Amended Complaint and [Proposed] Order filed concurrently herewith]<br><br>Date:      May 8, 2025<br>Time:     10:00 a.m.<br>Crtrm:    6D |

# DECLARATION OF JOSHUA M. GELLER

I, Joshua M. Geller, declare:

1. I am an attorney at Mitchell Silberberg & Knupp LLP, attorneys of record for Defendant Riot Games, Inc. ("Riot"). I submit this declaration in support of Riot's Motion to Dismiss Second Amended Complaint (the "Motion"). I have personal knowledge of the following facts and, if called and sworn as a witness, could and would competently testify to these facts under oath.

2. On March 26, 2025, I corresponded via email with Plaintiff Marc Wolstenholme ("Wolstenholme") who is representing himself *pro se* about the substance of the Motion. In my email, I explained the legal basis for the instant motion and offered to meet and confer further telephonically. Mr. Wolstenholme refused to meet and confer further.

3. In his Second Amended Complaint, Mr. Wolstenholme references an exchange of correspondence in November 2021. He states that he notified Riot of the alleged infringement in November 2021, and that Riot's "legal representatives responded with threats of extensive legal fees." I understand Mr. Wolstenholme to be referencing a letter sent by my colleague, Aaron J. Moss, who is also counsel of record in this case, to Mr. Wolstenholme, on which I was copied, dated November 28, 2021. A true and correct copy of that letter from Mr. Moss to Mr. Wolstenholme is attached as **Exhibit A**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 4th day of April, 2025 at Los Angeles, California.

_Joshua M. Geller_
Joshua M. Geller

# Exhibit A



Aaron J. Moss

D: 310.785.6814
F: 310.201.2314
AMoss@ggfirm.com
File Number: 74677-00001

November 28, 2021

**Via E-Mail**

Marc Wolstenholme
Inkberrow, Worcestershire, WR7 4EF,
England
Marc.wolstenholme@yahoo.co.uk

    Re:    *Cease and Desist*

Dear Mr. Wolstenholme:

    This law firm represents Riot Games, Inc. ("Riot"). I am writing in response to the various allegations you have made concerning the television series *Arcane*, including as set forth in your various letters to Riot representatives dated November 26, 27 and 28, 2021. As explained in detail below, your claim that Riot infringed the copyright in your unpublished manuscript entitled "Bloodborg: the Harvest" (the "Manuscript") is both legally and factually baseless.

    Your emails appear to suggest that you hired a literary agent whom, without your permission, gave or sold the Manuscript to Riot. This is simply false. Riot did not purchase or acquire your Manuscript to create *Arcane*. Rather, the program was developed in-house by Riot and its employees over a period of many years. The show is not based on any acquired property; to the contrary, and as you know, the show is based on underlying Riot IP from *League of Legends*, and much of the characters, settings, plots and other copyrightable elements of Riot's property were first created more than a decade ago.

    To be clear, neither Riot nor the individuals who helped create *Arcane* ever received a copy of your Manuscript. Nor does your work appear to be publicly available. If you would like to send a copy of your Manuscript to my attention, you are certainly welcome to do so—but please understand that there is absolutely no truth to your suggestion that your manuscript made its way into Riot's hands. In the absence of evidence that Riot had any access to your work, you cannot state a copyright claim as a matter of law.

    While we do not have a copy of your manuscript that would allow us to fully evaluate your claims, it is abundantly clear that there is no possible claim for copyright infringement based on the so-called "similarities" you have identified in your correspondence. Whether or not you truly believe that your work has been copied (which is, emphatically, not the case), you appear to be operating under a fundamental misunderstanding of United States copyright law.

    In order to establish a claim of copyright infringement under the U.S. Copyright Act, a plaintiff must show that two works are "substantially similar" in creative expression (as opposed to simply ideas) based on both an extrinsic and an intrinsic test. *Funky Films, Inc. v. Time*

1900 Avenue of the Stars, 21st Floor, Los Angeles, CA 90067
MAIN 310.553.3610   FAX 310.553.0687   GreenbergGlusker.com
74677-00001/4198185.2

4

Marc Wolstenholme
November 28, 2021
Page 2

*Warner Ent. Co., L.P.*, 462 F.3d 1072, 1081 (9th Cir. 2006). The extrinsic test in particular looks only at the *copyrightable elements* of the works. *Id.* at 1077 (courts must "filter out and disregard" the non-protectible elements when comparing two works).

