AARON J. MOSS (SBN 190625)
Aaron.Moss@msk.com
JOSHUA M. GELLER (SBN 295412)
Josh.Geller@msk.com
HANNAH G. SHEPHERD (SBN 347611)
Hannah.Shepherd@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendant Riot Games, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC WOLSTENHOLME, <br><br> Plaintiff, <br><br> v. <br><br> RIOT GAMES, INC., <br><br> Defendant. | Case No. 2:25-cv-00053-FMO-BFM <br><br> *Hon. Fernando M. Olguin* <br><br> **RIOT GAMES, INC.'S NOTICE OF MOTION AND MOTION FOR PLAINTIFF TO POST COSTS BOND** <br><br> [Declaration of Joshua M. Geller and [Proposed] Order filed concurrently herewith] <br><br> Date: May 8, 2025 <br> Time: 10:00 a.m. <br> Crtrm: 6D |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on May 8, 2025 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 6D of the above-entitled Court, located at 350 W. 1st Street, 6th Floor, Los Angeles, CA 90012, Defendant Riot Games, Inc. ("Riot") will, and hereby does, move for Plaintiff Marc Wolstenholme ("Wolstenholme") to post a bond for costs and fees in the amount of $100,000.

The Motion is made pursuant to California Code of Civil Procedure section 1030, which requires a bond where (1) the plaintiff resides out of state and (2) there is a reasonable possibility that the defendant will prevail on the merits, and the Court's inherent power to order a costs bond. *Pittman ex rel. L.P. v. Avish P'ship*, 525 F. App'x 591, 592–93 (9th Cir. 2013). Because Wolstenholme resides in the United Kingdom and Riot is very likely to prevail in this action, a costs bond of $100,000 is warranted.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Joshua M. Geller, and any oral or documentary evidence which may be presented at a hearing.

This Motion is made following a conference between counsel and Wolstenholme, who is representing himself *pro se*, pursuant to Local Rule 7-3, which took place by email correspondence on March 26, 2025, after which Wolstenholme refused to meet and confer further.

DATED: April 4, 2025                    MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Aaron J. Moss
AARON J. MOSS (SBN 190625)
JOSHUA M. GELLER (SBN 295412)
HANNAH G. SHEPHERD (SBN 347611)
Attorneys for Defendant Riot Games, Inc.

# TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION ..................................................................................................6

II. COURTS IN THIS DISTRICT ROUTINELY ORDER OUT-OF-STATE PLAINTIFFS TO POST A COSTS BOND. ......................................7

III. WOLSTENHOLME SHOULD BE REQUIRED TO POST A BOND. ........7

    A. Wolstenholme Resides Out of State ......................................................7

    B. There is a Reasonable Possibility that Riot Will Obtain Prevail and Be Entitled to Recover Fees. ............................................................8

IV. DEFENDANTS REQUEST THAT PLAINTIFF POST A BOND IN THE AMOUNT OF $100,000. .........................................................................10

V. CONCLUSION ...................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Cavalier v. Random House, Inc.*,
   297 F.3d 815 (9th Cir. 2002) ............................................................................... 9

*Code Rebel, LLC v. Aqua Connect, Inc.*,
   No. CV 13–4539, 2014 WL 2890242 (C.D. Cal. June 24, 2014) ................... 7, 8

*Cummings v. Dolby Lab'ys, Inc.*,
   No. 2:20-cv-04443, 2020 WL 5518185 (C.D. Cal. 2020) ............................... 10

*Gabriel Techs. Corp. v. Qualcomm Inc.*,
   No. 08 CV 1992, 2010 WL 3718848 (S.D. Cal. Sept. 20, 2010) ........................ 9

*Gray v. Hudson*,
   28 F.4th 87 (9th Cir. 2022) ................................................................................ 8

*Guangzhou Yucheng Trading Co. v. DBest Prods., Inc.*,
   No. CV 21–475, No. CV 21–475, 2023 WL 2347086 (C.D. Cal. Feb. 17,
   2023) ............................................................................................................. 7, 10

