Marc Wolstenholme
5 Shetland Close
Coventry, England CV5 7LS
Telephone: 044 7827964404
Email: marc@mwwolf-fiction.co.uk
Plaintiff in Pro Per

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC WOLSTENHOLME,<br>　　　　Plaintiff,<br>vs.<br>RIOT GAMES, INC.,<br>　　　　Defendant | CASE NO. 2:25-CV-00053-FMO-BFM HON.<br><br>*Hon. Fernando M. Olguin*<br><br>DECLARATION OF MARC WOLSTENHOLME<br><br>PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANT'S MOTIONS TO BIFURCATE DISCOVERY (DKT. 81) AND FOR BOND (DKT. 82) |

Dated this: April 06, 2025

*M.WOLSTENHOLME*
———————————————
[MARC WOLSTENHOLME]

1

PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANT'S MOTIONS TO BIFURCATE DISCOVERY (DKT. 81) AND FOR BOND (DKT. 82)

# PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTIONS TO BIFURCATE DISCOVERY (DKT. 81) AND REQUIRE COSTS BOND (DKT. 82) COSTS BOND (DKT. 82)

## I. INTRODUCTION

Plaintiff Marc Wolstenholme respectfully submits this opposition to Defendant Riot Games, Inc.'s Motion to Bifurcate Discovery (Dkt. 81) and Motion to Require Plaintiff to Post a Bond (Dkt. 82). These motions are the latest in a documented pattern of delay, procedural manipulation, and abusive litigation tactics deployed against a disabled pro se litigant in order to overwhelm, harass and abuse and sidestep the merits of this case. It should be noted that opportunities to focus on settlement were given. Instead, they filed a barrage of motions last thing on a Friday afternoon, an abuse tactic of frustration and harassment well documented. Moreover, all of the issues have already been addressed in the Joint 26 (F) and subsequent orders moving the case on from these repetitive, spurious and abusive motions.

Additionally, Riot did this as Discovery and court ordered counter settlement offers are due within days. These motions are seemingly time wasting to the court to falsify a stronger position heading into the settlement conference.

## II. OPPOSITION TO MOTION TO BIFURCATE DISCOVERY (DKT. 81)

Defendant's motion to bifurcate discovery and delay all matters except access is procedurally improper and in direct contradiction of this Court's prior rulings. The Court has already approved the Joint Rule 26(f) Report and authorized discovery to commence. (See Dkt. 34, Dkt. 75.) Defendant's insistence on re-litigating resolved issues is disrespectful to the Court and prejudicial to Plaintiff.

Due to Defendant's manipulation of the Rule 26(f) process—including unauthorized post-conference edits and repeated additions under Plaintiff's name—Plaintiff was forced to file the report without a joint signature. These tactics hindered timely and good-faith compliance. The public interest, already implicated by the matters outlined in Dkt. 83, demands full discovery of access, similarity, damages, and misconduct.

## III. OPPOSITION TO MOTION FOR COSTS BOND (DKT. 82)

Riot's request for a $100,000 bond is punitive, unnecessary, and abusive. Plaintiff is not a vexatious litigant, nor are his claims frivolous. We are in this prolonged legal struggle solely because of Riot's legal team's continued efforts to delay proceedings, avoid substantive discussion of the four live cases, and use litigation as a weapon.

They have misrepresented Plaintiff's position, minimized evidence, and attempted to obstruct discovery through procedural gamesmanship. Their motions consistently come at the end of fiscal quarters or deadlines, suggestive of attempts to exhaust and destabilize Plaintiff—both financially and emotionally.

This bond motion from a company worth 22 billion dollars is offensive, bullying, intimidation and points at the mentality of the decision makers at Riot Games. Riot were spat vast amounts of money from their inception, from a company linked to an adversary Government and who are aggressively expanding into many avenues of data control and are linked to Military-civil fusion policies whether they like it or not. This should raise big fat red flags.

