Marc Wolstenholme
5 Shetland Close
Coventry, England CV5 7LS
Telephone: 044 7827964404
Email: marc@mwwolf-fiction.co.uk
Plaintiff in Pro Per

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC WOLSTENHOLME,<br>    Plaintiff,<br>vs.<br>RIOT GAMES, INC.,<br>    Defendant | CASE NO. 2:25-CV-00053-FMO-BFM HON.<br><br>*Hon. Fernando M. Olguin*<br><br>DECLARATION OF MARC WOLSTENHOLME<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE DKT. 88 |

Dated this: April 15, 2025

             *M.WOLSTENHOLME*
             [MARC WOLSTENHOLME]

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE DKT. 88**

### I. INTRODUCTION

Plaintiff Marc Wolstenholme, appearing pro se, respectfully submits this Opposition to Defendant Riot Games, Inc.'s Motion to Strike Dkt. 88 (Plaintiff's Motion of Concern). Defendant's attempt to strike a good faith filing is yet another example of the pattern of procedural intimidation, dismissive tactics, and bad faith that the very motion describes. Riot's request should be denied in full.

### II. BACKGROUND

Plaintiff filed Dkt. 88 to document a sustained campaign of litigation misconduct and emotional harassment inflicted by Defendant's legal team, including repeated threats of dismissal, obstruction of discovery, manipulation of Rule 26(f) reports, and psychological coercion that has spanned over three years. The Motion of Concern is not frivolous, nor duplicative, it is a critical record of conduct directly tied to the administration of justice.

In response, Riot filed Dkt. 90 seeking to strike the Motion in its entirety. They claimed it was 'inflammatory' and 'irrelevant,' arguing that it contains 'settlement communications' and 'scandalous material', a tactic designed to shield their own behavior from scrutiny.

### III. ARGUMENT

**1. The Motion of Concern Was Filed in Good Faith**

Dkt. 88 was filed to report behavior that directly undermines the fairness of the proceedings. Contrary to Riot's assertions, it is not a personal diatribe. It addresses real events and concerns, including the failure to respond to discovery and the SAC, manipulations during settlement talks, and a documented history of abuse. Rule 1 of the Federal Rules of Civil Procedure supports such filings when they are necessary to secure the just determination of the action.

**2. The Filing Does Not Violate Rule 12(f) or Local Rule 7**

Rule 12(f) is used to strike insufficient defenses or 'redundant, immaterial, impertinent, or scandalous' matter from pleadings, not motions. Dkt. 88 is not a pleading, and Riot has not shown that it causes prejudice or violates procedural integrity. The motion is fact-based and rooted in the record, including:

• A statement by Aaron Moss: "There will be no mediation, out of court settlement, or bestowed credit at any time." (Email, Dec. 1, 2021)

• Manipulations to the Rule 26(f) Joint Report without Plaintiff's consent.

• Riot's refusal to respond to discovery or the SAC, despite extensions (Dkts. 63 and 75).

• Josh Geller's declaration that he would resolve this case before Riot's insurance policy activates, suggesting ulterior financial motives.

• Threats of dismissal used repeatedly in place of meaningful engagement (Dkts. 80, 81, 82).

3

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE DKT. 88

Moreover, Josh Geller calls the Plaintiff's evidenced complaints as "Conspiratorial", and Aaron Moss calls the Plaintiff's concerns for his own safety, and the safety and security of the public "scandalous, impertinent, scurrilous, and/or without relevancy" despite their, and Riot Games's patterns of abuse and behaviors driving concerns and these concerns being well articulated over 65 pages and being supported by the concerns of the US Committee on Foreign Investment, The California Civil Rights Department's concerns, the concerns of thousands of female employees of Riot Games and the concerns of other whistleblowers still having to fight for justice.

### 3. Riot's Own Conduct Justifies Public Record

Plaintiff's allegations are not speculative; they are supported by filed exhibits and communications. Riot has attempted to weaponize litigation procedure while concealing misconduct behind a veneer of legal decorum. The Court should not permit Defendant to use procedural motions as a shield from accountability.

### 4. Plaintiff Is a Vulnerable Litigant Entitled to Raise Concerns

The Court has a responsibility to ensure pro se and disabled litigants are not overwhelmed or silenced through procedural technicalities. The right to report mistreatment and procedural unfairness is core to the ability to access justice. The unqualified, dyslexic and disadvantaged Plaintiff can not be expected to write with the skill nor succinctness of well versed and trained council.

**5. Duty to Public Service and Public Safety.**

The Plaintiff has undergone a great deal of traumatic events from a young age. The Plaintiff has his gripes with the MOD and some services which had failed him. Yet, the Plaintiff is still patriotic towards Public Service and Public Safety. The Plaintiff has spent his whole adult life since the age of 16 years old serving public interest and safety: in the military, the plaintiff has been to war alongside American comrades, and then the plaintiff has served in recruiting and training Public Services for over a decade. Thus, the Plaintiff has a duty of care to report his concerns over public safety and security.

Dkt 88 did not come lightly. The Plaintiff has been analyzing the behaviors and concerns and the same patterns kept emerging at Riot Games, with those in Riot's sphere of influence, with Riot's Legal Team and from the on-line isolated community culture which Riot Games fosters. These concerns are in public interest, in the interest of safety, and in the interest of the Plaintiff's wellbeing.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court DENY Riot's Motion to Strike Dkt. 88 in its entirety. If the Court finds any portion of the filing improper, Plaintiff is willing to submit redacted or supplemental versions as directed.

**Declaration of Authenticity:**

I, Marc Wolstenholme, declare under penalty of perjury that the statements made are true and accurate

Executed on April 15, 2025, in Coventry, England.

Respectfully submitted,

Signature: *M.WOLSTENHOLME*

Marc Wolstenholme

Plaintiff in Pro Per

5 Shetland Close

Coventry, England CV5 7LS

marc@mwwolf-fiction.co.uk