ARON J. MOSS (SBN 190625)
Aaron.Moss@msk.com
JOSHUA M. GELLER (SBN 295412)
Josh.Geller@msk.com
HANNAH G. SHEPHERD (SBN 347611)
Hannah.Shepherd@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Riot Games, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MARC WOLSTENHOLME, | CASE NO. 2:25-cv-00053-FMO-BFM |
|---|---|
| Plaintiff, | *Hon. Fernando M. Olguin* |
| v. | **DEFENDANT RIOT GAMES, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |
| RIOT GAMES, INC., | |
| Defendant. | |

PROPOUNDING PARTY:     PLAINTIFF MARC WOLSTENHOLME

RESPONDING PARTY:      DEFENDANT RIOT GAMES, INC.

SET NO.:               ONE

Mitchell Silberberg & Knupp LLP

Pursuant to Federal Rule of Civil Procedure 33 and the corresponding Local Rules of the Central District of California, Defendant Riot Games, Inc. ("Defendant" or "Riot") hereby responds to Plaintiff Marc Wolstenholme's ("Plaintiff" or "Wolstenholme") Interrogatories, Set One, as follows:

**PRELIMINARY STATEMENT**

Each of the responses to the individual interrogatories herein incorporates and is subject to this preliminary statement and the general and specific objections set forth below. The preliminary statement and objections form a part of the response to each interrogatory and are set forth in this manner to avoid repetition. While the preliminary statement and objections may be referred to specifically in response to an individual interrogatory, the failure to do so is not and should not be construed as a waiver thereof.

Without in any way obligating itself to do so, Riot reserves the right to modify or supplement its responses and to produce, introduce or rely upon subsequently acquired or discovered information or documents at trial or in any pretrial proceedings held herein as additional facts are ascertained, as documents are obtained, as additional contentions are formulated, and as additional discovery, analysis, or research may reveal. Riot's responses are not in any way to be deemed an admission or representation that there are no further facts, documents, or witnesses with knowledge or information relevant to the subject matter of these document requests.

Riot's responses are made solely for the purposes of this action. Except for express admissions set forth herein, no incidental or implied admissions are intended by these responses. Riot does not concede the relevance, materiality, propriety, or admissibility of any interrogatory or the subject matter to which it relates. These responses are made by Riot subject to, and without in any way waiving or intending to waive:

   i. Any objections as to competency, materiality, privilege, relevancy, propriety, confidentiality/trade secrecy, admissibility and/or any other objections on grounds which would require exclusion of any information contained herein;

   ii. The right to object to other discovery proceedings involving or relating to the same subject matter as the interrogatories; or

   iii. The right at any time to revise, correct, add to, or clarify any of the responses set forth herein.  Furthermore, these responses are given subject to correction of any omissions or errors.

Riot will make reasonable efforts to respond to every interrogatory, to the extent it has not been objected to, as Riot understands and interprets it, provided that the interrogatory is not so vague and ambiguous that a response is impossible. If Wolstenholme subsequently asserts an interpretation of the interrogatory that differs from that of Riot, Riot reserves the right to supplement its objections and responses as necessary.

## **GENERAL OBJECTIONS**

1. Riot further objects to these interrogatories, and to each of them, on the grounds that they are overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case.

2. Riot further objects to these interrogatories, and to each of them, on the grounds that they are vague and ambiguous.

3. Riot further objects to these interrogatories, and to each of them, to the extent they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense/common interest privilege or any other applicable claim of privilege ("privileged information").  Riot does not intend to disclose any privileged information in response to these interrogatories, and any undertaking by Riot to respond should be understood to exclude privileged

information. Any disclosure of privileged information is inadvertent and shall not be deemed to constitute a waiver of any privilege or protection.

4. Riot further objects to the interrogatories in their entirety to the extent they attempt or purport to impose obligations on Riot beyond those set forth in the Federal Rules of Civil Procedure. In the following responses, all definitions and other instructions shall be treated as having no force or effect to the extent that they exceed those duties.

5. Riot objects to each interrogatory to the extent it calls for proprietary, confidential, and/or trade secret information of Riot, any other defendant, and/or third parties, and/or information protected by the right of privacy.

