AARON J. MOSS (SBN 190625)
Aaron.Moss@msk.com
JOSHUA M. GELLER (SBN 295412)
Josh.Geller@msk.com
HANNAH G. SHEPHERD (SBN 347611)
Hannah.Shepherd@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendant Riot Games, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MARC WOLSTENHOLME, | Case No. 2:25-cv-00053-FMO-BFM |
|---|---|
| Plaintiff, | *Hon. Fernando M. Olguin* |
| v. | **DEFENDANT RIOT GAMES, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION** |
| RIOT GAMES, INC., | |
| Defendant. | |

PROPOUNDING PARTY:    PLAINTIFF MARC WOLSTENHOLME

RESPONDING PARTY:    DEFENDANT RIOT GAMES, INC.

SET NUMBER:    ONE

Pursuant to Federal Rule of Civil Procedure 36 and the corresponding Local Rules of the Central District of California, Defendant Riot Games, Inc. ("Riot" or "Defendant") hereby responds to Plaintiff Marc Wolstenholme's ("Wolstenholme" or "Plaintiff") Requests for Admission, Set Number One (the "Requests"), as follows:

## PRELIMINARY STATEMENT

Each of the responses to the individual requests herein incorporates and is subject to this preliminary statement and the general and specific objections set forth below. The preliminary statement and objections form a part of the response to each request and are set forth in this manner to avoid repetition. While the preliminary statement and objections may be referred to specifically in response to an individual request, the failure to do so is not and should not be construed as a waiver thereof.

Without in any way obligating itself to do so, Riot reserves the right to modify or supplement its responses and to produce, introduce or rely upon subsequently acquired or discovered information or documents at trial or in any pretrial proceedings held herein as additional facts are ascertained, as documents are obtained, as additional contentions are formulated, and as additional discovery, analysis, or research may reveal. Riot's responses are not in any way to be deemed an admission or representation that there are no further facts, documents, or witnesses with knowledge or information relevant to the subject matter of these document requests.

Riot's responses are made solely for the purposes of this action. Except for express admissions set forth herein, no incidental or implied admissions are intended by these responses. Riot does not concede the relevance, materiality, propriety, or admissibility of any request or the subject matter to which it relates. These responses are made by Riot subject to, and without in any way waiving or intending to waive:

      i. Any objections as to competency, materiality, privilege, relevancy, propriety, confidentiality/trade secrecy, admissibility and/or any other objections on grounds which would require exclusion of any information contained herein;

      ii. The right to object to other discovery proceedings involving or relating to the same subject matter as the requests; or

      iii. The right at any time to revise, correct, add to, or clarify any of the responses set forth herein. Furthermore, these responses are given subject to correction of any omissions or errors.

Riot will make reasonable efforts to respond to every request, to the extent it has not been objected to, as Riot understands and interprets the request, provided that the request is not so vague and ambiguous that a response is impossible. If Wolstenholme subsequently asserts an interpretation of the document request that differs from that of Riot, Riot reserves the right to supplement its objections and responses as necessary.

## GENERAL OBJECTIONS

1. Riot objects to these Requests, and to each of the individual requests, on the grounds that they are overbroad and unduly burdensome.

2. Riot further objects to these Requests, and to each of the individual requests, on the grounds that they are overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case.

3. Riot further objects to these Requests, and to each of the individual requests, on the grounds that they are vague and ambiguous.

4. Riot further objects to these Requests, and to each of the individual requests, to the extent they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense/common

interest privilege or any other applicable claim of privilege ("privileged information").  Riot does not intend to disclose any privileged information in response to these requests, and any undertaking by Riot to respond to these requests should be understood to exclude privileged information.  Any disclosure of privileged information is inadvertent and shall not be deemed to constitute a waiver of any privilege or protection.

5. Riot further objects to the Requests in their entirety to the extent they attempt or purport to impose obligations on Riot beyond those set forth in the Federal Rules of Civil Procedure.  In the following responses, all definitions and other instructions shall be treated as having no force or effect to the extent that they exceed those duties.

6. Riot objects to each Request to the extent it calls for proprietary, confidential, and/or trade secret information of Riot, any other defendant, and/or third parties, and/or information protected by the right of privacy.

7. Riot objects to the Requests to the extent they seek information that is equally available to Wolstenholme and/or within the possession, custody, or control of Wolstenholme.

8. Riot objects to each Request to the extent it attempts or purports to impose an obligation to investigate or discover information from third parties not under its control and/or from persons who are equally accessible to Wolstenholme.

**RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit that Riot Games reviewed Bloodborg: The Harvest as part of Riot Forge submissions in 2020.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here. Subject to and without waiving the foregoing objections, Riot responds: Deny.

