AARON J. MOSS (SBN 190625)
Aaron.Moss@msk.com
JOSHUA M. GELLER (SBN 295412)
Josh.Geller@msk.com
HANNAH G. SHEPHERD (SBN 347611)
Hannah.Shepherd@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendant Riot Games, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC WOLSTENHOLME,<br><br>    Plaintiff,<br><br>    v.<br><br>RIOT GAMES, INC.,<br><br>    Defendant. | Case No. 2:25-cv-00053-FMO-BFM<br><br>*Hon. Fernando M. Olguin*<br><br>**RIOT GAMES, INC.'S REPLY IN SUPPORT OF ITS MOTION TO BIFURCATE DISCOVERY AND PERMIT INITIAL SUMMARY JUDGMENT MOTION ON ACCESS**<br><br>Date:    May 8, 2025<br>Time:    10:00 a.m.<br>Crtrm:   6D |

## TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 4

I.   INTRODUCTION ................................................................................. 4

II.  ARGUMENT ........................................................................................ 4

　　A.   Wolstenholme Has No Substantive Response to the Motion. .............. 4

　　B.   Wolstenholme's Recent Filings on the Issue of Access Further
　　　   Justify Granting the Motion. ................................................................ 5

III. CONCLUSION ..................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Changing World Films LLC v. Parker*,
  No. CV 22-9021-DMG, 2024 WL 4744006
  (C.D. Cal. Mar. 12, 2024)...................................................................................5

*Eng. v. Mortg. Store Fin. Inc.*,
  No. 218-CV08776-ODWAGRX, 2019 WL 2918140
  (C.D. Cal. July 8, 2019).....................................................................................5

*Graff v. CitiMortgage, Inc.*,
  No. CV173439FMOPJWX, 2018 WL 6016951 (C.D.
  Cal. May 21, 2018), *aff'd*, 765 F. App'x 150 (9th Cir.
  2019)..................................................................................................................5

*Heraldez v. Bayview Loan Servicing, LLC*,
  No. CV 16-1978-R, 2016 WL 10834101 (C.D. Cal.
  Dec. 15, 2016), *aff'd*, 719 F. App'x 663 (9th Cir.
  2018)..................................................................................................................5

*Young v. Mophie, Inc.*,
  No. SACV19827JVSDFMX, 2020 WL 1000578
  (C.D. Cal. Jan. 7, 2020).....................................................................................5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Riot Games, Inc. ("Riot") moved to bifurcate discovery and allow an initial phase limited solely to the issue of whether Riot had access to Plaintiff Marc Wolstenholme's ("Wolstenholme") manuscript, with all other discovery stayed pending the Court's resolution of a focused summary judgment motion on that issue. Bifurcation is warranted because the issue of access is likely to be dispositive of the entire case, will avoid costly and complex discovery on issues of substantial similarity and damages, and will further judicial economy with no prejudice to Wolstenholme. Wolstenholme's "Consolidated Opposition" (Dkt. 85) offers no substantive objection to the requested bifurcation. Because there is no conceivable prejudice to Wolstenholme, Riot respectfully requests that the motion to bifurcate be granted.

## II. ARGUMENT

### A. Wolstenholme Has No Substantive Response to the Motion.

Wolstenholme does not address the substantive merits of the Motion in his Opposition. Instead, he argues in general terms that Riot's Motion is an abusive litigation tactic—but that is not the case. The Motion is amply justified under the facts and the law. Wolstenholme's unfamiliarity with the ordinary process of United States litigation is not a valid basis for denying the motion.

The only specific statement Wolstenholme makes about the Motion is the claim that it is "procedurally improper and in direct contradiction of this Court's prior rulings." Dkt. 85, p. 3. But he does not identify any procedural defect (there is none). Evidently, Wolstenholme is under the mistaken impression that "the Rule 26(f) process" addressed the issue of bifurcation. *Id.* But Riot clearly stated in its Rule 26(f) submission that it intended to bring a motion to bifurcate. Dkt. 55, p. 6. This Court has not yet ruled on the issue and the issuance of a scheduling order does not preclude motions to bifurcate or otherwise sequence discovery. *E.g.*,

*Young v. Mophie, Inc.*, No. SACV19827JVSDFMX, 2020 WL 1000578, at *2 (C.D. Cal. Jan. 7, 2020) (discussing court's broad power to sequence discovery).

If Wolstenholme had a substantive basis to oppose the request, his opportunity to do so was in Opposition to the Motion.  He has not done so.  By failing to advance any substantive arguments in opposition, Wolstenholme concedes that the relief is warranted.  *Graff v. CitiMortgage, Inc.*, No. CV173439FMOPJWX, 2018 WL 6016951, at *4 (C.D. Cal. May 21, 2018), *aff'd*, 765 F. App'x 150 (9th Cir. 2019) ("The court construes plaintiff's failure to file a substantive opposition as consent to the granting of defendants' motions."); *Eng. v. Mortg. Store Fin. Inc.*, No. 218-CV08776-ODWAGRX, 2019 WL 2918140, at *1 (C.D. Cal. July 8, 2019) (granting motion where pro se plaintiff "filed an opposition but did not substantively oppose"); *Heraldez v. Bayview Loan Servicing, LLC*, No. CV 16-1978-R, 2016 WL 10834101, at *2 (C.D. Cal. Dec. 15, 2016), *aff'd*, 719 F. App'x 663 (9th Cir. 2018) ("Failure to oppose [issue] constitutes a waiver or abandonment of the issue.").

