| | |
|---|---|
| 1 | AARON J. MOSS (SBN 190625) |
|   | Aaron.Moss@msk.com |
| 2 | JOSHUA M. GELLER (SBN 295412) |
|   | Josh.Geller@msk.com |
| 3 | HANNAH G. SHEPHERD (SBN 347611) |
|   | Hannah.Shepherd@msk.com |
| 4 | MITCHELL SILBERBERG & KNUPP LLP |
|   | 2049 Century Park East, 18th Floor |
| 5 | Los Angeles, CA  90067-3120 |
|   | Telephone: (310) 312-2000 |
| 6 | Facsimile: (310) 312-3100 |
| 7 | Attorneys for Defendant Riot Games, Inc. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARC WOLSTENHOLME, | | Case No. 2:25-cv-00053-FMO-BFM |
| Plaintiff, | | *Hon. Fernando M. Olguin* |
| v. | | **RIOT GAMES, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR PLAINTIFF TO POST COSTS BOND** |
| RIOT GAMES, INC., | | |
| Defendant. | | Date: May 8, 2025 |
| | | Time: 10:00 a.m. |
| | | Crtrm: 6D |

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 4

I.    INTRODUCTION ................................................................................... 4

II.    ARGUMENT ......................................................................................... 4

III.    CONCLUSION ..................................................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*,
 855 F.2d 1470 (9th Cir. 1988) .................................................................................. 4

*Pittman ex rel. L.P. v. Avish P'ship*,
 525 F. App'x 591 (9th Cir. 2013) ............................................................................. 5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Riot Games, Inc. ("Riot") moved for an order requiring Plaintiff Marc Wolstenholme ("Wolstenholme") to post a security bond for costs in this action in the amount of $100,000. This relief is mandatory under California law where the plaintiff resides out of state, and there is a "reasonable possibility" that defendants will prevail in the litigation and be entitled to recover their costs and fees. Wolstenholme is a U.K. resident who is pursuing frivolous claims, and, in the process, is forcing Riot to incur significant legal fees. Indeed, since Riot filed its bond motion less than three weeks ago, Wolstenholme has filed three different frivolous "motions for relief," which the Court has stricken (Dkt. 88, 91, 93), some of which he has now refiled as "notices" to the Court (Dkt. 96, 97, 98). These harassing and baseless filings needlessly drive up the cost of litigation. A costs bond is necessary to ensure that Riot will have meaningful recourse against an out-of-state litigant should Riot prevail in this action.

## II. ARGUMENT

Wolstenholme claims in his Opposition (Dkt. 85) that the bond request is "punitive, unnecessary, and abusive," but he offers no explanation or authority as to why a bond should not be ordered. Instead, he claims in general terms that Riot has engaged in bad faith litigation conduct; the opposite is true. The case docket speaks for itself—it is Wolstenholme who is submitting incessant, frivolous filings, loaded with caustic rhetoric but no substance whatsoever. The Court has already been forced to strike **twenty-one** different filings from Wolstenholme, in a case that is less than four months old. Dkt. 17, 20, 21, 22, 23, 24, 27, 39, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 88, 91, 93. This sort of litigation conduct is sanctionable. *See Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1476 (9th Cir. 1988) (sanctions appropriate for repetitive filing of motions).

But the Court does not need to find that Wolstenholme's claims are *in fact* frivolous or that he has engaged in bad faith litigation conduct before ordering a bond; to the contrary, under California law a bond is mandatory whenever a defendant has a "reasonable possibility" of prevailing against an out-of-state plaintiff and recovering fees. *Pittman ex rel. L.P. v. Avish P'ship*, 525 F. App'x 591, 593 (9th Cir. 2013). As explained in Riot's Motion (Dkt. 82), Riot far surpasses this "reasonable possibility" standard.

Wolstenholme does not engage with the merits of his claims at all in his Opposition. Dkt. 85. Instead, he asserts that Riot has not shown a reasonable possibility of success because "[t]he case has already proceeded through multiple procedural milestones, including the filing of a Second Amended Complaint and the Courts termination of Riot's earlier motions to dismiss." Dkt. 85, p. 7. Wolstenholme misunderstands—Riot's previous two motions to dismiss were *mooted* by his filing amended pleadings. *See* Dkt. 12, 33, 52. The Court has not yet adjudicated the merits of Riot's motion to dismiss. Wolstenholme's failure to rebut Riot's "reasonable possibility" of success warrants granting the instant motion.

Wolstenholme also claims, without factual support, that the bond "would cause [him] prejudice, especially given the disabilities, loss of earnings because of these cases and out-of-state status." Dkt. 85, p. 6. But Wolstenholme does not make any specific argument that he would be unable to pay the requested bond and submits no evidence that he is indigent. *Pittman*, 525 F. App'x at 593 (affirming bond order where plaintiff claimed indigence but "failed to provide bank statements, tax returns, mortgage documents, valuation estimates for her car or home, or any other documents besides her two declarations"). While the Court has discretion to set the bond at an appropriate amount, the requested amount of $100,000 is *low* relative to the cost of this litigation to date and the anticipated costs should discovery continue.

## III. CONCLUSION

Wolstenholme has not offered any evidence or argument to rebut Riot's entitlement to a cost bond. Riot respectfully requests that the Court grant its motion and order Wolstenholme to post a security bond in the amount of $100,000.

DATED: April 24, 2025         MITCHELL SILBERBERG & KNUPP LLP

By: _____
AARON J. MOSS (SBN 190625)
JOSHUA M. GELLER (SBN 295412)
HANNAH G. SHEPHERD (SBN 347611)
Attorneys for Defendant Riot Games, Inc.

### Certification Pursuant to Local Rule 11-6.2

The undersigned, counsel of record for Defendant Riot Games, Inc., certifies that this brief contains 685 words, which complies with the word limit of L.R. 11-6.2.

DATED: April 24, 2025         */s/ Aaron J. Moss*
Aaron J. Moss