1
2
3
4

Marc Wolstenholme
5 Shetland Close
Coventry, England CV5 7LS
Telephone: 044 7827964404
Email: marc@mwwolf-fiction.co.uk
Plaintiff in Pro Per

5    UNITED STATES DISTRICT COURT

6    CENTRAL DISTRICT OF CALIFORNIA

7

8

9    MARC WOLSTENHOLME,
             Plaintiff,

10   vs.
     RIOT GAMES, INC.,
11            Defendant

12

13

14

15

16

| | |
|---|---|
| | CASE NO. 2:25-CV-00053-FMO-BFM HON. |
| | *Hon. Fernando M. Olguin* |
| | DECLARATION OF MARC WOLSTENHOLME |
| | PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO BIFURCATE DISCOVERY AND PERMIT EARLY SUMMARY JUDGMENT ON ACCESS |

17   Dated this: April 25, 2025

18                                    *M.WOLSTENHOLME.*

19                                    [MARC WOLSTENHOLME]

20

21

22

23

24

25

26                                    1

27   PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO BIFURCATE DISCOVERY AND PERMIT

28   EARLY SUMMARY JUDGMENT ON ACCESS

**TO THE HONORABLE COURT:**

Plaintiff Marc Wolstenholme respectfully submits this opposition to Defendant Riot Games, Inc.'s Motion to Bifurcate Discovery (Dkt. 81) and Reply in Support thereof (Dkt. 102). For the reasons stated below, Plaintiff urges the Court to deny the motion in its entirety and to protect the Plaintiff from this well documented and admitted abusive tactic aimed at causing emotional and psychological and financial harm. This is called discrimination, harassment and bullying. And yet we are here again.

**INTRODUCTION**

Riot's motion to bifurcate this case is a thinly veiled attempt to limit discovery, avoid scrutiny, and seek early dismissal of a complex infringement case through procedural gamesmanship. As a pro se litigant with a documented disability, I respectfully ask this Court to consider the oppressive impact of forcing piecemeal litigation, particularly when my allegations require access and substantial similarity to be considered together.

2

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO BIFURCATE DISCOVERY AND PERMIT

EARLY SUMMARY JUDGMENT ON ACCESS

## ARGUMENT

### A. Access and Substantial Similarity Are Intertwined

The crux of Riot's motion rests on artificially isolating "access" from the broader question of copying and to not disclosing evidence and to present false or misleading evidence such as the wayback machines snapshot. Yet, as courts have recognized, striking similarity itself may give rise to an inference of access, particularly where direct access is difficult to prove. My Second Amended Complaint (SAC) provides detailed allegations of both:

Submissions to Riot Forge, Curtis Brown Group, UTA, and others;

I've filed over 1500 pages of breakdowns of structural, visual, thematic, and narrative similarities between Bloodborg and Arcane and this is just season 1;

Allegations of trauma-writing lifted and embedded in Riot's work, linked to personal records and emotional harm complaint as one.

To evaluate access in isolation is to cut off discovery before critical evidence — such as internal drafts, development notes, or communications — can be examined. Riot's request to suspend all other discovery prejudices my ability to support both access and copying through the full evidentiary record.

### B. Riot's Motion Is Strategically Timed and Procedurally Oppressive

3

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO BIFURCATE DISCOVERY AND PERMIT

EARLY SUMMARY JUDGMENT ON ACCESS

The motion was filed just as Riot was required to respond to the SAC and during a court-ordered settlement process. This timing suggests a tactical maneuver to delay proceedings and frustrate judicially-mandated negotiations. Riot's framing of their motion as "efficient" ignores that I am a pro se party with a documented anxiety disorder and limited legal resources. Dividing the case into artificial phases increases my burden and impedes a fair resolution and would not even be entertained by an honest and ethical company or legal team.

The Court should consider this under FRCP 26(c) and deny bifurcation to prevent undue hardship and oppression.

