1  Marc Wolstenholme
2  5 Shetland Close
   Coventry, England CV5 7LS
3  Telephone: 044 7827964404
   Email: marc@mwwolf-fiction.co.uk
4  Plaintiff in Pro Per

5              UNITED STATES DISTRICT COURT

6              CENTRAL DISTRICT OF CALIFORNIA

7

8

9  MARC WOLSTENHOLME,                CASE NO. 2:25-CV-00053-FMO-BFM HON.
              Plaintiff,
10                                   *Hon. Fernando M. Olguin*
   vs.
11 RIOT GAMES, INC.,                 DECLARATION OF MARC
              Defendant             WOLSTENHOLME
12
13                                   PLAINTIFF'S MOTION TO LIFT
                                     DISCOVERY STAY, COMPEL
14                                   DISCOVERY RESPONSES, AND APPOINT
                                     SUPERVISION OVER DEFENDANT'S
15                                   DISCOVERY CONDUCT
16
17 Dated this: April 25, 2025

18                                   _____
                                          M.WOLSTENHOLME.
19                                   [MARC WOLSTENHOLME]
20
21
22
23
24
25
26                                   1
27 PLAINTIFF'S MOTION TO LIFT DISCOVERY STAY, COMPEL DISCOVERY RESPONSES, AND APPOINT
28          SUPERVISION OVER DEFENDANT'S DISCOVERY CONDUCT

## II.    INTRODUCTION

Plaintiff Marc Wolstenholme respectfully moves the Court to lift any implied or express stay on discovery arising from the now-failed settlement conference and to compel Riot Games, Inc. ("Riot") to immediately comply with its discovery obligations under the Federal Rules of Civil Procedure.

Plaintiff also respectfully requests that all future discovery matters be supervised by the District Judge directly or a Court-Appointed Special Master, given the ongoing pattern of bad faith, delay, intimidation, and procedural abuse by Riot and its counsel.

## II. BACKGROUND

The Plaintiff served proper and targeted discovery requests on March 14, 2025 (Requests for Production, Interrogatories, and Requests for Admission).

Riot responded on April 14, 2025 with blanket objections, evasions, and categorical denials, refusing to produce any documents or substantive information.

Plaintiff timely sent a Local Rule 37-1 discovery dispute letter on April 17, 2025, requesting a meet and confer and proposing to proceed efficiently.

PLAINTIFF'S MOTION TO LIFT DISCOVERY STAY, COMPEL DISCOVERY RESPONSES, AND APPOINT SUPERVISION OVER DEFENDANT'S DISCOVERY CONDUCT

The Settlement Judge from the Court suggested tabling discovery until after the settlement conference, over Plaintiff's objections and documented fears that Riot would misuse the settlement process to delay and abuse proceedings and that he would only proceed with the settlement conference with protection and if Riot came in the spirit of the conference and not to abuse it. He wrote, *"Good Morning (Evening for me) your Honor. I hope you have had my concerns over the conference.*

*But yes, Agreed, if you feel that a settlement is still achievable."*

Plaintiff's fears were realized: the settlement conference on April 24, 2025, was dominated by procedural attacks on Plaintiff's case and health, with no meaningful settlement discussions, no insurer or decisionmaker participation from Riot, and no resolution of discovery issues. Towards the end of the conference in the breakout Room, the Plaintiff will describe the pressure to drop the cases as vicious with direct threats of emotional-psychological ruin, threats of retaliation and Riot coming after me hard with all they have got, intimidation with financial hardship, then I was directly told that their bullying would work eventually and they will get the case dismissed on some procedural point or other.

This is a court appointed official acknowledging Riot's bullying tactics, and reinforcing them, in a closed setting in a vicious manner. Moreover, I had already expressed my fear of this and had to sit in a pre-settlement conference hearing when the same official told me that this would not happen. She stated, *"things are different in America, the jury is not your twelve cousins."*

PLAINTIFF'S MOTION TO LIFT DISCOVERY STAY, COMPEL DISCOVERY RESPONSES, AND APPOINT
SUPERVISION OVER DEFENDANT'S DISCOVERY CONDUCT

Riot continues to leverage endless procedural motions (including a motion to bifurcate, a motion to strike, and a motion to require Plaintiff to post bond) to delay discovery and avoid accountability after we have already moved on from these points.

Every time Plaintiff has attempted to meaningfully progress the case — whether by seeking discovery, requesting meet and confer discussions, or raising legitimate concerns — Plaintiff has been met with excuses to wait, procedural barriers, or a barrage of harassing motions.

Riot then turns around and accuses Plaintiff of "clogging the docket," when Plaintiff is merely reacting to their misuse of court process and pattern of procedural abuse.

