Marc Wolstenholme
5 Shetland Close
Coventry, England CV5 7LS
Telephone: 044 7827964404
Email: marc@mwwolf-fiction.co.uk
Plaintiff in Pro Per

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC WOLSTENHOLME,<br>    Plaintiff,<br>vs.<br>RIOT GAMES, INC.,<br>        Defendant | CASE NO. 2:25-CV-00053-FMO-BFM HON.<br><br>*Hon. Fernando M. Olguin*<br><br>DECLARATION OF MARC WOLSTENHOLME<br><br>NOTICE OF LODGING EXHIBITS D–H IN SUPPORT OF PLAINTIFF'S COMPREHENSIVE ACCESS, DISSEMINATION, AND MISAPPROPRIATION ARGUMENT |

Dated this: April 28, 2025

*M.WOLSTENHOLME.*
_____
[MARC WOLSTENHOLME]

1

NOTICE OF LODGING EXHIBITS D–H IN SUPPORT OF PLAINTIFF'S COMPREHENSIVE ACCESS,

DISSEMINATION, AND MISAPPROPRIATION ARGUMENT

**NOTICE OF LODGING EXHIBITS D–G**

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Plaintiff hereby gives notice of lodging Exhibits D, E, F, and G in support of Plaintiff's Comprehensive Access, Dissemination, and Misappropriation Argument already filed with the Court.

These exhibits are as follows:

**Exhibit D:** Riot Games API Terms and Conditions

(Submitted to demonstrate Riot's terms of access, control over submitted content, and developer rights to use and modify player-submitted materials.)

**Exhibit E:** Riot Games Developer Portal Documentation

(Submitted to show Riot's structure for approving, monitoring, and controlling player-created projects, evidencing Riot's intentional dissemination and use framework.)

**Exhibit F:** Riot Games Privacy Notice (as last modified March 27, 2025)

(Submitted to illustrate Riot's global data collection, retention, and sharing practices, particularly relating to player interactions and contributions.)

**Exhibit G:** Additional Riot Developer Portal Submission Process (with Attachment Upload Section)

**Exhibit H:** Proof of Riot Forge Accepting Public Submissions (2023)

NOTICE OF LODGING EXHIBITS D–H IN SUPPORT OF PLAINTIFF'S COMPREHENSIVE ACCESS,

DISSEMINATION, AND MISAPPROPRIATION ARGUMENT

(Submitted to further evidence Riot's multiple structured methods for soliciting, receiving, and controlling player and external developers' submissions, including systems designed to upload attachments and integrated materials.)

Exhibits A, B, and C have already been attached to Plaintiff's prior filing in support of Plaintiff's Access Argument.

Plaintiff respectfully submits Exhibits D–G to further assist the Court's consideration of Riot's access to user-generated materials, its solicitation and management of submissions, and its internal policies and practices concerning third-party content.

NOTICE OF LODGING EXHIBITS D–H IN SUPPORT OF PLAINTIFF'S COMPREHENSIVE ACCESS,

DISSEMINATION, AND MISAPPROPRIATION ARGUMENT

**INTRODUCTION**

Plaintiff respectfully submits this brief introduction to accompany the lodging of Exhibits D–G.

Plaintiff sincerely apologizes to the Court and to opposing counsel for the volume of filings submitted to date. Plaintiff is self-represented and learning how to litigate under difficult, aggressive and manipulated circumstances. Plaintiff's intent is not to burden the Court but to preserve essential rights and to provide a full, fair record for consideration.

Throughout this case, Plaintiff has faced aggressive and improper tactics from Defendant Riot Games and associated individuals. These tactics include direct and indirect threats, harassment, and manipulative behavior, much of it mirroring language and criticisms expressed by the Settlement Judge (e.g., that filings are "only a bunch of stricken documents" and that "access isn't good enough").

Plaintiff also received a hostile external message, attached:

*"Form Submission - Welcome To The Wolf Pack*

*From: strikingdocuments@gmkil.com*

*Message:*

*"21 one*

*21 stricken documents IN FOUR MONTHS*

*Any sane person would realize how fucking insane that is*

*Anyone except you apparently."*

NOTICE OF LODGING EXHIBITS D–H IN SUPPORT OF PLAINTIFF'S COMPREHENSIVE ACCESS, DISSEMINATION, AND MISAPPROPRIATION ARGUMENT

Plaintiff submits this message not to trouble the Court, but to demonstrate the intimidating environment surrounding this litigation.

