Marc Wolstenholme
5 Shetland Close
Coventry, England CV5 7LS
Telephone: 044 7827964404
Email: marc@mwwolf-fiction.co.uk
Plaintiff in Pro Per

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC WOLSTENHOLME,<br>　　　　　Plaintiff,<br>vs.<br>RIOT GAMES, INC.,<br>　　　　　Defendant | CASE NO. 2:25-CV-00053-FMO-BFM HON.<br><br>*Hon. Fernando M. Olguin*<br><br>DECLARATION OF MARC WOLSTENHOLME<br><br>PLAINTIFF'S MOTION TO REASSIGN MAGISTRATE JUDGE FOR CAUSE.<br><br>Thursday, June 5th, 2025<br>Time: 10:00 am<br>Crtrm: 6D |

Dated this: May 02, 2025

　　　　　　　　　　　　　　*M.WOLSTENHOLME*
　　　　　　　　　　　　　　[MARC WOLSTENHOLME]

1
MOTION TO REASSIGN MAGISTRATE JUDGE FOR CAUSE

## I. Reason Meet and Confer Is Not Required for This Motion

The Plaintiff respectfully submits that a meet and confer is not required for the present motion because it does not concern discovery, case management scheduling, or substantive legal claims between the parties. Instead, this motion seeks judicial relief concerning the reassignment of a judicial officer based on concerns related to impartiality, procedural fairness, and due process.

Motions that challenge judicial conduct, or request reassignment of a magistrate judge for cause, are matters of court administration and judicial ethics, not matters for party negotiation or compromise. As such, Local Rule 7-3's meet and confer requirement does not apply, since no resolution of the motion could be achieved through discussion with opposing counsel.

Additionally, requiring a meet and confer with Defendant's counsel, who is not a neutral party and may be implicated in related allegations, would be inappropriate, prejudicial, and potentially compromise the fairness of this motion.

For these reasons, Plaintiff submits the motion directly to the Court without a meet and confer and asks that it be considered on its merits. However, the Plaintiff has made attempts to communicate with the defendants and each of his attempts has been squandered by the Defendant, yet a meet and confer of many issues is taking place tonight. A Meet and Confer Issues Chart has been attached as Exhibit A as evidence.

## II. INTRODUCTION

Plaintiff Marc Wolstenholme respectfully moves this Court to reassign Magistrate Judge BFM pursuant to 28 U.S.C. § 455 due to evidence of potential bias, lack of impartiality, and conduct undermining the appearance of justice. Plaintiff has sought in good faith to cooperate with the Court's processes but has encountered significant obstacles, including prejudicial treatment and unfair procedural rulings.

## III. LEGAL STANDARD

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

Additionally, § 455(b) requires disqualification if a judge has demonstrated actual bias, prejudice, or other grounds rendering fair judgment impossible.

## IV. FACTUAL BACKGROUND

Plaintiff has diligently attempted to comply with Court orders, local rules, and federal rules, yet concedes that he has had some difficulty learning under unethical litigation manipulation and pressure from Riot's legal team and harassment from its wider cult.

Plaintiff requested several meet-and-confer sessions regarding discovery and misconduct, which the Defendants delayed, avoided, or weaponized strategically, ignoring the Plaintiff then pushing their own issues, then trying to make the Plaintiff rush on their issues on the spot no matter what time of day or night it is or where he is or what he is going through. A Meet and Confer Issues Chart has been attached as Exhibit A as evidence.

3
MOTION TO REASSIGN MAGISTRATE JUDGE FOR CAUSE

The Plaintiff has faced harassment and intimidation connected to discovery and filings, including suspicious external communications and threats mirroring the same wording the Magistrate took for face value from the Defendants as they ambushed the Plaintiff with manipulated and falsified evidence during the Settlement Conference which the Magistrate has failed to meaningfully address.

Plaintiff has been subjected to unusually aggressive procedural sanctions without corresponding procedural fairness.

Plaintiff has observed rulings that, when viewed objectively, could create the appearance of bias, such as not accepting filings that attempted to expose misconduct while ignoring similar conduct by the Defendants.

The Magistrate used the Plaintiff's disability to suggest that this is why he should drop his cases and even stated that the Defendants are big and powerful, it's a David and Goliath situation and that they would bully him out eventually.

The Magistrate attacked Plaintiff's three strong routes of access, misrepresented them and made the Plaintiff litigate on the spot for them for 2.5 hours, during a Settlement Conference and despite the Plaintiff directly saying around 10 times that he did not come prepared to litigate against a Magistrate Judge and he could easily show that the screenshot from the Wayback Machine does not support the defendants claim of no access but actually proves access.

The Magistrate stated that for widespread dissemination, the Plaintiff had to have had a level of critical success, this of course would be anti-competitive towards up-and-coming

4
MOTION TO REASSIGN MAGISTRATE JUDGE FOR CAUSE

aspiring writers and would allow big abusers, like Riot Games and CBG, to keep stealing with impunity.

Additionally, during discussions, the Magistrate Judge suggested that Plaintiff was required to show hand-delivered, or person- to- person handling of his manuscript in person to Riot Games for access to be established. This position is legally incorrect and demonstrates a fundamental misrepresentation of the applicable legal standards regarding access in copyright infringement cases, which recognize online submissions and broadly available online portals as valid routes of access.

The Plaintiff was extremely concerned about attending a conference which isn't reported and expressed his concern about pressure and manipulation behind closed curtains. The Parties had to have a pre-Settlement Conference hearing to address these concerns. The Judge stated that this would not happen. She also stated that a jury would not be 12 of the plaintiff's cousins, already belittling him.

The Magistrate Judge threatened that if the plaintiff didn't drop the cases, Riot Games would come after him and ruin him with all they have.

