| | |
|---|---|
| 1 | AARON J. MOSS (SBN 190625) |
|   | Aaron.Moss@msk.com |
| 2 | JOSHUA M. GELLER (SBN 295412) |
|   | Josh.Geller@msk.com |
| 3 | HANNAH G. SHEPHERD (SBN 347611) |
|   | Hannah.Shepherd@msk.com |
| 4 | MITCHELL SILBERBERG & KNUPP LLP |
|   | 2049 Century Park East, 18th Floor |
| 5 | Los Angeles, CA 90067-3120 |
|   | Telephone: (310) 312-2000 |
| 6 | Facsimile: (310) 312-3100 |

Attorneys for Defendant Riot Games, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC WOLSTENHOLME, | Case No. 2:25-cv-00053-FMO-BFM |
| Plaintiff, | *Hon. Fernando M. Olguin* |
| v. | **RIOT GAMES, INC.'S OBJECTION TO IMPROPER SURREPLY (DKT. 110) RE MOTION FOR PLAINTIFF TO POST COSTS BOND** |
| RIOT GAMES, INC., | |
| Defendant. | |
| | Date: May 8, 2025 |
| | Time: 10:00 a.m. |
| | Crtrm: 6D |

## OBJECTION TO IMPROPER SURREPLY

Riot Games, Inc. ("Riot") hereby objects to the improper surreply (Dkt. 110) filed by Plaintiff Marc Wolstenholme ("Wolstenholme") to Riot's Motion for Plaintiff to Post Costs Bond (the "Motion") (Dkt. 82).  On April 4, Riot filed the Motion, seeking and order requiring Wolstenholme to post a bond of $100,000 pursuant to California Code of Civil Procedure section 1030, which requires a bond where (1) the plaintiff resides out of state and (2) there is a reasonable possibility that the defendant will prevail on the merits, and the Court's inherent power to order a costs bond.  The Motion is set to be heard on May 8. Wolstenholme filed an Opposition to that Motion on April 6—which he specifically linked back to Riot's Motion.  Dkt. 85.  Riot filed its Reply to Wolstenholme's Opposition on April 24, which was the deadline to do so pursuant to Local Rule 7-10.  Dkt. 104.

In response to Riot's Reply, on April 25, Wolstenholme filed a surreply that he improperly titled "Supplemental Opposition" (the "Surreply").  Dkt. 110. Under the Local Rules, Wolstenholme is not allowed to file this Surreply.  L.R. 7-10 ("Absent prior written order of the Court, the opposing party shall not file a response to the reply.").  Courts in this district routinely strike such improper surreplies.  *E.g.*, *Insigne Consulting, Inc. v. Freedom Equity Grp., LLC*, No. CV2205807DSFJCX, 2023 WL 3150096, at *3 (C.D. Cal. Jan. 12, 2023) ("The sur-reply was filed contrary to Local Rule 7-10 which requires a prior written order of the Court for the opposing party to file a response to the reply. See Local Rule 7-10. The Court strikes this document."); *Phu v. Nationstar Mortg. LLC*, No. SACV150285DOCJCGX, 2015 WL 13917998, at *1 (C.D. Cal. Mar. 30, 2015) ("Plaintiff did not seek leave of the Court prior to filing his Surreply. Therefore, the Court GRANTS Defendant's Motion to Strike.").

Wolstenholme already filed his Opposition to the Motion; he is not permitted to file another. Riot respectfully requests that the Court decline to consider and strike the Surreply (Dkt. 110).

DATED: May 2, 2025        MITCHELL SILBERBERG & KNUPP LLP

By: _____
AARON J. MOSS (SBN 190625)
JOSHUA M. GELLER (SBN 295412)
HANNAH G. SHEPHERD (SBN 347611)
Attorneys for Defendant Riot Games, Inc.