Marc Wolstenholme
5 Shetland Close
Coventry, England CV5 7LS
Telephone: 044 7827964404
Email: marc@mwwolf-fiction.co.uk
Plaintiff in Pro Per

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC WOLSTENHOLME,<br>           Plaintiff,<br>vs.<br>RIOT GAMES, INC.,<br>           Defendant | CASE NO. 2:25-CV-00053-FMO-BFM HON.<br><br>*Hon. Fernando M. Olguin*<br><br>DECLARATION OF MARC WOLSTENHOLME<br><br>NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RESPONSES AND FOR SANCTIONS PURSUANT TO FRCP 37;<br><br>REQUEST FOR PROTECTIVE ORDER AGAINST FURTHER HARASSMENT AND BAD FAITH LITIGATION CONDUCT.<br><br>REQUEST FOR FRAUD INVESTIGATION REFERRAL<br><br>Thursday, June 5th, 2025<br>Time: 10:00 am<br>Crtrm: 6D |

Dated this: May 05, 2025

*M.WOLSTENHOLME*
[MARC WOLSTENHOLME]

1

NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RESPONSES AND FOR SANCTIONS

PURSUANT TO FRCP 37;  REQUEST FOR PROTECTIVE ORDER AGAINST FURTHER HARASSMENT

AND BAD FAITH LITIGATION CONDUCT

*This motion is noticed for hearing on Thursday, June 5th, 2025, at 10:00 AM in Courtroom 6D, the same time as Plaintiff's pending Motion to Reassign Magistrate Judge for Cause (Dkt. _125_), to promote judicial efficiency and avoid duplicative proceedings.*

**NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RESPONSES AND FOR SANCTIONS PURSUANT TO FRCP 37;**

**REQUEST FOR PROTECTIVE ORDER AGAINST FURTHER HARASSMENT AND BAD FAITH LITIGATION CONDUCT.**

**REQUEST FOR FRAUD INVESTIGATION REFERRAL**

**TO THE HONORABLE COURT, DEFENDANT, AND ITS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff Marc Wolstenholme, appearing pro se, respectfully moves this Court pursuant to Rule 37(a) and (b) of the Federal Rules of Civil Procedure, as well as L.R. 37-1 and Rule 26(c), for an Order compelling Defendant Riot Games, Inc. to provide full and complete responses to Plaintiff's discovery requests and to meet its obligations under Rule 26(a)(1)(A).

2

Plaintiff further moves for sanctions against Defendant and its counsel based on (1) their refusal to provide responsive discovery, (2) obstruction of the meet and confer process, and (3) repeated harassment and abusive litigation conduct.

This motion is supported by the accompanying memorandum of points and authorities, the Declaration of Marc Wolstenholme, the attached Meet and Confer Chart (Exhibit A), and all papers and records on file in this action.

**REASONS FOR MOTION AND PROTECTIVE ORDER**

This motion is made following Plaintiff's good-faith effort to resolve the matter without court intervention, including a telephonic meet and confer on May 2, 2025, during which Defendant's counsel refused to meaningfully engage, refused to answer material questions, spoke over the Plaintiff, lied to misrepresent what the Plaintiff had said, stated that the Plaintiff should not make motions, then when pressed he stated that not in the way you just said. He also stated that he does not believe anything the Plaintiff says and all of the Plaintiff's evidence isn't evidence. He stated that Riot's community had not harassed the plaintiff, stated that the Plaintiff made up the evidence of the 2023 ticket to Riot Forge, stated that the Plaintiff made up evidence and stated that Riot would not publicly condemn the bomb threats and many other harassing

threats because they do not exist, made many threats, and ultimately terminated the call prematurely.

It was by all means a horrible interaction in which the Plaintiff was forced to shout to stop the rude and malicious behavior of Josh Geller, who began the calls with threats to end the call unless the Plaintiff did this or that. It was clear that the council had no intention to resolve any matter but persisted in causing further harm and to push his own agendas so he could make endless more repetitive and harassing motions.