Copyright does not protect abstract or general ideas; rather it protects only the concrete expression of those ideas. *Cavalier v. Random House, Inc.*, 297 F.3d 815, 823 (9th Cir. 2002). This means that copyright law does not protect basic plot premises or features of the work that flow directly from those ideas. *Id.* ("Scenes-a-faire, or situations and incidents that flow necessarily or naturally from a basic plot premise, cannot sustain a finding of infringement."). Generic concepts—like a story featuring orphans, or a story with cyborgs and mutants—are not protectible and therefore cannot form the basis for a claim of copyright infringement.

The supposed comparisons you cite in your correspondence are exactly the sort of things that copyright law does *not* protect. You cite stock concepts like the fact that *Arcane* follows a group of orphans, and that there is a "stocky and rough leadership figure who helps children and is revered as a hero." Those are merely ideas that are simply not protected by United States copyright law.

This fact does not change even when you list dozens of purported "similarities."[1] Under applicable law, lists of similarities are "inherently subjective and unreliable," and federal courts will not rely on such lists of "random similarities scattered throughout the works" to find substantial similarity. *Litchfield v. Spielberg*, 736 F.2d 1352, 1356 (9th Cir. 1984). For that reason, United States courts *routinely* dismiss copyright infringement claims based on allegations of similarity far more extensive than those you have identified. *E.g.*, *Shame on You Productions, Inc. v. Elizabeth Banks*, 120 F. Supp. 3d 1123 (C.D. Cal. 2015); *Wild v. NBC Universal, Inc.*, 788 F. Supp. 2d 1083 (C.D. Cal. 2011); *Zella v. E.W. Scripts, Co.*, 529 F. Supp. 2d 1124 (C.D. Cal. 2007).

In your letter, you incorrectly assert that you would be entitled to statutory damages or attorney's fees if you were to sue Riot for copyright infringement. Not so. Your Manuscript does not appear to have been registered with the United States Copyright Office, and statutory damages and attorney's fees are therefore unavailable. 17 U.S.C. § 412 (no award of statutory damages or of attorney's fees shall be made for any infringement of copyright in an unpublished work commenced before the effective date of its registration).

---

[1] Please note that the "similarities" you cite are not similar in the first place. Even trivial comparisons are grossly misrepresented in your attachments—your comparisons between a "maroon vail" (sic) and Vi's hood, or a bar called "The Last Drop" and your use of this ordinary phrase in an entirely different context (referring to the last bit of some food) simply underscore your allegations' lack of viability. "Ordinary words and phrases are not entitled to copyright protection, nor are 'phrases or expressions conveying an idea typically expressed in a limited number of stereotyped fashions.'" *Bernal v. Paradigm Talent & Literary Agency*, 788 F. Supp. 2d 1043, 1071 (C.D. Cal. 2010).

Marc Wolstenholme
November 28, 2021
Page 3

      It is instead *Riot* that would be able to recover any attorney's fees it is required to expend defending any of your frivolous claims. Please understand that this means that if you pursue legal action against Riot you will be exposing yourself to substantial monetary liability. Riot will not hesitate to pursue all available legal remedies in connection with your allegations.

      Our law firm regularly defends cases like yours and courts invariably dismiss them at the outset of the lawsuit. We have no doubt that the same result would obtain were you to pursue your baseless claims.

      I note that you have stated in your correspondence that you do not want the stress of having to fight for years over your supposed copyright claims. Because your allegations of infringement are entirely misguided and based on a serious misunderstanding of copyright law, I urge you to follow your own advice and not waste any more of your energy pursuing these meritless allegations. Your requests for a face-to-face meeting with Riot's executives and for compensation are rejected in full.

      Because this firm is now representing Riot in this matter, we also demand that you refrain from contacting Riot's employees and executives any further. Should you wish to respond to this letter, you are directed to respond to my attention alone.

      This letter is not a full and complete recitation of Riot's rights and remedies, all of which are expressly reserved.

      Sincerely,

      Aaron J. Moss

cc:    Joshua Geller, Esq.