*In re Merrill Lynch Relocation Mgmt., Inc.*,
   812 F.2d 1116 (9th Cir. 1987) ........................................................................... 7

*Kirtsaeng v. John Wiley & Sons, Inc.*,
   579 U.S. 197 (2016) ........................................................................................ 10

*Loomis v. Cornish*,
   836 F.3d 991 (9th Cir. 2016) ............................................................................. 9

*Pittman ex rel. L.P. v. Avish P'ship*,
   525 F. App'x 591 (9th Cir. 2013) ...................................................................... 7

*Shame On You Prods., Inc. v. Banks*,
   893 F.3d 661 (9th Cir. 2018) ........................................................................... 10

*Woodland v. Hill*,
   No. 2:22-cv-03930, 2022 WL 19250191 (C.D. Cal. Dec. 8, 2022) ................... 9

## STATUTES

17 U.S.C.
 § 505 ........................................................................................................................ 10

35 U.S.C.
 § 285 ........................................................................................................................ 10

California Code of Civil Procedure
 § 1030 ........................................................................................................................ 7
 § 1030(c) .................................................................................................................... 7

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Riot Games, Inc. ("Riot") moves to require Plaintiff Marc Wolstenholme ("Wolstenholme") to post a security bond for costs. As recognized by the Ninth Circuit, this Court has inherent power to require such a bond. In exercising that power, district courts typically follow the procedure of the forum state. In California, it is <u>mandatory</u> that a costs bond be posted where, as here, (a) plaintiff resides out of state, and (b) there is a "reasonable possibility" that defendants will prevail in the litigation.

Because this is a frivolous case, Riot is the likely prevailing party in this action and will almost certainly be awarded its attorneys' fees and costs. But Riot will have difficulty recovering its fees and costs from Wolstenholme, who lives in the United Kingdom, unless a bond is posted. It would be unfair to Riot for this expensive and frivolous litigation to proceed without some security for Riot that it will be able to recover its attorneys' fees and costs at its conclusion.

As described in further detail below and in Riot's concurrently filed Motion to Dismiss, this action for copyright infringement is legally and factually unreasonable. Wolstenholme alleges in vague terms that he authored a manuscript, *Bloodborg: the Harvest*, which he contends is infringed by Riot's successful and critically acclaimed animated series, *Arcane*. But Wolstenholme's allegations are implausible and reveal that he will be unable—or at a minimum very unlikely—to establish either that Riot had access to his work or that *Arcane* copies any of its protectable expression. Accordingly, Riot is likely to prevail in obtaining a judgment against Wolstenholme. A security bond for costs is necessary to protect Riot from a vexatious, out-of-state litigant bent on pursuing frivolous claims that needlessly burden the California court system.

## II. COURTS IN THIS DISTRICT ROUTINELY ORDER OUT-OF-STATE PLAINTIFFS TO POST A COSTS BOND.

Although the Federal Rules of Civil Procedure do not address security bonds, federal district courts "have inherent power to require plaintiffs to post security for costs." *Pittman ex rel. L.P. v. Avish P'ship*, 525 F. App'x 591, 592–93 (9th Cir. 2013); *In re Merrill Lynch Relocation Mgmt., Inc.*, 812 F.2d 1116, 1121 (9th Cir. 1987). In evaluating whether to require a plaintiff to post a costs bond, district courts look to and follow the law of the forum state. *Id.*

California Code of Civil Procedure section 1030 "requires a court to order a security bond when a defendant shows that (1) the plaintiff resides out of state and (2) there is a reasonable possibility that the defendant will prevail on the merits." *Pittman*, 525 F. App'x at 593. When these two conditions are satisfied, it is mandatory that the plaintiff "file an undertaking, in an amount specified by the Court, as security for the defendant's costs and attorney's fees." Code of Civil Procedure §1030(c). Section 1030 "is intended to secure costs in light of the difficulty of enforcing a judgment for costs against a person who is not within the court's jurisdiction." *Guangzhou Yucheng Trading Co. v. DBest Prods., Inc.*, No. CV 21–475, No. CV 21–475, 2023 WL 2347086, at *2 (C.D. Cal. Feb. 17, 2023). "The statute therefore acts to prevent out-of-state residents from filing frivolous lawsuits against California residents." *Code Rebel, LLC v. Aqua Connect, Inc.*, No. CV 13–4539, 2014 WL 2890242, at *3 (C.D. Cal. June 24, 2014).