They now attempt to use this endless pit of nefarious money to bully a disadvantaged competitor who they allegedly stole very sensitive trauma writing from. And yet they claim not to be engaging in anti-competitive behaviors. Moreover, they claim not to be engaging in Intentional infliction of emotional distress (IIED), and yet they act in this manner, in a public litigation case for all to see, even after a 100 million class action lawsuit for discrimination. This points at a very disturbing underbelly at Riot Games, who have clearly failed to learn from the state interventions to protect women, vulnerable people and employees and they clearly do not care about the damage they are doing. This case is but a tiny thorn for Riot Games, and yet they choose to use it to bully and cause further harm.

What kind of message is this sending to people who need justice and turn to the courts for help? We are big so we can take your sensitive trauma writing and if you try to gain justice, we will just use our money to bully you out of court. Really? Isn't this oppression and discrimination, the very same behaviors which triggered a class action lawsuit against Riot Games, which settled, receiving final court approval in July 2022, not even 3 years ago.

I am quite frankly sickened and appalled at this request for a bond, which we again, already covered in the run up to the Joint 26 (f) report.

If Riot Games had nothing to hide, they should have shown the Plaintiff proof 3.5 years ago, and this would have been over without court intervention or any proceedings. Instead, they chose to abuse, lie, threaten, manipulate and elevate issues at every opportunity. And yet, not one piece of evidence has been given, not one ADR offer, nor settlement offer has been replied to, not one shred of the thousands of pieces of the Plaintiff's evidence which have been provided over the course of 3.5 years, has been successfully refuted, not one element of the SAC has been refuted, not one of the many lies and timeline manipulation presented by the Plaintiff has been successfully challenged. Nothing at all has been appropriately addressed. This isn't a company acting in good faith, this isn't the actions of an honest company, this isn't the way to litigate in keeping with cost incentives. This is deliberate and planned fee earning and harassment. At every opportunity, Riot has litigated in bad faith and caused many unnecessary delays, for 3.5 years. If Riot were to prevail (which they will undisputably not), they should not be awarded costs due to their bad faith, manipulation, abuse and repeated motions that have already been ruled moot (Rule 54(d)(1) – Costs Other Than Attorney's Fees).

Under 28 U.S.C. § 1927 – Attorney Liability for Excess Costs, Sanctions can be imposed on attorneys who "unreasonably and vexatiously" multiply proceedings. This applies even if the attorney's client is not sanctioned. This is a strong basis to request that Riot's counsel—not the Plaintiff—be held responsible for the costs arising from duplicative and harassing motions (like Dkts 80–82). If this case is costing Riot money, it's because of the messing around of Josh Geller and A. Moss, and not because of me.

5

PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANT'S MOTIONS TO BIFURCATE DISCOVERY (DKT. 81) AND FOR BOND (DKT. 82)

California Code of Civil Procedure § 1030 (state law, invoked by Riot in Dkt 82), Allows a defendant to request a cost bond if the plaintiff is out-of-state and there's a "reasonable possibility" the defendant will win. They are not going to win, their own ignorance to their behaviors shows as much in this request for a bond after their demonstrated bad faith and abuse of these cases. If they thought they could win, they would not have used this pressure tactic to try to scare the Plaintiff, whilst not answering to any of their coming discoveries and Settlement counter offers. Courts will deny these bonds if the defendant's own conduct shows delay, manipulation, or if the case has merit. All of which are demonstrably present in this case.

These cases have already survived many dismissal attempts. Riot's delays and misconduct justify denial. A bond would cause the Plaintiff prejudice, especially given the disabilities, loss of earnings because of these cases and out-of-state status. They are not entitled to special treatment just because I'm foreign and don't have 22 billion dollars.

Riot's cost request is premature and punitive. Their conduct—not the Plaintiff's—has created excess cost. The Plaintiff is not bringing baseless claims; it's well-pleaded, fact-supported, and actively progressing toward settlement and trial.