6. Riot objects to the interrogatories to the extent they seek information or documents that are equally available to Wolstenholme and/or within the possession, custody, or control of Wolstenholme or any non-party.

7. Riot objects to each interrogatory to the extent it attempts or purports to impose an obligation to investigate or discover information from third parties not under its control and/or from persons who are equally accessible to Wolstenholme.

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify all Riot Games employees, contractors, or agents who had access to Riot Forge submissions in April 2020.

**RESPONSE TO INTERROGATORY NO. 1:**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here. Riot further objects to this interrogatory on the ground that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs

of the case. Subject to and without waiving the foregoing objections, Riot responds that its investigation in this matter is ongoing. Riot reserves the right to supplement this response, subject to the Court's entry of an appropriate protective order.

**INTERROGATORY NO. 2:**

Identify all individuals involved in reviewing, discussing, or considering Bloodborg: The Harvest and all other manuscripts, as potential adaptations.

**RESPONSE TO INTERROGATORY NO. 2:**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here. Riot further objects to this interrogatory on the ground that it assumes facts that are not true, including that any individuals were "involved in reviewing, discussing, or considering Bloodborg: The Harvest." Subject to and without waiving the foregoing objections, Riot responds that it never considered Bloodborg: The Harvest, or any other manuscript identified by Wolstenholme in this matter, as a potential adaptation.

**INTERROGATORY NO. 3:**

Provide the exact timeline of Riot's contact with Fortiche Productions regarding Arcane's development along with a list of the 530 employees who worked on Arcane, with their roles and periods of work on Arcane.

**RESPONSE TO INTERROGATORY NO. 3:**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here. Riot further objects to this interrogatory as so overbroad and unduly burdensome as to be harassing. Riot further objects to this interrogatory as containing improper subparts.

**INTERROGATORY NO. 4:**

State whether Riot Games received any feedback indicating similarities between Arcane and Bloodborg.

**RESPONSE TO INTERROGATORY NO. 4:**

Riot incorporates by reference the Preliminary Statement and General objections as though fully set forth here. Riot further objects to this interrogatory on the grounds it fails to specify any reasonable temporal scope, thereby rendering the interrogatory overly broad and disproportionate to the needs of the case. Subject to and without waiving the foregoing objections, Riot responds that it has never received any feedback indicating similarities between Arcane and Bloodborg other than from Wolstenholme in this lawsuit, which Riot disputes.

**INTERROGATORY NO. 5:**

Identify all litigation hold notices related to document preservation in response to this lawsuit.

**RESPONSE TO INTERROGATORY NO. 5:**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here. Riot further objects to this interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

DATED: April 14, 2025                    MITCHELL SILBERBERG & KNUPP LLP

By: _____
AARON J. MOSS (SBN 190625)
JOSHUA M. GELLER (SBN 295412)
HANNAH G. SHEPHERD (SBN 347611)
Attorneys for Defendant Riot Games, Inc.

# **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

  I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is Mitchell Silberberg & Knupp LLP, 2049 Century Park East, 18th Floor, Los Angeles, CA 90067-3120, and my business email address is mxb@msk.com.

  On April 14, 2025, I served a copy of the foregoing document(s) described as **DEFENDANT RIOT GAMES, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** on the interested parties in this action at their last known address as set forth below by taking the action described below:

Marc Wolstenholme        *Plaintiff in Pro Per*
5 Shetland Close
Coventry, England CV5 7LS
Tel: 044 7827964404
Email: marc@mvwolf-fiction.co.uk

☑ **BY MAIL**: I placed the above-mentioned document(s) in sealed envelope(s) addressed as set forth above, and deposited each envelope in the mail at Los Angeles, California. Each envelope was mailed with postage thereon fully prepaid.

☑ **BY ELECTRONIC MAIL**: I served the above-mentioned document electronically on the parties listed at the email addresses above and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

  I declare under penalty of perjury under the laws of the United States that the above is true and correct.

  Executed on April 14, 2025, at Los Angeles, California.

                    */s/ Monica Bowdre*
                     Monica Bowdre