**REQUEST FOR ADMISSION NO. 2:**

Admit that Riot Games worked with, or made deals with agents and people at Curtis Brown Group and / or United Talent Agency (CBG & UTA) regarding Bloodborg and Arcane.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here. Riot further objects to this Request on the ground that it calls for information that is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Riot further objects to this Request on the ground that it is compound. Subject to and without waiving the foregoing objections, Riot responds: Riot denies that there is any connection between "Bloodborg" and "Arcane," and on that basis denies the Request.

**REQUEST FOR ADMISSION NO. 3:**

Admit that Jonny Geller, Felicity Blunt or any other representatives of CBG & UTA were involved with the deals and business transactions and translation regarding Bloodborg and / or Arcane, or any codenames given to these products.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here. Riot further objects to this request on the ground that it is vague and ambiguous. Riot further objects to this Request on the ground that it calls for information that is not relevant to the claims and defenses in

this action nor reasonably calculated to lead to the discovery of admissible evidence. Riot further objects to this Request on the ground that it is compound. Subject to and without waiving the foregoing objections, Riot responds: Riot denies that there is any connection between "Bloodborg" and "Arcane," and on that basis denies the Request.

**REQUEST FOR ADMISSION NO. 4:**

Admit that Riot Games discussed or considered Bloodborg: The Harvest in Arcane's development.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here. Subject to and without waiving the foregoing objections, Riot responds: Deny.

**REQUEST FOR ADMISSION NO. 5:**

Admit that characters and plotlines in Arcane bear substantial similarities to Bloodborg: The Harvest.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here. Subject to and without waiving the foregoing objections, Riot responds: Deny.

**REQUEST FOR ADMISSION NO. 6:**

Admit that Arcane's scripts were modified after April 2020

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here. Riot further objects to this request on the ground that it is vague and ambiguous, including as to the words "modified." Riot

1 further objects to this Request on the ground that it calls for information that is not
2 relevant to the claims and defenses in this action nor reasonably calculated to lead
3 to the discovery of admissible evidence. Subject to and without waiving the
4 foregoing objections, Riot responds: Riot is unable to respond to the Request as
5 written, including because it is too vague and ambiguous.  To the extent that the
6 Request intends to imply that any "scripts" for Arcane were "modified" as a result
7 of any connection to, or use of, Wolstenholme's alleged manuscript "Bloodborg:
8 The Harvest," Riot denies that.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Riot Games employees communicated about Bloodborg: The Harvest internally.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here.  Riot further objects to this Request to the extent it calls for information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Riot further objects to the extent that the Request intends to imply that Riot employees communicated about Bloodborg: The Harvest internally to create Arcane. Subject to and without waiving the foregoing objections, Riot responds: Deny.

**REQUEST FOR ADMISSION NO. 8:**

Admit that Riot Games' legal team discussed strategies to suppress evidence related to Bloodborg: The Harvest.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here.  Riot further objects to this request to the extent it calls for information protected from disclosure by the attorney-client

privilege, the work product doctrine, or any other applicable privilege. Subject to and without waiving the foregoing objections, Riot responds: Deny.

**REQUEST FOR ADMISSION NO. 9:**

Admit that co-creators Alex Yee and Christian Linke did not write Arcane.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here. Subject to and without waiving the foregoing objections, Riot responds: Deny.

**REQUEST FOR ADMISSION NO. 10:**

Admit that Bloodborg was directly used to build Arcane narratives at any point.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here. Subject to and without waiving the foregoing objections, Riot responds: Deny.

DATED: April 14, 2025         MITCHELL SILBERBERG & KNUPP LLP

By: _[signature]_
AARON J. MOSS (SBN 190625)
JOSHUA M. GELLER (SBN 295412)
HANNAH G. SHEPHERD (SBN 347611)
Attorneys for Defendant Riot Games, Inc.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is Mitchell Silberberg & Knupp LLP, 2049 Century Park East, 18th Floor, Los Angeles, CA 90067-3120, and my business email address is mxb@msk.com.

On April 14, 2025, I served a copy of the foregoing document(s) described as **DEFENDANT RIOT GAMES, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION** on the interested parties in this action at their last known address as set forth below by taking the action described below:

Marc Wolstenholme          *Plaintiff in Pro Per*
5 Shetland Close
Coventry, England CV5 7LS
Tel: 044 7827964404
Email: marc@mvwolf-fiction.co.uk

☑ **BY MAIL**: I placed the above-mentioned document(s) in sealed envelope(s) addressed as set forth above, and deposited each envelope in the mail at Los Angeles, California. Each envelope was mailed with postage thereon fully prepaid.

☑ **BY ELECTRONIC MAIL**: I served the above-mentioned document electronically on the parties listed at the email addresses above and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on April 14, 2025, at Los Angeles, California.

*/s/ Monica Bowdre*
Monica Bowdre