Because Wolstenholme has not offered any counterargument or identified any prejudice to him in connection with the requested bifurcation, the Motion should be granted.

### B. Wolstenholme's Recent Filings on the Issue of Access Further Justify Granting the Motion.

Bifurcating the potentially dispositive issue of access is all the more warranted in light of how frivolous Wolstenholme's theory of access is.  As other courts that have bifurcated the issue of access in a copyright infringement case have explained: "If the case is resolved on a summary adjudication of the issue of access, it will save significant time and resources for both sides."  *Changing World Films LLC v. Parker*, No. CV 22-9021-DMG (PVCX), 2024 WL 4744006, at *2 (C.D. Cal. Mar. 12, 2024).  Considering Wolstenholme's recent elaboration on his theory of access, it is now a near certainty that this case will be resolved via

summary adjudication on the issue of access, if it is not dismissed outright at the pleading stage.

In the Second Amended Complaint, Wolstenholme presented a theory of access that was legally insufficient. He first alleged a submission to an "online portal," without any details of the circumstances or any allegation that anyone involved in creating *Arcane* would have had access to such a submission. Dkt. 58, p. 48. He then alleged that he emailed his manuscript to numerous literary and talent agents but could not identify any supposed nexus with Riot and the creation of *Arcane*. Dkt. 58, pp. 48–58.

On April 17, Wolstenholme filed a "Supplemental Statement Regarding Curtis Brown Group, ITA, and Potential Conflicts in Casting and IP Misuse." Dkt. 97. This supplement supposedly is directed at the issue of access, because Wolstenholme alleges that he submitted his manuscript to "Curtis Brown Group" in 2019 and 2020. Dkt. 97, p. 4; *see also* Dkt. 58, p. 2 (alleging in the Second Amended Complaint a submission to Curtis Brown Group as the basis for access). Wolstenholme alleges that there is a "pattern of too many connections of Curtis Brown Group and UTA[1] with Arcane" that he believes is indicative of access.

This "pattern" is completely devoid of any factual basis. He alleges that Curtis Brown Group's CEO is named "Jonny Geller," and notes that Riot's undersigned counsel includes attorney "Joshua Geller"—though he acknowledges that this shared common surname is "[n]ot too suspect." Dkt. 97, p. 5. He then discusses someone named "Amanda Overton" who allegedly "worked on Arcane," either as an "Editor, writer, executive producer and Executive Story Editor, and others." *Id.* He then argues that Amanda Overton's agent at UTA is someone named "Abby Glusker," who shares a surname with one of the names of Riot's undersigned counsel's former law firm, Greenberg Glusker LLP. *Id.* After

---

[1] Wolstenholme alleges that United Talent Agency (UTA) acquired Curtis Brown Group in June 2022, more than six months after *Arcane* had already premiered. Dkt. 97, p. 4; *cf.* Dkt. 58, p. 5 (alleging that *Arcane* premiered in November 2021).

discussing his suspicions about the surname "Glusker," Wolstenholme states that he "believes he has discovered powerful people in the Entertainment industry linked to heinous crimes which are hidden with bribes and deals to cover far darker allegations." Dkt. 97, p. 6.

Leaving aside how offensive this filing is by suggesting that the undersigned counsel are participants in a conspiracy of "heinous crimes," these allegations confirm that Wolstenholme has no evidence of access. His theory for how a submission to Curtis Brown Group could be connected to *Arcane* is solely based on shared surnames between an executive at Curtis Brown Group, an agent at UTA, and the surnames of one of Riot's attorneys and their former law firm—none of that has anything to do with the creation of *Arcane* by Riot. There is not even a scintilla of evidence connecting any alleged submission that Wolstenholme made to any of the creatives responsible for developing *Arcane*—the issue of access is therefore all but guaranteed to be case dispositive.

Bifurcation will allow Riot to quickly confirm what is already apparent—that Wolstenholme cannot show that anyone associated with the development of *Arcane* at Riot ever had access to his manuscript—and dispose of this case without further burdening the Court and Riot.

### III. CONCLUSION

Bifurcating the potentially case dispositive issue of access would further the interests of justice and judicial economy with no prejudice to Wolstenholme. Riot respectfully requests that the Court grant its motion to bifurcate.

DATED: April 24, 2025                MITCHELL SILBERBERG & KNUPP LLP

By: _____
AARON J. MOSS (SBN 190625)
JOSHUA M. GELLER (SBN 295412)
HANNAH G. SHEPHERD (SBN 347611)
Attorneys for Defendant Riot Games, Inc.

**Certification Pursuant to Local Rule 11-6.2**

The undersigned, counsel of record for Defendant Riot Games, Inc., certifies that this brief contains 1,257 words, which complies with the word limit of L.R. 11-6.2.

DATED: April 24, 2025        */s/ Aaron J. Moss*
                              Aaron J. Moss