### C. Riot Mischaracterizes the Strength of My Access Allegations

In its reply, Riot claims I "have no evidence of access," yet simultaneously acknowledges the SAC includes allegations of submission to Curtis Brown Group, UTA, and Riot Forge in Dkt102. Riot insists there is "no nexus," but discovery into their internal communications, emails, or shared data repositories may reveal otherwise — and they seek to block that very discovery.

My SAC provides a plausible roadmap that requires discovery to confirm or refute. The motion to bifurcate is designed to foreclose that possibility.

### D. Bifurcation Would Undermine Judicial Economy

4

Rather than conserve resources, bifurcation could cause duplicative motion practice, unnecessary delays, and fragmented litigation. Riot admits in its Rule 26(f) filing that bifurcation is intended to prevent discovery into "substantial similarity, independent creation, secondary liability and damages," all of which are deeply connected to access and merit evaluation together, Dkt 55.

Moreover, the suggestion that only "a handful of witnesses" are relevant to access is inaccurate. Internal Riot Games and Fortiche staff, agents at UTA and Curtis Brown Group, digital submission systems, and casting agents all represent potential sources of relevant evidence — yet Riot wants to block any inquiry into these areas until after access is adjudicated.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO BIFURCATE DISCOVERY AND PERMIT

EARLY SUMMARY JUDGMENT ON ACCESS

**LEGAL ARGUMENT**

A. Bifurcation of Discovery Is Disfavored Where Issues Are Intertwined

Federal Rule of Civil Procedure 42(b) permits bifurcation "in furtherance of convenience or to avoid prejudice," but courts have broad discretion and rarely grant bifurcation when the issues of law and fact are closely intertwined. Courts in the Ninth Circuit have repeatedly cautioned against bifurcation where doing so would result in fragmented discovery or unfair prejudice to one party. See Danjaq LLC v. Sony Corp., 263 F.3d 942, 961 (9th Cir. 2001) ("Bifurcation... is inappropriate when it would duplicate discovery or delay resolution").

Here, the threshold issue of access is inextricably linked to the claims of substantial similarity, copying, and intent. Riot's request to limit discovery to "access only" would unfairly restrict Plaintiff from discovering the very facts needed to prove how the work may have been used or transformed into derivative works. Discovery relating to internal development processes, script evolution, character design, trauma narratives, and submissions to agencies like Curtis Brown Group or UTA are all central to both access and copying — and cannot be artificially segregated.

B. Bifurcation Is Improper Where It Would Prejudice a Pro Se Litigant

The Court has a duty to protect pro se litigants and ensure equal access to justice, especially when that party is asserting serious claims of intellectual property misappropriation. See Haines v. Kerner, 404 U.S. 519, 520 (1972). As a disabled litigant with limited legal

6

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO BIFURCATE DISCOVERY AND PERMIT

EARLY SUMMARY JUDGMENT ON ACCESS

resources, Plaintiff would suffer substantial prejudice if the Court allows Riot to proceed with a summary judgment motion before full discovery has taken place. Riot seeks to benefit from early dismissal without subjecting their own records to the scrutiny necessary for the Court to evaluate the merits of Plaintiff's claims.

This procedural tactic — cutting off full discovery and isolating a single element of the case — imposes undue burden on Plaintiff, delays meaningful adjudication, and creates an imbalance between the parties, undermining the equitable purposes of Rule 1 of the Federal Rules of Civil Procedure.

C. Access Is a Fact-Specific Inquiry That Requires Discovery

Whether Riot Games had access to "Bloodborg: The Harvest" is a factual question that requires discovery. Plaintiff has alleged numerous channels of access, including submissions to Riot Forge, Curtis Brown Group, Jonny Geller, Felicity Blunt and other agencies with established relationships with Riot. These allegations are not speculative; they are supported by a detailed chronology of dissemination, metadata, and sworn declarations attached to the Second Amended Complaint Dkt 58- complaint as one.

7

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO BIFURCATE DISCOVERY AND PERMIT

EARLY SUMMARY JUDGMENT ON ACCESS

Moreover, Riot's legal team produced a snapshot of Riot Forge's portal contact form via Wayback Machine -

https://web.archive.org/web/20200426125933/https://riotforgegames.com/#contactForm

to mislead the court into believing that Riot Forge were not soliciting for content and could not receive content via the portal.