Plaintiff respectfully implores the Court to review the long and well-documented history of Plaintiff's expressed concerns, warnings, and good faith efforts, and to recognize that no protections have been put in place. Each time Plaintiff raises concerns, they are ignored, only for those exact concerns to manifest with devastating effect, followed by another wave of procedural distractions and attacks. This is unethical bullying.

In the more than 3.5 years since the initial infringement concerns were raised, Riot has produced exactly one piece of so-called "evidence": a manipulated, misleading screenshot from a public-facing submission portal, obtained via the Wayback Machine. This screenshot — of a portal soliciting unsolicited content — was produced during a confidential

PLAINTIFF'S MOTION TO LIFT DISCOVERY STAY, COMPEL DISCOVERY RESPONSES, AND APPOINT SUPERVISION OVER DEFENDANT'S DISCOVERY CONDUCT

settlement conference, without advance notice, without proper foundation, and was immediately

accepted by the Magistrate Judge without allowing Plaintiff a fair opportunity to respond.

Despite Plaintiff demonstrating during the conference that the portal field is an

expandable and manipulatable interface, that Riot controls its servers, and that Wayback

Machine images are limited to the 10th of each month and cannot fairly represent submission

flows, Plaintiff's objections were summarily dismissed.

Plaintiff respectfully submits that being ambushed with contested and misleading

materials during a confidential settlement conference — then being pressured to litigate

substantive issues on the spot without preparation, while also grappling with the disadvantages of

a pro se status and documented disabilities — fundamentally violates principles of fairness, due

process, and ethical judicial conduct.

Plaintiff may not be formally educated in American law, but the violation he has

experienced is palpable and undeniable. Even setting aside his disabilities and pro se status, no

litigant should be subjected to such tactics in a federal court setting, particularly during a closed

settlement proceeding.

For the love of God, please read all of my documented concerns and see that no

protections are being put in place and these concerns are being allowed to happen, then after a

flurry of detractions follow. This case is the tip of a very dark iceberg of concerns.

5

PLAINTIFF'S MOTION TO LIFT DISCOVERY STAY, COMPEL DISCOVERY RESPONSES, AND APPOINT

SUPERVISION OVER DEFENDANT'S DISCOVERY CONDUCT

## III. LEGAL STANDARD

Under Rule 26(d) and Rule 37 of the Federal Rules of Civil Procedure, parties are entitled to timely discovery to prepare their cases, and courts have broad authority to manage discovery to prevent abuse.

Good cause exists to lift any procedural stays or delays and order immediate compliance where one party weaponizes procedure to deny substantive rights.

The Plaintiff has tried to indicate discovery a number of times and tried to issue a meet and confer which have always been slapped into the background by Riot's procedural manipulation and abuse tactics.

## IV. ARGUMENT

A. Riot Has Acted in Bad Faith to Frustrate Discovery

Riot's refusal to engage in good faith discovery, their insistence on procedural gamesmanship, and their abuse of the settlement conference to delay proceedings demonstrate bad faith sufficient to warrant judicial intervention.

B. The Delay Has Caused Significant Prejudice to Plaintiff

As a pro se disabled litigant, Plaintiff faces extraordinary disadvantage if forced to litigate against a large corporate defendant while being systematically denied basic discovery.

PLAINTIFF'S MOTION TO LIFT DISCOVERY STAY, COMPEL DISCOVERY RESPONSES, AND APPOINT SUPERVISION OVER DEFENDANT'S DISCOVERY CONDUCT

Every delay increases Plaintiff's emotional and financial harm and directly
undermines Plaintiff's ability to present his claims on the merits.

The Settlement conference Judge, Riot's Legal Team and even the wider radical
Riot community have all commented on Riot's tactics of abusing until they win, and yet they are
still engaging in these behaviors, and even accelerating them with flurries of motions to dismiss,
which is clearly designed to cause emotional harm and to allow them to not have to be
accountable for the prolific IP theft which is demonstrable to have been their business practice
from their inception with the long standing allegations of swiping of code and sabotage of US
businesses, which may have attracted black budgets. How is this not domestic terrorism?

C. Court Supervision or Special Master Is Warranted

Given Riot's demonstrated behavior, further unsupervised discovery proceedings
will not be productive. Plaintiff respectfully requests that future discovery either be directly
supervised by Judge Olguin or referred to a Special Master with authority to enforce deadlines
and compel compliance.

The Plaintiff does not feel safe to enter any closed proceedings nor proceedings
any with the Magistrate Judge. Riot have seemed desperate to get the case in front of a
Magistrate Judge, even trying to suggest it was the Planiff's idea in the Joint 26 (f) report
conference, then editing the joint 26 (f) report server times after the Plaintiff strongly stated he
will not agree to a Magistrate Judge.