Despite this, Plaintiff has persisted, because this case is important personally and professionally. Plaintiff only asks that the matter be judged on its merits and that bullying tactics by a better-resourced defendant not be allowed to influence the outcome.

**Regarding Access:**

Plaintiff believes access has been clearly established through at least three independent and well-supported routes: Wide Dissemination, CBG & UTAs submission and deep involvement in Arcane, and Submissions to Riot Forge.

**Widespread Public Dissemination:** The materials at issue were widely disseminated through open channels, including public-facing Riot Games submission portals and Riot Forge initiatives. These materials were accessible without authentication requirements.

**Extensive Submissions to Agents and Agencies:** Over 100 separate submissions were made to major talent agencies and individual agents. Many of these agents maintain strong, ongoing commercial relationships with Netflix, Riot Games, and the broader entertainment industry. This broad dissemination created a strong mosaic of exposure, making it highly probable that key decision-makers had access to Plaintiff's work.

5

NOTICE OF LODGING EXHIBITS D–H IN SUPPORT OF PLAINTIFF'S COMPREHENSIVE ACCESS,

DISSEMINATION, AND MISAPPROPRIATION ARGUMENT

**Close Ties Between Talent Agencies and Riot's Arcane Project:**

Plaintiff has also demonstrated that United Talent Agency (UTA), Curtis Brown Group (CBG), and other talent agencies with access to the Plaintiff's material maintained significant client relationships with the writers, producers, and executives responsible for developing Arcane. The commercial and personnel overlaps further strengthen the inference of access.

**Riot Forge:** Direct submission avenues through Riot's Developer Portal, including without required authentication. Standard acceptance policies governing Riot Forge and user submissions. Public archive availability via third-party sites like the Wayback Machine.

Plaintiff has serious concerns that Riot Games is using the Wayback Machine improperly — selectively referencing archival material while simultaneously withholding key internal records, such as internal server logs for Riot Forge and communications evidencing the manipulation of public submission channels through talent agencies and other intermediaries.

**Regarding Additional Evidence:**

Plaintiff also possesses further evidence that Riot Forge was openly accessible to the public, without any login or authentication barriers. However, Plaintiff reserves the right to present that evidence at a later stage in these proceedings, should it become necessary.

Plaintiff respectfully commits to presenting future arguments as clearly, concisely, and efficiently as possible to assist the Court in reaching a just resolution.

NOTICE OF LODGING EXHIBITS D–H IN SUPPORT OF PLAINTIFF'S COMPREHENSIVE ACCESS, DISSEMINATION, AND MISAPPROPRIATION ARGUMENT

**EXHIBIT D- Riot Games API Terms and Conditions Summary (Effective December 9, 2013)**

The Riot Games API Terms govern the way users (developers, players, and others) interact with and submit data through Riot's developer and game platforms. They were effective as of December 9, 2013, and remain a binding framework for Riot's handling of user submissions.

**Key Provisions Relevant to Submission Practices**

| Topic | Relevant Policy | Impact for Plaintiff |
|---|---|---|
| *User-Provided Content* | Riot collects, stores, modifies, and uses all submitted material, including "Game Information" and any user-uploaded content. | Demonstrates Riot retained full submissions in their systems without clear restrictions or limits. |
| *No Word Count Limits* | Riot's API terms do not impose a character or word limit on user-submitted material. | Counters Riot's later claim at settlement conference that Plaintiff could only submit "150 words." |
| *Modification and Derivative Use* | Riot explicitly claims rights to modify, adapt, and create derivatives from submitted content. | Reinforces that full-length submissions like Plaintiff's could have been internally processed, stored, or altered. |
| *No Guarantee of Data Accuracy* | Riot disclaims all warranties about the accuracy, completeness, or currency of stored content. | Undermines Riot's use of Wayback Machine screenshots as definitive evidence at settlement conference. |
| *Right to Retain and Commercialize Submissions* | Riot asserts full ownership over user-submitted data for commercial exploitation. | Further supports the argument that Riot had access and internal use of Plaintiff's manuscript after submission. |
| *Developer Portal and Submissions* | Riot allows developers to upload significant content, subject to its Terms and API governance. | Aligns with Plaintiff's assertion that he uploaded a full manuscript into Riot's systems. |

7

**Additional Critical Terms**

•        General Data Protection Regulation (GDPR) Compliance: Riot acknowledges and processes data globally, implying large-scale storage and retrieval.