The Magistrate Judge wrongly took Riot's word for the Wayback machine despite the Plaintiff showing that it wasn't what they claimed it was, and it was one of thousands of screenshots, the plaintiff has now proven these ambushed narratives to be false.

The Judge pushed the Discovery back till after the settlement conference knowing that the parties were nowhere near likely to settle. The Judge had the positions of each of the parties and should have called off the conference unless a reasonable settlement was likely.

The Plaintiff was not once asked about any settlement, he was just told to drop the cases. Discovery has now been delayed, and more harm has been done because of these actions.

After the Settlement conference, the Plaintiff felt maimed, an felt that he had been forced into a confidential setting to be harassed and manipulated and pressured to drop the cases.

The Settlement conference was a complete misuse of court procedures, Riot had already stated that they would not settle, and now this wasted and costly conference has caused more issues and given Riot Games an even bigger advantage as they have delayed Discovery, harassed the Plaintiff and used the Conference to bounce off many repetitive and harassing motions and filings and issues, which is a designed and targeted abusive tactic of Riot Games's legal Team, and it's wider cult like toxic and radical community who used the filings, post Settlement conference, to harass, mock and gloat at the Plaintiff's destress.

The only way this unethical conference could have caused more harm is if the Judge had succeeded in bullying the Plaintiff into dropping the cases.

## V.  ARGUMENT

A reasonable observer would question the impartiality of the proceedings given the pattern of rulings disproportionately disadvantaging the pro se Plaintiff.

The Court has a paramount duty to preserve public confidence in the fairness and integrity of the judiciary.

Continuing with the current Magistrate risks further undermining the appearance of fairness and would cause the Plaintiff more distress.

Reassignment will promote fairness and avoid compounding due process concerns.

## VI.   LEGAL AUTHORITY AND CITATIONS

This motion is made pursuant to the following legal authorities and standards:

1. 28 U.S.C. § 455(a) and (b): Judicial Disqualification for Cause

Under 28 U.S.C. § 455(a), a judge must disqualify themselves "in any proceeding in which [their] impartiality might reasonably be questioned." Section 455(b)(1) further mandates disqualification where the judge has personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts.

2. United States Constitution – Fifth Amendment (Due Process Clause)

The Due Process Clause guarantees a litigant's right to a fair tribunal. "[T]he requirement of impartiality has been jealously guarded by the courts." Tumey v. Ohio, 273 U.S. 510, 532 (1927); In re Murchison, 349 U.S. 133, 136 (1955).

3. Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009)

Even where no actual bias is demonstrated, due process may be violated where there is a high probability of bias. "[T]he circumstances… may offer a possible temptation… [and] the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." Id. at 877.

4. Liteky v. United States, 510 U.S. 540 (1994)

While judicial rulings alone rarely establish a valid basis for disqualification, rulings accompanied by extrajudicial sources or pervasive bias may suffice. "Opinions formed

8
MOTION TO REASSIGN MAGISTRATE JUDGE FOR CAUSE

by the judge on the basis of facts introduced or events occurring in the course of the proceedings… may support a bias or partiality challenge if they display a deep-seated favoritism or antagonism."

### 5. California Central District Local Rules (L.R. 83-1.3.1; L.R. 7-3 Exception)

A meet and confer is not required where the relief sought does not involve a request between the parties or where "no reasonable resolution can be achieved through discussion." Judicial reassignment for cause is an internal court matter and falls outside the scope of L.R. 7-3's pre-motion conference requirement.

### 6. Hague Convention on the Taking of Evidence Abroad (1970)

The Hague Evidence Convention provides a lawful means to obtain evidence from foreign jurisdictions through Letters of Request, which may be invoked upon judicial approval in complex, cross-border discovery matters.

### 7. Rule 26 of the Federal Rules of Civil Procedure (Discovery Obligations)

Parties are required to participate in discovery in good faith and avoid obstruction, spoliation, or concealment. Relief may be sought to enforce or protect discovery rights, including through forensic means if necessary to ensure truthfulness and transparency.

## VII. RELIEF REQUESTED

Plaintiff respectfully requests:

That Magistrate Judge BFM be recused from further proceedings in this matter; and

That this case be reassigned to a different United States Magistrate Judge or proceed before the assigned District Judge for all purposes; and

Criminal Forensic discovery be triggered to prevent continued manipulation, deceitfulness and harassment; and

Leave of Court to pursue forensic discovery through criminal and foreign channels as appropriate, including under the Hague Convention or related international procedures. This step may become necessary to ensure full compliance with discovery obligations;

Plaintiff requests to stay discovery hearing on May 15th, 2025 to allow for recusal, many unanswered meet and confer matters and Riot's motions to do just about everything other than allowed true justice to prevail in the way lady Justice herself intended justice to be decided, which is to say on the merits of each case and not on an expensive and bullying clown show.

### VIII. CONCLUSION

Plaintiff respectfully requests that all proceedings before the Magistrate Judge, including the currently scheduled discovery conference set for May 15, 2025, be stayed pending resolution of this Motion to Reassign for Cause.

Plaintiff files this Motion respectfully and in good faith, seeking only a fair opportunity to litigate this action on the merits without fear of bias, bullying or unfair procedural barriers.

**Declaration of Authenticity:**

I, **Marc** Wolstenholme, declare under penalty of perjury that the statements made are true and accurate

Executed on May 02, 2025, in Coventry, England.

Respectfully submitted,

Signature: *M.WOLSTENHOLME.*

Marc Wolstenholme

Plaintiff in Pro Per

5 Shetland Close

Coventry, England CV5 7LS

marc@mwwolf-fiction.co.uk

11

MOTION TO REASSIGN MAGISTRATE JUDGE FOR CAUSE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

12
MOTION TO REASSIGN MAGISTRATE JUDGE FOR CAUSE