Because of persistent manipulation and harassment, filthy conduct, endless excuses and lies, The Plaintiff charted a list of outstanding Meet and Confer matters. He also sent a list of questions to document his good filth attempts.

Every question was met with, I don't know, you are wrong, I don't have to do anything, you don't know the law, you can't file a motion. You are making it up, and so on.

The Plaintiff has a well-documented anxiety-based disorder, Riot Games and its council have a documented pattern of lies, threats, harassment, bullying and exhaustive unethical legal tactics designed to further abuse their victims, of which there has been many in just their 20 years of business. Without intervention, more people will be harmed by their abusive behaviors. The Class Action tried to control their antics, abuses and behaviors but babysitting for three years and 100 million dollars is nowhere near enough for a company community founded on abuse, Bro-mancing, a culture of misogyny and relentless IP theft and possibly backed by Black Budgets of military civil fusion.

**KNOWN BULLYING AND ABUSE TACTICS.**

Riot's Legal Team, its wider community and even Settlement Conference discussions have threatened that Riot will be using procedural oppression and abuse to cause harm until they get their own way, which is to say the case dismissed via abuse and bullying. Why is the court entertaining these behaviors without challenge? And why is this well-informed pattern of abusing vulnerable people not being investigated?

The Plaintiff has spoken to people who have previously been involved with Riot's abuse. They stated,

*"I wouldn't doubt it for a second. They will do whatever they can to denounce, delay, dissuade you in any way they can."*

And

*"If you can prevail somehow, that would be awesome! But since they can and do pay for the most rabbit legal council available, the path will be long and frustrating for sure."*

Everyone can see Riot's legal approach for what it is, which is to say bullying and evading and harassing with motions and financial harassment until the cases are dismissed, or the Plaintiff can no longer fight back against the aggressive and damaging filth tactics.

Even their legal approach against IP infringement, Anti-competitive practices and intentional abuse, are steeped in Anti-competitive practices and intentional abuse as well as manipulation of evidence as shown with the Wayback Machine.

5

NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RESPONSES AND FOR SANCTIONS PURSUANT TO FRCP 37;  REQUEST FOR PROTECTIVE ORDER AGAINST FURTHER HARASSMENT AND BAD FAITH LITIGATION CONDUCT

They're fighting the cases not with merit and honesty, but with the very same methods that gave rise to the cases and indeed many other cases in their short but horrendous past. This is not a company who have learned from their mistakes and from the punishment of the class action, but of a company who are unsafe and rotten to the core and need State intervention and serious investigations from The United States House Committee on Foreign Affairs, before more civilians, employees, creatives and even data are abused. Riot Games maybe the most damaging company to ever exist in the Gaming industry and more harm will follow.

Riot has a history of threatening their victims after also abusing them or their work, such as oppressing NDAs, their threats of employment dismissal, their threats to people involved in the class action, their publicly documented threats to many, including the Chronoshift cases and so on. Riot are not a reputable company and have never been safe to hire people without abusing them, let alone to control the sensitive data of many U.S and wider citizens. How can a company of this magnitude of degradation in practices and in morals, who's CEO farts in his hands and asks a female assistant to smell it, and who's CEO has had to flee to France amid sexual harassment allegations, be trusted to not abuse any IP and to not use tactics designed to exhaust and destabilize the Plaintiff. How can they be trusted not to abuse the discovery process, or any process. How can they be trusted not to abuse evidence.

NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RESPONSES AND FOR SANCTIONS PURSUANT TO FRCP 37; REQUEST FOR PROTECTIVE ORDER AGAINST FURTHER HARASSMENT AND BAD FAITH LITIGATION CONDUCT

**STRENGTHENED ARGUMENT – WAYBACK MACHINE AS EVIDENCE OF MANIPULATION, DIVERSION, AND ABUSIVE TACTICS**

Riot Games, through its legal team, has attempted to rely on a selectively captured screenshot from the Wayback Machine (a non-governmental, volunteer-run internet archive) to suggest that Plaintiff's access to the Riot Forge submission portal did not occur within the asserted timeframe. This reliance on a single archived snapshot, of one webpage out of potentially thousands across internal domains Riot controlled, is both misleading and technologically unsound as dispositive evidence.

By contrast, Plaintiff has located and submitted (see attached Exhibit B) the Wayback Machine's capture of the Arcane 10-Year Anniversary Video, a key promotional event for the series, which does not appear in the archive until December 19–20, 2020, despite Riot's claim that Arcane was announced in October 2019 as part of its League of Legends 10-year celebration. If Riot contends that the absence of Forge portal records on the Wayback Machine undermines Plaintiff's claims, then it must also explain how its own flagship Arcane promotional content, apparently widely marketed and circulated, was not captured for over a year.

This inconsistency illustrates a critical and well-established principle: the Wayback Machine is not a definitive or real-time archival tool. It frequently misses content, particularly from dynamic or submission-based sites. As recognized by the court in Martinez v.

7

NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RESPONSES AND FOR SANCTIONS PURSUANT TO FRCP 37;  REQUEST FOR PROTECTIVE ORDER AGAINST FURTHER HARASSMENT AND BAD FAITH LITIGATION CONDUCT

ZoomInfo Techs. Inc., No. 21-cv-5725 (W.D. Wash. Apr. 2023), archive gaps and omissions are common and are not legally dispositive.

Additionally, Plaintiff notes that publication dates on platforms such as YouTube, including Riot's own channels, can be manually altered or masked through internal CMS tools or metadata manipulation. This is increasingly common among major tech and entertainment firms with backend access and distribution controls, and Riot actively seeks hackers for employment.

Therefore, the absence of Forge archive captures proves nothing. Meanwhile, the delayed archival appearance of Riot's own high-profile Arcane marketing video directly undercuts Riot's credibility in offering the Wayback Machine as supposedly definitive proof. If Riot's central promotional assets evaded timely archival capture, then it is entirely reasonable, and indeed expected, that internal submission portals like Forge would evade capture even more completely.

At best, this undermines Riot's timeline. At worst, it suggests that Riot's legal team knowingly presented this evidence in a confidential settlement context to mislead and pressure a self-represented litigant with a known anxiety disorder and who has already made concerns of gaslighting, to withdraw. Tellingly, Riot did not file this evidence on the docket,

8

NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RESPONSES AND FOR SANCTIONS PURSUANT TO FRCP 37; REQUEST FOR PROTECTIVE ORDER AGAINST FURTHER HARASSMENT AND BAD FAITH LITIGATION CONDUCT

where it would be subject to adversarial scrutiny and sanctions for misrepresentation. This raises serious ethical concerns and the possibility of evidence manipulation.

Finally, Plaintiff reiterates that the Riot Forge portal functioned as a semi-private submission tool, not a public-facing marketing site. As such, it would not be indexed or crawled by archive bots in any reliable way. Riot's refusal to produce server-side logs or internal access records, despite discovery requests, only exacerbates these concerns.

This pattern of presenting unverifiable evidence in closed settings, particularly against a pro se Plaintiff with mental health conditions, reflects a broader procedural abuse. If it is ultimately shown that Riot's legal team presented manipulated or knowingly misleading evidence in an attempt to gaslight or coerce the Plaintiff, this could rise to the level of fraud on the court, and could warrant criminal referral, sanctions, or disciplinary action under applicable ethical codes.