## III. WOLSTENHOLME SHOULD BE REQUIRED TO POST A BOND.

### A. Wolstenholme Resides Out of State

It is undisputed that Wolstenholme resides outside of California; he is a resident of the United Kingdom. Second Amended Complaint ("SAC"), Dkt. 58, p. 4 at ¶ 3. Wolstenholme does not allege that he has any assets in or other connection to California. He is a quintessential out-of-state plaintiff seeking to

consume the resources of a California resident and the California court system over frivolous claims.

### B. There is a Reasonable Possibility that Riot Will Obtain Prevail and Be Entitled to Recover Fees.

The second element necessitating a bond is easily satisfied here: there is far more than a reasonable possibility that Riot will prevail. As set forth in the concurrently filed Motion to Dismiss the Second Amended Complaint, Wolstenholme's claims are frivolous. As to his copyright infringement claims, Wolstenholme cannot show (i) any non-speculative chain of access between his random submissions of his manuscript to third parties and the individuals at Riot responsible for creating *Arcane*; or (ii) that any protectable elements of his manuscript were copied in *Arcane*. As to his unfair competition and intentional infliction of emotional distress claims, those are barred for numerous independent legal reasons. Even if some portion of Wolstenholme's claims survive the pleading stage, they are facially so speculative that Riot readily clears the "low bar" of possibility of success. *Code Rebel*, 2014 WL 2890242, at *5.

In order to establish copyright infringement, Wolstenholme will need to prove that (1) the creators of Riot's television series, *Arcane*, had access to Wolstenholme's manuscript, and (2) that *Arcane* is substantially similar to Wolstenholme's manuscript. *See Gray v. Hudson*, 28 F.4th 87, 96 (9th Cir. 2022). Wolstenholme cannot show either of these required elements, so Riot's chances of success far exceed the reasonable possibility standard.

As to the first element, the evidence will show that Riot never had access to Wolstenholme's writings. In his pleadings, Wolstenholme does not identify a single individual at Riot involved in the creation of *Arcane* to whom he submitted his manuscript. Instead, he vaguely alleges that he submitted his manuscript to various "Literary, Film and Gaming talent agencies," and that he engaged in "wide dissemination via email." Dkt. 58, p. 29; *see also* Dkt. 58, pp. 46–89. These

attenuated, random submissions to third parties with no direct link to the creation of *Arcane* do not constitute even a reasonable possibility of access. *Loomis v. Cornish*, 836 F.3d 991, 995 (9th Cir. 2016). And despite the conclusory allegation that the manuscript was "widely disseminated," Wolstenholme never alleges that his work was disseminated through commercial channels to the degree necessary to satisfy the access requirement. *See, e.g.*, *Woodland v. Hill*, No. 2:22-cv-03930, 2022 WL 19250191, at *3 (C.D. Cal. Dec. 8, 2022) (wide dissemination requires "that a work's degree of commercial success or notoriety be substantial"). Wolstenholme is therefore highly unlikely to be able to establish that Riot had access to his manuscript. On this basis alone, Riot will likely prevail on the merits.

Even if Riot had access to Plaintiff's work (which Riot did not), Riot still has a reasonable probability of obtaining a judgment in its favor. This is because there is no substantial similarity between the two works at issue. To prevail on a claim of copyright infringement, plaintiffs must establish substantial similarity under both the "extrinsic test" and the "intrinsic test." *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002). But Wolstenholme cannot establish a claim for substantial similarity because there are no "articulable similarities between the plot, themes, dialogue, mood, setting, pace, characters and sequence of events in two works." *Id.* Even if the Court were to allow this case to proceed past the pleading stage, it will be readily apparent when the parties' works are compared side-by-side on summary judgment that no reasonable finder of fact could find *any* similarities, much less protectable similarities, between the parties' works.