## IV. DEFENDANT'S BAD FAITH LITIGATION PATTERN

As documented in Exhibit BB and throughout Plaintiff's filings, Riot's legal team has engaged in a sustained campaign of harassment, including threats of dismissal, refusal to accept service, unauthorized filings, and misleading use of settlement procedures. Riot's representatives have knowingly distorted the procedural record, even mischaracterizing court-ordered developments to serve a dismissive narrative.

The manipulation of the Rule 26(f) process and the submission of unilateral and adversarial filings, including Dkts. 81 and 82, further illustrate this abuse. These actions are not in line with FRCP 1 or the ethical standards expected of legal counsel and warrant scrutiny.

## V. DEFENDANT IS NOT ENTITLED TO A COST BOND UNDER CCP § 1030 DUE TO THEIR OWN BAD FAITH AND LITIGATION CONDUCT

Riot Games' request for a cost bond under California Code of Civil Procedure § 1030 is both procedurally abusive and legally unfounded. This statute is designed to protect California defendants from frivolous lawsuits filed by out-of-state plaintiffs where the defendant can show a reasonable possibility of prevailing. Riot has not met that burden. The case has already proceeded through multiple procedural milestones, including the filing of a Second Amended Complaint and the Court's termination of Riot's earlier motions to dismiss.

Moreover, Riot's repeated filing of duplicative and harassing motions—already addressed or deemed moot by the Court—suggests that the excess cost of litigation has been driven not by Plaintiff's conduct, but by Defendant's own legal team. This directly implicates 28 U.S.C. § 1927, which authorizes courts to impose liability for excessive costs on attorneys who "unreasonably and vexatiously" multiply proceedings. Riot's counsel's behavior, including the strategic use of duplicative filings (Dkts 80–82), manipulation of the Rule 26(f) process, and attempts to delay discovery while resisting good faith settlement discussions, clearly qualifies as such.

Further, Federal Rule of Civil Procedure 54(d) provides that costs may be denied to a prevailing party where litigation was conducted in bad faith. Should Riot seek costs in the future, the Court should consider the harm and delays caused by its procedural tactics, including its repeated "flip-flopping" on the sufficiency of Plaintiff's complaint and its failure to adhere to discovery obligations.

Imposing a bond on a disabled, out-of-state pro se litigant would serve no legitimate purpose here other than to discourage pursuit of a legitimate claim. The requested bond would constitute financial abuse, amounting to a punitive barrier rather than a protective measure. This is precisely the kind of procedural weaponization that § 1030 is not meant to enable. Accordingly, Riot's motion for a bond should be denied in full and noted as abuse.

**CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests that the Court DENY Defendant's Motion to Bifurcate Discovery (Dkt. 81) and Motion to Require Bond (Dkt. 82). Plaintiff also asks the Court to consider sanctions, cost-shifting, or protective measures under FRCP 11 and 28 U.S.C. § 1927 due to the continuing pattern of litigation abuse.

The plaintiff is concerned that Riot's attorneys made these motions, at the very last possible moment to misrepresent their case, in the pending settlement counteroffer, due 11th April 2025 and the settlement conference scheduled for April 24th, 2025.

Respectfully submitted,

9
PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANT'S MOTIONS TO BIFURCATE DISCOVERY (DKT. 81) AND FOR BOND (DKT. 82)

Declaration of Authenticity:

I, Marc Wolstenholme, declare under penalty of perjury that the statements made are true and accurate

Executed on April 06, 2025, in Coventry, England.

Signature: *M.WOLSTENHOLME.*

Marc Wolstenholme

Plaintiff in Pro Per

5 Shetland Close

Coventry, England CV5 7LS

marc@mwwolf-fiction.co.uk

PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANT'S MOTIONS TO BIFURCATE DISCOVERY (DKT. 81) AND FOR BOND (DKT. 82)