However, the Plaintiff has shown that this isn't true. The many portals could receive long-form content. There are thousands of snapshots. They are inadmissible. Why would Riot need a snapshot on a public website when they have the servers, A. Moss of Riot's legal team had already commented on Riot combing through their servers and even their own wording show that they were soliciting narrative content at the time of submission.

Riot's assertion that "Plaintiff cannot prove access" is premature and unsupported at this stage. Courts routinely allow discovery into access, particularly when works are widely disseminated and similarities are striking. See Three Boys Music Corp. v. Bolton, 212 F.3d 477, 482 (9th Cir. 2000) (noting that access may be inferred through circumstantial evidence and striking similarity). Allowing Riot to evade this inquiry through bifurcation deprives Plaintiff of the opportunity to build a full evidentiary record.

D. Judicial Economy Is Not Served by Bifurcation in This Case

Riot claims that bifurcation will "streamline" proceedings and reduce costs. In reality, it will likely have the opposite effect. If Plaintiff overcomes the motion for summary judgment on access, the parties will be required to restart discovery, re-brief motions, and

8

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO BIFURCATE DISCOVERY AND PERMIT

EARLY SUMMARY JUDGMENT ON ACCESS

potentially depose overlapping witnesses twice. This duplication wastes judicial resources and

burdens both parties. Riot has already duplicated the same matters relentlessly to abuse the court

and the Plaintiff.

       Moreover, bifurcation invites unnecessary motion practice. Riot is attempting to

convert a complex copyright case into a procedural bottleneck. Courts in this District have

declined bifurcation where discovery into "access" and "copying" are too connected to be

separated. See Changing World Films LLC v. Parker, No. CV 22-9021-DMG, 2024 WL

4744006 (C.D. Cal. Mar. 12, 2024) (denying bifurcation where access and similarity overlapped

factually).

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO BIFURCATE DISCOVERY AND PERMIT

EARLY SUMMARY JUDGMENT ON ACCESS

## STATEMENT ON ACCESS THROUGH RIOT FORGE

A, Archive Evidence Confirms Open Submission Portal

As shown in the attached April 2020 archive of Riot Forge's official website, the platform was openly soliciting and accepting developer submissions during the relevant period. The form clearly stated:

> *"If you're a developer and want to be a part of our mission, we want to hear from you."*

The archived form included required fields for name, contact, previous works, and a submission message, indicating Riot Forge's intention to receive creative submissions directly from the public.

B, Plaintiff's Timely Submission

Plaintiff submitted materials, including "Bloodborg: The Harvest," via Riot Forge's developer portal in April 2020. This aligns directly with the operational period evidenced in the Wayback Machine capture. Although Plaintiff does not currently possess an automated acknowledgment email (which is often not issued by contact forms of this nature), the submission occurred when Riot Forge was actively inviting materials. Additionally, ongoing forensic investigations into the Plaintiff's expired laptop may show digital evidence of this.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO BIFURCATE DISCOVERY AND PERMIT EARLY SUMMARY JUDGMENT ON ACCESS

C, Open Industry Practice and Circumstantial Access

Even absent explicit confirmation of receipt, courts have long recognized that submission through an open call — especially to a company known for collaborative development and with a history of IP abuse — may constitute a viable access pathway. This is especially true when paired with:

Evidence of striking similarity between Plaintiff's work and the accused material (Arcane);

Additional evidence of access via Curtis Brown Group, United Talent Agency, or shared personnel;

The timing and industry overlap that makes independent creation unlikely.

D, Supporting Case Law

Plaintiff notes that access may be inferred under both U.S. and U.K. copyright law through circumstantial evidence, particularly when works are not widely disseminated but are submitted through industry channels. The U.S. Ninth Circuit has repeatedly acknowledged that direct confirmation of review is not always necessary when open submission or plausible channels exist (see Loomis v. Cornish, 836 F.3d 991 (9th Cir. 2016)).