PLAINTIFF'S MOTION TO LIFT DISCOVERY STAY, COMPEL DISCOVERY RESPONSES, AND APPOINT
SUPERVISION OVER DEFENDANT'S DISCOVERY CONDUCT

## V. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

Lift any discovery stay associated with the April 24, 2025 settlement conference;

Order Riot Games to produce complete responses and documents responsive to Plaintiff's March 14, 2025 discovery requests within 10 days;

Require detailed verification under oath of Riot's discovery responses;

Assign discovery oversight directly to the District Judge or a Special Master;

Impose any appropriate sanctions under Rule 37 for bad faith conduct.

## VI. CONCLUSION

The Plaintiff has acted diligently and in good faith throughout this litigation. Riot Games has repeatedly obstructed discovery and exploited procedural delays to avoid substantive accountability. When they don't get their way, they harass, manipulate, pay people, and abuse until they get it and then lie and mislead and point the blame at the Plaintiff or their many other victims. These are overt predatory games and enjoyments of Riot Games, and these actions infect all who are affiliated with them.

PLAINTIFF'S MOTION TO LIFT DISCOVERY STAY, COMPEL DISCOVERY RESPONSES, AND APPOINT SUPERVISION OVER DEFENDANT'S DISCOVERY CONDUCT

These behaviors are founded in the unethical practices deeply entrenched at Riot Games. Immediate judicial intervention is required to prevent further prejudice.

**Declaration of Authenticity:**

I, Marc Wolstenholme, declare under penalty of perjury that the statements made are true and accurate

Executed on April 06, 2025, in Coventry, England.

Respectfully submitted,

Signature: *M.WOLSTENHOLME.*

Marc Wolstenholme

Plaintiff in Pro Per

5 Shetland Close

Coventry, England CV5 7LS

marc@mwwolf-fiction.co.uk

PLAINTIFF'S MOTION TO LIFT DISCOVERY STAY, COMPEL DISCOVERY RESPONSES, AND APPOINT SUPERVISION OVER DEFENDANT'S DISCOVERY CONDUCT

**Exhibit A- Email thread of Concerns.**

LOCAL RULE 37-1 DISCOVERY DISPUTE LETTER

External

Inbox

Marc Wolstenholme <marc@mwwolf-fiction.co.uk>

Thu 17 Apr, 12:00 (9 days ago)

to BFM_Chambers@cacd.uscourts.gov, Josh, Aaron, dan.chang

Date: April 17, 2025

To: Aaron Moss, Joshua Geller

Cc: Courtroom Deputy, Judge Brianna Fuller Mircheff

From: Marc Wolstenholme


Re: Local Rule 37-1 Letter – Discovery Disputes re RFPs, Interrogatories, and RFAs

Case: Wolstenholme v. Riot Games, Inc., 2:25-cv-00053-FMO-BFM

Pursuant to Local Rule 37-1, this letter outlines Plaintiff's discovery disputes and initiates the required meet and confer process. The objections and non-responses provided in Defendant Riot Games, Inc.'s discovery responses (served April 14, 2025) fail to comply with Federal Rules of Civil Procedure 33, 34, and 36 and demonstrate a continued pattern of bad faith and abuse. Below is a summary of the disputes and relief to be sought by motion.

I. Requests for Production (RFPs)

PLAINTIFF'S MOTION TO LIFT DISCOVERY STAY, COMPEL DISCOVERY RESPONSES, AND APPOINT SUPERVISION OVER DEFENDANT'S DISCOVERY CONDUCT

Despite properly served requests on March 14, 2025, Riot has:

- Provided no documents;

- Issued blanket objections;

- Reserved the right to 'supplement' but produced nothing.

Examples in Dispute:

- RFP (a): All Arcane development timelines and concept drafts (objection: overbroad and burdensome)

- RFP (b): Access logs to Bloodborg-related submissions via Riot Forge and to CBG (denied with no documentation)

- RFP (e): References to "Bloodborg," "M.W. Wolf," or Plaintiff's name (Riot refuses to search)

Plaintiff's Position: These requests are directly relevant to proving access, development sequence, and similarity. Riot must be compelled to produce responsive documents or confirm, under oath, that none exist.

II. Interrogatories

Plaintiff served five Interrogatories, each targeting key facts such as access pathways (CBG & UTA), development teams, and timeline data.

Deficiencies Identified:

- Riot provided no substantive answers, only objections;

PLAINTIFF'S MOTION TO LIFT DISCOVERY STAY, COMPEL DISCOVERY RESPONSES, AND APPOINT SUPERVISION OVER DEFENDANT'S DISCOVERY CONDUCT

- Denies knowledge without supplying names or facts;

- Objects to Plaintiff's characterization of submitted works while refusing to identify reviewers of portal submissions.

Relief Sought: Plaintiff will move to compel complete answers, including named individuals with relevant knowledge, as required by Rule 33.