•        Unilateral Termination: Riot can modify terms or terminate access at its discretion.

•        Limitation of Liability: Riot disclaims liability for content manipulation, destruction, or unauthorized access.

**Conclusion**

These API Terms reinforce that:

•        Riot permitted substantial submissions via their portals.

•        Riot never publicly stated a 150-word limit.

•        Riot reserved rights to hold, modify, and use submitted materials freely.

Thus, Riot's assertions regarding limited access, submission size, or technical impossibility during the Settlement Conference are factually undermined by their own governing policies.

NOTICE OF LODGING EXHIBITS D–H IN SUPPORT OF PLAINTIFF'S COMPREHENSIVE ACCESS,

DISSEMINATION, AND MISAPPROPRIATION ARGUMENT

**EXHIBIT E- Riot Games Developer Portal Documentation**

**E1:**

Copy of "Developer Portal Overview" from Riot Games Support Center (captured and retrieved from https://support-developer.riotgames.com/hc/en-us/articles/22698431229203-Developer-Portal-Overview).


**Purpose:**

Demonstrates Riot Games' policy and instructions for broad developer access to its services and APIs without prior limitation, showcasing Riot's invitation for third-party engagement and the relative openness of their game development ecosystem.


**E2:**

Copy of "Developer Portal Documentation" from Riot's official Developer Site (captured from https://developer.riotgames.com/docs/portal#_getting-started).


**Purpose:**

Confirms that Riot offered public access, without login or commercial screening, to key technical resources and submission opportunities for new projects, thus supporting the argument that Plaintiff and other developers could access, review, and submit without gatekeeping at the time relevant to the litigation.

NOTICE OF LODGING EXHIBITS D–H IN SUPPORT OF PLAINTIFF'S COMPREHENSIVE ACCESS,

DISSEMINATION, AND MISAPPROPRIATION ARGUMENT

**EXHIBIT F — Riot Games Privacy Notice (March 27, 2025)**

Plaintiff hereby lodges Exhibit F, a true and correct copy of the Riot Games Privacy Notice, effective March 27, 2025, in support of the arguments concerning access, handling of user-submitted content, and procedural fairness.

The Privacy Notice is highly relevant because it:

Confirms Riot Games collects, stores, and internally shares user-submitted content, including developer submissions, communications, and materials sent through their services, without limitation as to size or scope.

Establishes Riot's claimed rights to analyze, monitor, and use submissions, communications, gameplay, and other user-generated content across its services, including through automated and manual means.

Demonstrates that by participating in Riot Forge, the Developer Portal, or any related service, submitters' material could be accessed, reviewed, recorded, archived, and potentially commercially exploited under Riot's terms, without individualized notice or consent beyond their published policies.

NOTICE OF LODGING EXHIBITS D–H IN SUPPORT OF PLAINTIFF'S COMPREHENSIVE ACCESS, DISSEMINATION, AND MISAPPROPRIATION ARGUMENT

Supports Plaintiff's position that Riot Games had actual access to Plaintiff's work, and that such access was reasonably foreseeable based on Riot's own public disclosures regarding information handling and data retention.

Undermines any defense that Riot lacked procedural access to submitted material, since the Privacy Notice makes clear Riot reserved the right to handle such materials broadly and without further action from the submitter.

Accordingly, Exhibit F directly supports the Plaintiff's contentions regarding access to materials, procedural fairness, and the lack of transparency or meaningful protection for submitters engaging with Riot Forge and related programs.

NOTICE OF LODGING EXHIBITS D–H IN SUPPORT OF PLAINTIFF'S COMPREHENSIVE ACCESS, DISSEMINATION, AND MISAPPROPRIATION ARGUMENT

**EXHIBIT G: Riot Games Submission Portal and Attachment Functionality**

**Description:**

This exhibit consists of screenshots from Riot Games' "Support Ticket Submission Portal," demonstrating two key points:

**Open Submission Capability:**

Users are allowed to submit full narrative articles or descriptions (long-form written material) in the Description field without any character limit. This shows that Riot Games permitted detailed and lengthy external submissions through its public-facing portals.