**PLAINTIFF SEEKS JUSTICE AND RESOLUTION; DEFENDANT SEEKS TO OBSTRUCT AND SUPPRESS**

The Plaintiff respectfully reiterates that he is not here to delay or complicate the proceedings, but to pursue justice through proper process, discovery, and adjudication of the claims on their merits. Plaintiff has made repeated efforts to cooperate with Defendant, participate in discovery, and clarify the record, including through formal filings, meet and confer efforts, and supplemental evidentiary declarations. Plaintiff's sole objective is to ensure that the factual and legal questions in this case are resolved transparently and fairly.

In stark contrast, Defendant Riot Games, Inc. has adopted a strategy designed to obstruct, suppress, and avoid meaningful litigation. Rather than responding to discovery, Defendant has:

Refused to answer key interrogatories and produce basic documents concerning the development timeline, internal communications, and submission systems at the heart of this case;

Sought to bifurcate discovery, delaying access-related evidence until after a threshold ruling that would effectively cut off Plaintiff's claims;

Attempted to restrict Plaintiff's access to the electronic case filing (ECF) system, an extraordinary step intended to block Plaintiff from filing timely and accurate submissions;

And most egregiously, demanded that Plaintiff post a $100,000 bond, an amount wholly disproportionate to his means, clearly intended to chill access to the courts and suppress legitimate litigation.

And misused a Settlement Conference in a wholly disturbing and abusive manner which needs to be investigated, during which the Plaintiff was directly told that Riot intended to, and will, abuse and bully until they win.

Taken together, these tactics reflect not a good-faith defense, but a calculated effort to deny Plaintiff a fair hearing by exhausting his resources, destabilizing his participation, and erecting procedural roadblocks.

Plaintiff therefore respectfully requests that this Court recognize and address these patterns as part of its determination on the relief sought.

11

NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RESPONSES AND FOR SANCTIONS PURSUANT TO FRCP 37;  REQUEST FOR PROTECTIVE ORDER AGAINST FURTHER HARASSMENT AND BAD FAITH LITIGATION CONDUCT

**REQUEST FOR FRAUD INVESTIGATION REFERRAL**

Plaintiff respectfully requests that this Court consider, in addition to civil sanctions, a referral to appropriate federal or state authorities, including the U.S. Attorney's Office, Department of Justice, California Civil Rights Department, or relevant State Bar, for investigation into potential criminal misconduct by Defendant Riot Games, Inc. and its legal representatives.

Specifically, Plaintiff raises serious and well-supported concerns of:

Fraud on the court, under federal standards (see Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944));

Presentation of manipulated or misleading evidence during confidential proceedings, including apparent misuse of the Wayback Machine to obscure critical timeline facts;

Concealment of responsive records, and refusal to disclose known internal documents central to the issue of access and manuscript submission;

A coordinated pattern of procedural obstruction and psychological pressure, designed not to litigate the merits but to exhaust, destabilize, and silence a pro se Plaintiff with documented vulnerabilities.

Plaintiff notes that these concerns are not hypothetical: Riot's legal team has repeatedly stonewalled good faith meet-and-confer efforts, dismissed all attempts at procedural resolution, and knowingly misrepresented key facts in confidential settings, all while denying documented harassment that has been public and ongoing for years. To date, Defendant has offered no credible evidence rebutting Plaintiff's claims beyond a single piece of manipulated web archive content, the timing and authenticity of which are now seriously in question.

Where parties systematically deploy litigation power not to pursue justice, but to evade it through gamesmanship, deception, and manipulation of process, judicial authority is insufficient to address the harm alone. Plaintiff therefore urges the Court to take the extraordinary, but justified, step of referring these matters for independent investigation, to uphold the integrity of the judicial process and protect other vulnerable litigants from similar abuse.

Plaintiff makes this request with full awareness of its gravity, and only after years of documented, escalating misconduct that now appears to rise to the level of intentional fraud and coordinated abuse. Riot have not made any attempts at all to address these cases on their merits but continue to misused the court and Riot's power and money to violate the Plaintiff and these cases to the bone, with seemingly impunity as they tip-toe along the line of the perception of legality whilst everyone knows they are playing games with the court and with the health and wellbeing of their endless victims.

NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RESPONSES AND FOR SANCTIONS PURSUANT TO FRCP 37;  REQUEST FOR PROTECTIVE ORDER AGAINST FURTHER HARASSMENT AND BAD FAITH LITIGATION CONDUCT

**RELIEF REQUESTED:**

1, An order compelling Defendant Riot Games, Inc. to fully comply with its obligations under Federal Rule of Civil Procedure 26(a)(1)(A) by producing complete and accurate initial disclosures, including identification of relevant individuals, documents, and electronically stored information. Plaintiff does not feel safe to attend the May 15th hearing with the same Magistrate Judge.

2, An order compelling Defendant to provide full and complete responses to Plaintiff's outstanding discovery requests, including but not limited to:

a. Interrogatories identifying all persons involved in reviewing submissions through Riot Forge from 2019 to 2022;

b. Documents and server logs showing submission history, IP logs, and metadata for the Riot Forge portal;

c. All communications, documents, and records involving Plaintiff's submitted manuscript or the keywords "Bloodborg," "M.W. Wolf," or codewords or variations thereof;

d. Any internal Riot documentation showing the development timeline for Arcane, including script drafts, production calendars, and hiring records from 2018 to 2022.

3, An order permitting a neutral, court-supervised forensic examination of Riot's developer submission servers and content management systems, limited to metadata and log verification relevant to Plaintiff's submission and access claims.

4, Sanctions against Defendant and/or its counsel under Federal Rule of Civil Procedure 37(b) for failure to meaningfully participate in discovery and for obstruction during meet and confer efforts, including the unreasonable refusal to answer basic procedural questions.

5, A protective order under Federal Rule of Civil Procedure 26(c), barring further harassment and misconduct in communications or discovery interactions by Defendant's counsel, and requiring that future meet and confer efforts occur either in writing or under Court supervision to preserve the integrity of the record.

6, An order permitting Plaintiff to re-raise the issue of Defendant's litigation conduct if new evidence of manipulation, destruction of records, or retaliation emerges, with expedited briefing on additional sanctions or evidentiary relief.

7, A referral to appropriate authorities (e.g., DOJ, U.S. Attorney's Office, State Bar) to investigate potential fraud on the court and manipulation of evidence if warranted by

factual findings regarding the use of the Wayback Machine, concealed submissions, or misrepresentations to the Plaintiff during confidential proceedings.

8, An order compelling Riot Games to disclose any communications, contracts, discovery, or litigation holds issued to or involving United Talent Agency (UTA), Curtis Brown Group (CBG), Jonny Geller, or Felicity Blunt, in connection with the development of Arcane or any potential access routes to Plaintiff's manuscript, and to identify whether these individuals or entities have been notified of their central relevance to this litigation.

9, Any further relief the Court deems just and proper to ensure fair and transparent litigation, especially in light of the Plaintiff's status as a self-represented party facing a highly resourced corporate defendant.

16

NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RESPONSES AND FOR SANCTIONS PURSUANT TO FRCP 37; REQUEST FOR PROTECTIVE ORDER AGAINST FURTHER HARASSMENT AND BAD FAITH LITIGATION CONDUCT

**Declaration of Authenticity:**

I, Marc Wolstenholme, declare under penalty of perjury that the statements made are true and accurate

Executed on May 05, 2025, in Coventry, England.

Respectfully submitted,

Signature: *M.WOLSTENHOLME*

Marc Wolstenholme

Plaintiff in Pro Per

5 Shetland Close

Coventry, England CV5 7LS

marc@mwwolf-fiction.co.uk

NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RESPONSES AND FOR SANCTIONS PURSUANT TO FRCP 37; REQUEST FOR PROTECTIVE ORDER AGAINST FURTHER HARASSMENT AND BAD FAITH LITIGATION CONDUCT