In light of the legal and factual deficiencies in Wolstenholme's allegations, it is highly likely that Riot will prevail in this action. Importantly, the Court need not decide at this juncture whether Riot will also be likely to recover its attorney's fees; it is sufficient to find that Riot has a reasonable possibility of prevailing on the merits and that an award of attorney's fees may be available. *See Gabriel*

*Techs. Corp. v. Qualcomm Inc.*, No. 08 CV 1992, 2010 WL 3718848, at *14 (S.D. Cal. Sept. 20, 2010) (granting bond in patent context and finding that "the Court does not decide whether this case will ultimately be deemed 'exceptional' within the meaning of 35 U.S.C. § 285," thereby entitling the defendant to fees); *accord Guangzhou Yucheng*, 2023 WL 2347086, at *2 ("The Court need not decide whether the case is exceptional to require GYT to post a security bond."). In a copyright action like this one, Riot may recover its fees under 17 U.S.C. § 505. *See Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 202–208 (2016) (discussing fee-shifting in copyright actions and the policy that defendants should be "encouraged to litigate meritorious copyright defenses to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement").

In deciding whether to award fees, the Court may consider "several nonexclusive factors," including "frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* It is highly likely that Wolstenholme's frivolous claims will warrant an award of prevailing party attorney's fees and costs to Riot. *See, e.g.*, *Shame On You Prods., Inc. v. Banks*, 893 F.3d 661, 667 (9th Cir. 2018) (granting defendants' attorneys' fees where works held not to be substantially similar based on objective extrinsic test); *Cummings v. Dolby Lab'ys, Inc.*, No. 2:20-cv-04443, 2020 WL 5518185, at *5 (C.D. Cal. 2020) (plaintiff's sincerely held belief that the *Titanic* was based on plaintiff's experience on yachts and several love interests did not render allegations not frivolous). Certainly, there is enough of a "reasonable possibility" of such an award to warrant a costs bond.

### IV. DEFENDANTS REQUEST THAT PLAINTIFF POST A BOND IN THE AMOUNT OF $100,000.

Riot anticipates that it will spend well in excess of six figures in litigating this case should it proceed past the pleading stage. Copyright infringement

matters, such as this one, are highly fact intensive and complex. Furthermore, Wolstenholme has already demonstrated his propensity towards excessive filings, which require extensive attorney time to review and respond. In the three months that this litigation has been pending, Wolstenholme has filed nearly 30 different documents all before Riot has had an opportunity to file its responsive pleading, which has unnecessarily burdened the Court and Riot's counsel. *See* Dkt. 77 ("Plaintiff should also cease clogging the court's docket. One response to defendant's Notice is all that was required. The documents filed with this court are not first drafts that may be revised and supplemented at the litigant's pleasure."); *see also* Dkt. 52 (striking numerous "motions in limine" and stating: "Plaintiff is hereby advised that if he continues to file random documents that have no basis in the applicable rules or court orders, the court shall revoke his privileges for electronic filing"). In light of Wolstenholme's litigiousness and the inherent complexity of intellectual property litigation, a cost bond of at least $100,000 is warranted.

## V. CONCLUSION

For the foregoing reasons, the Court should grant Riot's motion for the posting of a security bond for costs in the amount of $100,000.

DATED: April 4, 2025         MITCHELL SILBERBERG & KNUPP LLP

By: _[signature]_
AARON J. MOSS (SBN 190625)
JOSHUA M. GELLER (SBN 295412)
HANNAH G. SHEPHERD (SBN 347611)
Attorneys for Defendant Riot Games, Inc.

**Certification Pursuant to Local Rule 11-6.2**

The undersigned, counsel of record for Defendant Riot Games, Inc., certifies that this brief contains 1,822 words, which complies with the word limit of L.R. 11-6.2.

DATED: April 4, 2025      */s/ Aaron J. Moss*
                          Aaron J. Moss