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO BIFURCATE DISCOVERY AND PERMIT EARLY SUMMARY JUDGMENT ON ACCESS

The April 2020 Riot Forge archive demonstrates that the developer portal was active and accepting submissions during the period Plaintiff alleges access occurred. Combined with industry ties and detailed comparative evidence, this access argument remains well-founded and should not be dismissed on the basis of formality alone.

E, What This Archive Proves

The Wayback Machine capture from April 2020 of the Riot Forge site, one of many, shows a developer contact form, with fields for:

Name, Email, Phone

Studio / Company

Games Released

Message Submission

"If you're a developer and want to be a part of our mission, we want to hear from you."

This does imply that unsolicited developer submissions were welcome, and the contact form was operational.

Riot Forge explicitly welcomed submissions:

Riot stated: "If you're a developer and want to be a part of our mission, we want to hear from you."

12

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO BIFURCATE DISCOVERY AND PERMIT EARLY SUMMARY JUDGMENT ON ACCESS

The site had a functioning developer contact form during the relevant window (Wayback Machine captures from 2020).

Riot described partnerships as collaborative, not just licensed:

They clarified that Riot was deeply involved in development and narrative direction with third-party devs — not a passive publisher.

They said submissions "start with a meeting" and evolve based on proposals from studios.

Statements about the submission process:

Riot Forge says: "The ideas come directly from the studio." — which supports the fact that pitches and manuscripts were being reviewed, which is confirmed by Arcane Showrunner Alex Yee and Executive Producer Jane Chung Hoffacker.

Jane Chung Hoffacker appeared on the podcast- Justin Gary- Jane Chung Hoffacker — From League of Legends to animating Arcane, Rhythms of Guitar Hero, and Ma...

https://www.youtube.com/watch?v=GtvWmaqSPuM

Jane explains that they had to get the show greenlit, they had a lot of stops and starts, trying to get the show greenlit. They had failed a couple of times, so they had to try and figure out the show in the writer's room what talent they needed to be able to carry this across the line, so a lot of it became reading through a lot of scripts she got submitted to them, and learning how to work with agents. She explains she had to hire script writers and hire into the writers' room.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO BIFURCATE DISCOVERY AND PERMIT EARLY SUMMARY JUDGMENT ON ACCESS

Riot forge added: "We want to give studios the freedom to create new League of Legends games in their unique style."


Proof of invitation and potential industry overlaps:

Riot Forge specifically attended game development events looking for developers.

That supports the claim that, as a writer/creator with a manuscript, The Plaintiff was within the intended audience for submissions which Riot were actively seeking for, through many means.

Evidence Supporting Riot Forge's Acceptance of Submissions

Archived Developer Contact Form

An archived version of Riot Forge's website from April 2020, accessible via the Wayback Machine, displayed a developer contact form inviting submissions:

"If you're a developer and want to be a part of our mission, we want to hear from you."

This form included fields for name, contact information, studio details, and a message, indicating an open channel for developers to pitch ideas. It does not have a limit statement or reference and all of Bloodborg has been shown to fit in the open, unrestricted field.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO BIFURCATE DISCOVERY AND PERMIT EARLY SUMMARY JUDGMENT ON ACCESS

Official Statements on Submission Process

In a blog post titled "All About Riot Forge," Riot Games elaborated on their collaborative approach:

"It always starts with a meeting. From there, if it feels like a great fit, we'll start talking about what the collaboration could look like, which always starts with the game. The ideas come directly from the studio."

This underscores that Riot Forge was receptive to external pitches and that collaborations were initiated based on developer-submitted ideas.

Developer Relations Support Portal

Riot Games maintains a Developer Relations support portal:

Submit a request – Riot Games Developer Relations

While this portal is primarily for technical support, its existence indicates Riot's infrastructure for engaging with external developers.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO BIFURCATE DISCOVERY AND PERMIT

EARLY SUMMARY JUDGMENT ON ACCESS

**CONCLUSION**

For the foregoing reasons, I respectfully request that the Court deny Riot Games, Inc.'s Motion to Bifurcate Discovery. Bifurcation is inappropriate in this case, imposes disproportionate burdens on a disabled pro se litigant, and frustrates both the factual development and equitable resolution of the claims.