III. Requests for Admission (RFAs)

Riot denied all RFAs, including factual questions not reasonably in dispute.

Examples:

- RFA No. 6: Whether Arcane scripts were modified after April 2020 (denied as 'too vague')

- RFA No. 5: Substantial similarity between Arcane and Bloodborg (denied in full)

Issue: These categorical denials contradict public records and suggest bad faith refusal to narrow or clarify issues for trial.

IV. Plaintiff's Requested Relief

Plaintiff intends to file a motion seeking the following:

1. An order compelling complete responses to the March 14, 2025 RFPs, Interrogatories, and RFAs;

12

PLAINTIFF'S MOTION TO LIFT DISCOVERY STAY, COMPEL DISCOVERY RESPONSES, AND APPOINT SUPERVISION OVER DEFENDANT'S DISCOVERY CONDUCT

2. A court-supervised document production deadline within 10 days;

3. Preservation and production of internal metadata, Slack communications, and submission logs;

4. Appointment of a Special Master or neutral forensic examiner;

5. Sanctions and cost-shifting under Rule 37(a)(5) for bad faith refusal to participate.

V. Meet and Confer Scheduling

Per Riot's proposal, Plaintiff is available to meet and confer via phone or Zoom on Tuesday, April 22 at 3:00 PM GMT. However, due to time zone differences and the need to document all communications, Plaintiff prefers to continue the meet and confer in writing via email. Please confirm your agreement or provide alternatives.

VI. Litigation Conduct and Procedural Concerns

Plaintiff also places on record his concern that Defendant's refusal to produce documents, their history of procedural manipulation, and pattern of threatening legal rhetoric constitute more than isolated behaviour. Plaintiff has documented numerous examples of avoidance, including bad faith settlement communications, non-responses to the SAC, noncompliance with settlement discussions and a near-complete failure to engage with discovery. This pattern has created emotional distress and procedural imbalance that the Court should consider in determining the scope of relief and sanctions.

13

PLAINTIFF'S MOTION TO LIFT DISCOVERY STAY, COMPEL DISCOVERY RESPONSES, AND APPOINT SUPERVISION OVER DEFENDANT'S DISCOVERY CONDUCT

The Court should also consider if it is safe for the Plaintiff to directly engage with such abuse and if state interventions are needed to protect the Plaintiff and public from Riot's widespread targeting of vulnerable people and damage to the public.

Respectfully,

Marc Wolstenholme

Pro Se Plaintiff

marc@mwwolf-fiction.co.uk

+44 7827 96440

BFM Chambers

Thu 17 Apr, 17:30 (9 days ago)

to me, Josh, Aaron, dan.chang@riotgames.com

Good morning,

I have received your emails about outstanding items of discovery. Might I suggest that we table this discussion until after next week's settlement conference? If the case doesn't settle, we can end that day with a brief discussion about how to go forward on discovery.

From: Marc Wolstenholme <marc@mwwolf-fiction.co.uk>

14

PLAINTIFF'S MOTION TO LIFT DISCOVERY STAY, COMPEL DISCOVERY RESPONSES, AND APPOINT SUPERVISION OVER DEFENDANT'S DISCOVERY CONDUCT

Sent: Thursday, April 17, 2025 4:01 AM

To: BFM Chambers <BFM_Chambers@cacd.uscourts.gov>; Geller, Josh <Josh.Geller@msk.com>; Moss, Aaron <ajm@msk.com>; dan.chang@riotgames.com

Subject: LOCAL RULE 37-1 DISCOVERY DISPUTE LETTER

Geller, Josh

Thu 17 Apr, 17:36 (9 days ago)

to BFM, me, Aaron

Thank you, your Honor. Riot agrees and believes that is a reasonable approach.

Sincerely,

Josh Geller

Josh M. Geller | Partner

T: 310.312.3166 | josh.geller@msk.com

Mitchell Silberberg & Knupp LLP | www.msk.com

2049 Century Park East, 18th Floor, Los Angeles, CA 90067

Marc Wolstenholme <marc@mwwolf-fiction.co.uk>

Thu 17 Apr, 17:21 (9 days ago)

15

PLAINTIFF'S MOTION TO LIFT DISCOVERY STAY, COMPEL DISCOVERY RESPONSES, AND APPOINT

SUPERVISION OVER DEFENDANT'S DISCOVERY CONDUCT

to Josh, BFM, Aaron

Good Morning (Evening for me)  your Honor. I hope you have had my concerns over the conference.

But yes, Agreed, if you feel that a settlement is still achievable.

Thank you

Marc Wolstenholme

16

PLAINTIFF'S MOTION TO LIFT DISCOVERY STAY, COMPEL DISCOVERY RESPONSES, AND APPOINT

SUPERVISION OVER DEFENDANT'S DISCOVERY CONDUCT