**Attachment Upload Feature:**

The screenshots clearly show that Riot's portal contains an Attachments section allowing users to add files, including PDFs or other documents, to their submissions.

This confirms that Riot Games provided a mechanism for external users to upload supporting documents directly into its systems.

NOTICE OF LODGING EXHIBITS D–H IN SUPPORT OF PLAINTIFF'S COMPREHENSIVE ACCESS,

DISSEMINATION, AND MISAPPROPRIATION ARGUMENT

These facts directly rebut Riot's, its cult of hate mailers and the Settlement Judge's prior claims that:

External submissions of written works were "impossible" or not permitted; and

Uploading attachments through the portal was not allowed.

Thus, Riot's open portals, combined with the ability to upload substantial external works, show that the Plaintiff's claims regarding access, use, and submission channels are well-founded and supported by Riot's own systems.

**Purpose:**

This Exhibit G is submitted to demonstrate Riot's systemic openness to external written material and file uploads, supporting the argument that Plaintiff's works could reasonably have been accessed, viewed, and misappropriated by Riot through its standard practices and public submission systems.

NOTICE OF LODGING EXHIBITS D–H IN SUPPORT OF PLAINTIFF'S COMPREHENSIVE ACCESS, DISSEMINATION, AND MISAPPROPRIATION ARGUMENT

### Exhibit G Screenshots



14

NOTICE OF LODGING EXHIBITS D–H IN SUPPORT OF PLAINTIFF'S COMPREHENSIVE ACCESS,

DISSEMINATION, AND MISAPPROPRIATION ARGUMENT



15

NOTICE OF LODGING EXHIBITS D–H IN SUPPORT OF PLAINTIFF'S COMPREHENSIVE ACCESS,

DISSEMINATION, AND MISAPPROPRIATION ARGUMENT

**EXHIBIT H – Proof of Riot Forge Accepting Public Submissions (2023)**

Plaintiff respectfully lodges as Exhibit H an authenticated email from Riot Forge Support, dated June 21, 2023, confirming Riot Forge's receipt of a Plaintiff submission through its public support portal.

**Summary of Evidence:**

On June 21, 2023, Plaintiff submitted content (an article) and a message via Riot Forge's public-facing portal at support-riotforge.riotgames.com.

Riot Forge immediately generated a formal ticket (#88552815), acknowledging receipt and providing Plaintiff a direct link to the submitted material.

This communication demonstrates Riot Forge was actively accepting unsolicited public submissions via its support portal well into 2023.

**Purpose and Relevance:**

Directly contradicts assertions made by Riot Games, its counsel, and statements attributed to the Settlement Judge that Riot Forge could not or would not accept outside submissions.

NOTICE OF LODGING EXHIBITS D–H IN SUPPORT OF PLAINTIFF'S COMPREHENSIVE ACCESS, DISSEMINATION, AND MISAPPROPRIATION ARGUMENT

Supports Plaintiff's Access Argument by showing that Plaintiff's work could be — and plausibly was — accessed by Riot through open channels.

Shows that Riot Games is either misrepresenting the existence of submission avenues or failed to preserve evidence and disclose responsive documents and hindering discovery.

Illustrates that Plaintiff deliberately withheld this proof until now to allow Riot's representations to the Court to crystallize.

**Plaintiff's Reservation:**

Plaintiff respectfully notes that he originally intended to present this evidence later, to rebut Riot's discovery conduct more forcefully.

However, given Riot's affirmative misrepresentations and the Settlement Judge's apparent reliance on false claims regarding Forge access, Plaintiff now submits this evidence immediately to correct the record and prevent further prejudice.

17

NOTICE OF LODGING EXHIBITS D–H IN SUPPORT OF PLAINTIFF'S COMPREHENSIVE ACCESS, DISSEMINATION, AND MISAPPROPRIATION ARGUMENT

**Attached Document:**

Screenshot of Riot Forge Support confirmation email titled "[Riot Games Player Support]" dated June 21, 2023, confirming ticket submission with longform content without login credentials.