Riot's Legal Team, its wider community and even Settlement Conference discussions have threatened that Riot will be using procedural oppression and abuse to cause harm until they get their own way, which is to say the case dismissed via abuse and bullying. Why is the court entertaining these behaviors without challenge? And why is this well documented pattern of abusing vulnerable people not being investigated?

The Plaintiff believes this Wayback Machine nonsense is a detraction from discovery around UTA and CBG (Jonny Geller and Felicity Blunt) and other agencies working with Riot Game, who Riot's legal team seem to be trying to protect from evidence of discovery.

Moreover, with so many lies and manipulations, why are Riot even trusted to produce evidence during discovery when they have already been shown to manipulate, lie and deceive with the legal letters dating back to 2021, timelines, cast ages, IP theft, ranking cheating, pay and discrimination against thousands of women, loot box gambling, IP wars, misusing the Wayback Machine to present false ideas of access and so much more. They need to be internally babysat and investigated during the whole discovery process.

16

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO BIFURCATE DISCOVERY AND PERMIT EARLY SUMMARY JUDGMENT ON ACCESS

**Declaration of Authenticity:**

I, Marc Wolstenholme, declare under penalty of perjury that the statements made are true and accurate

Executed on April 25, 2025, in Coventry, England.

Respectfully submitted,

Signature: *M.WOLSTENHOLME.*

Marc Wolstenholme

Plaintiff in Pro Per

5 Shetland Close

Coventry, England CV5 7LS

marc@mwwolf-fiction.co.uk

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO BIFURCATE DISCOVERY AND PERMIT

EARLY SUMMARY JUDGMENT ON ACCESS

**Exhibit A- Many snapshots on Wayback Machine under many differing**

**URLs- https://web.archive.org/web/20250000000000*/https://riotforgegames.com**





18

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO BIFURCATE DISCOVERY AND PERMIT

EARLY SUMMARY JUDGMENT ON ACCESS

1

**Exhibit B- Riot Snapshots with Bloodborg in the field and no filed**

2

**restrictions or limits-**

3

https://web.archive.org/web/20191210012320/https://riotforgegames.com/

4

5



6

7

8

9

10

11

12

13

14

15



16

17

18

19

20

21

22

23

24

25

26

27

28

19

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO BIFURCATE DISCOVERY AND PERMIT

EARLY SUMMARY JUDGMENT ON ACCESS

**Exhibit C- Submit a Request.**



20

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO BIFURCATE DISCOVERY AND PERMIT

EARLY SUMMARY JUDGMENT ON ACCESS

**Exhibit D- fitting whole articles in the window which even expands to allow you to work in the field of submission.**



PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO BIFURCATE DISCOVERY AND PERMIT

EARLY SUMMARY JUDGMENT ON ACCESS

1

**Exhibit E- Thousands of different captures between 10 Dec 2019 - 24 Apr**

2

**2025**

3

4

https://riotforgegames.com/

5

5,640 captures

6

10 Dec 2019 - 24 Apr 2025

7

8

9

10



11

12

13

14

15

16

17

18

19

20

21

22

23



24

25

26

27

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO BIFURCATE DISCOVERY AND PERMIT

28

EARLY SUMMARY JUDGMENT ON ACCESS

Exhibit F- Many of the archived dated have been removed including the dates of submission (April 2020).

"Hrm.

The Wayback Machine has not archived that URL.

This page is unavailable for archiving. The server returned code: because page does not exist"



23

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO BIFURCATE DISCOVERY AND PERMIT EARLY SUMMARY JUDGMENT ON ACCESS

**Exhibit G- URL Date Defendant submitted is manipulated and does not exist.**

The wayback machine was captured on the 10th day of each month but many are unavailable.





## 24

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO BIFURCATE DISCOVERY AND PERMIT EARLY SUMMARY JUDGMENT ON ACCESS