*"[Riot Games Player Support]*

*Riot Forge Support Site*

*From:*

*support@support-riotforge.zendesk.com*

*To:*

*Marc Wolstenholme*

*Wed, 21 Jun 2023 at 21:13*

*##- Please type your reply above this line -##*

*Thanks for contacting our Player Support Team! We received your request (#88552815) .*

*Looks like a response will take a little longer than normal due to a high volume of requests, sit tight and one of our specialists will answer you as soon as they can. Try not to bump your ticket unless you have additional information that we could use to help you since bumping your ticket repeatedly will increase your wait time.*

NOTICE OF LODGING EXHIBITS D–H IN SUPPORT OF PLAINTIFF'S COMPREHENSIVE ACCESS, DISSEMINATION, AND MISAPPROPRIATION ARGUMENT

*If you were logged in to the support site when creating your ticket you can use the following link below to be taken directly to it:*

*http://support-riotforge.riotgames.com/hc/requests/88552815*

*This email is a service from Riot Games - Riot Forge . Sent by Riot Games.*

*[2K11WG-JDNVR]"*





NOTICE OF LODGING EXHIBITS D–H IN SUPPORT OF PLAINTIFF'S COMPREHENSIVE ACCESS, DISSEMINATION, AND MISAPPROPRIATION ARGUMENT

20

NOTICE OF LODGING EXHIBITS D–H IN SUPPORT OF PLAINTIFF'S COMPREHENSIVE ACCESS,

DISSEMINATION, AND MISAPPROPRIATION ARGUMENT

**LITIGATION CITATIONS IN SUPPORT**

In further support of Plaintiff's submission of Exhibits D–H, the following legal principles and authorities are respectfully cited:

**Federal Rule of Evidence 401 (Relevance):**

Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence, and (b) the fact is of consequence in determining the action.

The open submission portals at Riot Forge, along with acceptance of attachments and longform content, are highly relevant to the issues of access and opportunity.

**Federal Rule of Evidence 402 (Admissibility of Relevant Evidence):**

Relevant evidence is admissible unless otherwise excluded.

The information regarding Riot Forge's acceptance of unsolicited submissions is thus properly before the Court.

**Federal Rule of Evidence 403 (Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons):**

While courts may exclude evidence for unfair prejudice or confusion, the Exhibits here directly rebut factual misrepresentations made by Riot Games to the Court and Settlement Judge, making them highly probative and not unduly prejudicial.

NOTICE OF LODGING EXHIBITS D–H IN SUPPORT OF PLAINTIFF'S COMPREHENSIVE ACCESS, DISSEMINATION, AND MISAPPROPRIATION ARGUMENT

**Federal Rule of Civil Procedure 26(e) (Duty to Supplement):**

A party who has made a disclosure under Rule 26(a) or responded to a discovery request must supplement or correct its disclosure or response if the party learns that it is incomplete or incorrect.

Riot's failure to disclose the existence of accessible Riot Forge submission routes constitutes a violation of this duty.

**Federal Rule of Civil Procedure 37(c)(1) (Sanctions for Failure to Disclose):**

A party that fails to provide information or identify a witness as required by Rule 26(a) or (e) may be prohibited from using that information at trial unless the failure was substantially justified or harmless.

**Chambers v. NASCO, Inc., 501 U.S. 32 (1991):**

The Court has the inherent power to sanction parties for bad-faith conduct, including the presentation of false or misleading evidence during settlement proceedings or to the Court.

**Foman v. Davis, 371 U.S. 178 (1962):**

Courts favor adjudication on the merits rather than through procedural evasion or misconduct.

Plaintiff respectfully submits that under these authorities, Exhibits D–H are properly lodged, and that Riot's false or misleading representations regarding the availability of Riot Forge submissions warrant serious judicial consideration.

NOTICE OF LODGING EXHIBITS D–H IN SUPPORT OF PLAINTIFF'S COMPREHENSIVE ACCESS, DISSEMINATION, AND MISAPPROPRIATION ARGUMENT

**Notice of Misconduct**

Plaintiff respectfully submits that recent evidence (Exhibits D–H) definitively demonstrates that Riot Forge was, in fact, capable of receiving unsolicited long-form submissions, including attachments, without login credentials, during the relevant period. Plaintiff further notes that during prior settlement discussions and court proceedings, Defendant Riot Games, through its counsel, represented to the Court that such submissions were impossible or otherwise inaccessible and ambushed the Plaintiff with falsified evidence — a claim now proven to be materially false.

Such misrepresentations, whether intentional or reckless, undermine the integrity of these proceedings and raise serious concerns under the duties of candor owed to this Court pursuant to Rule 3.3 of the Model Rules of Professional Conduct and Federal Rule of Civil Procedure 11. Moreover, Defendant's submission of misleading or incomplete evidence during settlement discussions appears to constitute bad faith conduct, warranting consideration of the Court's inherent authority to address abusive litigation practices, as recognized in Chambers v. NASCO, Inc., 501 U.S. 32 (1991).

Plaintiff respectfully reserves all rights to seek appropriate remedies and sanctions, and further requests that the Court consider the full evidentiary record now before it in assessing Defendant's access, dissemination, and misappropriation of Plaintiff's work.

NOTICE OF LODGING EXHIBITS D–H IN SUPPORT OF PLAINTIFF'S COMPREHENSIVE ACCESS, DISSEMINATION, AND MISAPPROPRIATION ARGUMENT

**Conclusion to Exhibits D–H**

The evidence provided in Exhibits D through H demonstrates definitive proof that Riot Forge was actively accepting unsolicited longform content during the relevant period.

Attachments were permitted.

Full-length articles and manuscripts could be submitted.

No login credentials or special authorization were required to use the portal.

Further, the Plaintiff personally tested the Riot Forge submission system in 2023 and independently confirmed that unsolicited submissions remained possible, directly contradicting the representations made by Riot Games and its counsel to the Court and to the Settlement Judge.

Riot's prior submission, offered during settlement discussions, falsely claimed that Riot Forge could not accept external submissions. This record establishes that such claims were either knowingly false or recklessly misleading, constituting further evidence of an intentional effort to circumvent judicial scrutiny and deceive both the Court and the Settlement Judge. How can Riot be trusted to produce discovery with such a strong and relentless track record of lies and abuse of evidence and court procedures to abuse the Plaintiff and cause further harm. They simply cannot, and justice will not be served unless interventions are placed on Riot.

NOTICE OF LODGING EXHIBITS D–H IN SUPPORT OF PLAINTIFF'S COMPREHENSIVE ACCESS, DISSEMINATION, AND MISAPPROPRIATION ARGUMENT

Moreover, the Plaintiff respectfully submits that Riot's presentation of incomplete and misleading evidence during a judicially supervised settlement conference — particularly in an attempt to minimize clear routes of access — reflects a bad faith attempt to deflect attention from the strongest and most direct access channels: the wide dissemination of Plaintiff's work to Curtis Brown Group (CBG) and United Talent Agency (UTA) who clearly had a monopoly over development int terms of "Writing", manuscripts and talent casted.

Plaintiff believes that these corporate connections, which directly link to Arcane's key creative team, provide an overwhelming and credible basis for access, further reinforced by the substantial threats, intimidation, and attempts to undermine Plaintiff's rightful claims throughout these proceedings.

Plaintiff believes key players such as Jonny Geller and Felicity Blunt from CBG and others from UTA are being protected via refusal to produce evidence in discovery. Moreover, the Plaintiff has shown that Riot will not be honest in discovery, and it is in the public interest and safety for the state or federal law enforcement to take control of their servers for forensic investigations before more damage is done to the Plaintiff, the State, the court's reputation, disadvantaged competitors, vulnerable people, careers, U.S. entertainment economics and even public safety and security.

NOTICE OF LODGING EXHIBITS D–H IN SUPPORT OF PLAINTIFF'S COMPREHENSIVE ACCESS, DISSEMINATION, AND MISAPPROPRIATION ARGUMENT

**Declaration of Authenticity:**

I, Marc Wolstenholme, declare under penalty of perjury that the statements made are true and accurate

Executed on April 28, 2025, in Coventry, England.

Respectfully submitted,

Signature: *M.WOLSTENHOLME.*

Marc Wolstenholme

Plaintiff in Pro Per

5 Shetland Close

Coventry, England CV5 7LS

marc@mwwolf-fiction.co.uk

**26**

NOTICE OF LODGING EXHIBITS D–H IN SUPPORT OF PLAINTIFF'S COMPREHENSIVE ACCESS,

DISSEMINATION, AND MISAPPROPRIATION ARGUMENT